No. 26-3553

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

_____

TED ENTERTAINMENT, INC.

*Plaintiff-Appellee,*

v.

DOE DEFENDANTS,

*Defendants-Appellants.*

Appeal From Order Denying Motion to Quash Or, In The Alternative, Protective Order
Issued April 29, 2026

Hon. Sallie Kim
Northern District of California Case No. 3:25-mc-80296-SK
Hon. Sallie Kim

_____

## DOE DEFENDANTS-APPELLANTS' RESPONSE TO PLAINTIFF-RESPONDENT TED ENTERTAINMENT, INC.'S MOTION TO DISMISS FOR LACK OF JURISDICTION

_____

Karl S. Kronenberger
Jeffrey M. Rosenfeld
Leah Rosa Vulić
KRONENBERGER ROSENFELD, LLP
548 Market St. #85399
San Francisco, CA 94104
(415) 955-1155

karl@kr.law
jeff@kr.law
leah@kr.law

*Attorneys for Defendants-Appellants*
*Doe Defendants*

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................1

FACTUAL BACKGROUND AND PROCEDURAL POSTURE ........................2

I.     TEI, the H3 Show, and the H3Snark Subreddit ......................................2

II.    TEI's Three Lawsuits and the Subpoenas .................................................3

III.   Does' Motion to Quash through the Miscellaneous Civil Action (NDCA) ........................................................................................................4

IV.    The Order..................................................................................................5

V.     Does' Appeal and Petition for Writ of Mandamus ..................................6

VI.    The Dismissal and Judgment in the Denims Action ................................6

ARGUMENT ............................................................................................................7

I.     The Order is an appealable final order under Section 636(c)(3) and Section 1291. ..............................................................................................7

A. The Order is a final order of a magistrate judge with consent and special designation. ...........................................................................8

B. The authorities TEI cites do not compel a different result................11

II.    The *Perlman* exception supplies jurisdiction. .......................................13

III.   Alternatively, the Order is appealable as a collateral order. ..................16

IV.    The Denims Action is now closed, so the Order is final.........................20

CONCLUSION ......................................................................................................20

i

ii

CERTIFICATE OF COMPLIANCE ..................................................................24

CERTIFICATE OF SERVICE ...........................................................................25

# TABLE OF AUTHORITIES

## Cases

*Am. Exp. Warehousing, Ltd. v. Transamerica Ins. Co.*,
  380 F.2d 277 (2d Cir. 1967) .......................................................................... 11

*Ashker v. Newsom*,
  968 F.3d 975 (9th Cir. 2020) ........................................................................... 9

*Cognosphere Pte. Ltd. v. X Corp.*,
  No. 23-MC-80294-PHK, 2024 WL 4227594 (N.D. Cal. Sept. 18, 2024) ........... 16

*Cohen v. Beneficial Indus. Loan Corp.*,
  337 U.S. 541 (1949) ............................................................................ 2, 12, 16

*CPC Pat. Techs. Pty Ltd. v. Apple Inc.*,
  119 F.4th 1126 (9th Cir. 2024) ...................................................................... 12

*Garraway v. Ciufo*,
  113 F.4th 1210 (9th Cir. 2024) ................................................................. 18, 19

*Gopher Media LLC v. Melone*,
  154 F.4th 696 (9th Cir. 2025) ............................................................. 17, 18, 19

*In re Anonymous Online Speakers*,
  661 F.3d 1168 (9th Cir. 2011) ........................................................................ 16

*In re Grand Jury Investigation*,
  966 F.3d 991 (9th Cir. 2020) ..................................................................... 13, 15

*In re Optical Disk Drive Antitrust Litig.*,
  801 F.3d 1072 (9th Cir. 2015) ........................................................................ 14

*Johnson v. Jones*,
  515 U.S. 304 (1995) ...................................................................................... 17

*Koby v. ARS Nat'l Servs., Inc.*,
  846 F.3d 1071 (9th Cir. 2017) .......................................................................... 9

*Kofoed v. Int'l Bhd. of Elec. Workers, Loc. 48*,
  237 F.3d 1001 (9th Cir. 2001) .......................................................................... 9

*Lauro Lines S.R.L. v. Chasser*,
  490 U.S. 495 (1989) ...................................................................................... 18

*Matter of Establishment Inspection of Skil Corp.*,
  846 F.2d 1127 (7th Cir. 1988) ........................................................................ 13

*McIntyre v. Ohio Elections Comm'n*,
  514 U.S. 334 (1995) ................................................................................. 16, 19

*Mitchell v. Forsyth*,
  472 U.S. 511 (1985) ................................................................................. 17, 18

*Mohawk Indus., Inc. v. Carpenter*,
  558 U.S. 100 (2009) ...................................................................................... 12

iii

*NAACP v. Alabama ex rel. Patterson*,
  357 U.S. 449 (1958) ............................................................ 20
*Parsons v. Ryan*,
  912 F.3d 486 (9th Cir. 2018)................................................... 9
*Perlman v. United States*,
  247 U.S. 7 (1918) ...................................................... 1, 13, 14
*Perry v. Schwarzenegger*,
  591 F.3d 1147 (9th Cir. 2010)........................................ 7, 11, 14, 15
*Prater v. Dep't of Corr.*,
  76 F.4th 184 (3d Cir. 2023)................................................... 8
*Premium Serv. Corp. v. Sperry & Hutchinson Co.*,
  511 F.2d 225 (9th Cir. 1975)................................................. 13
*Roell v. Withrow*,
  538 U.S. 580 (2003) ......................................................... 9
*Snodgrass v. Provident Life & Acc. Ins. Co.*,
  147 F.3d 1163 (9th Cir. 1998)............................................... 13
*Swint v. Chambers County Comm'n*,
  514 U.S. 35 (1995) ......................................................... 12
*United States v. Austin*,
  416 F.3d 1016 (9th Cir. 2005)................................................ 7
*United States v. Griffin*,
  440 F.3d 1138 (9th Cir. 2006)............................................... 13
*United States v. Krane*,
  625 F.3d 568 (9th Cir. 2010)................................................. 7
*United States v. Ryan*,
  402 U.S. 530 (1971) ..................................................... 13, 14
*Washington v. Kijakazi*,
  72 F.4th 1029 (9th Cir. 2023) .............................................. 10

## Statutes

28 U.S.C. 1291 ........................................................Passim
28 U.S.C. §636.............................................................. 9
28 U.S.C. §636(c) .................................................... 7, 8, 9, 11
28 U.S.C. §636(c)(1)........................................................ 8
28 U.S.C. §636(c)(1), (3) ............................................. 1, 8, 13
28 U.S.C. §636(c)(3)................................................. 7, 8, 9, 11
Cal. Civ. Proc. Code §425.16(b)(1) ........................................ 17

iv

## Rules

Fed. R. App. P. 28(j) ........................................................................... 6
Fed. R. Civ. P. 45(c)(2)(A) .................................................................. 4
Fed. R. Civ. P. 45(d)(3)(A) .................................................................. 4
Fed. R. App. P. 73(b) .......................................................................... 9
Fed. R. Evid. 501 ............................................................................... 15
FRAP 27(d) ........................................................................................ 22
FRAP 27(a)(2)(B) ............................................................................... 22
FRAP 27(d)(1)(D–E) .......................................................................... 22
FRAP 32(a)(5)–(6) .............................................................................. 22
Ninth Circuit Rule 27-1(1)(d) ............................................................. 22

## Other Authorities

15B Fed. Prac. & Proc. Juris. §3914.23 (3d ed.) ...................................... 11

Appellants/Defendants Does ("Does") submit this response to Plaintiff/Respondent Ted Entertainment, Inc. ("TEI")'s motion to dismiss Does' appeal ("Appeal") for lack of jurisdiction ("Motion" or "Mot.").

## INTRODUCTION

The Ninth Circuit has jurisdiction of this appeal on multiple grounds.[1]

**First**, the district court's Order Denying Does' Motion to Quash ("Order") is immediately appealable because it satisfies 28 U.S.C. 1291's finality requirement. Pursuant to 28 U.S.C. §636(c)(1), (3), both parties consented to the jurisdiction of the specially designated magistrate judge for all purposes, including entry of a final order, *and* immediate appeal to the Ninth Circuit. The Order resolved all issues presented in the motion to quash and ended the stand-alone Miscellaneous Action, leaving no further judicial actions for the district court to take. The Order is thus final.

**Second**, the Order is appealable pursuant to the U.S. Supreme Court rule articulated in *Perlman v. United States*, 247 U.S. 7 (1918). The Order compels the production of Does' privileged information from third-party custodians with no

---

[1] Does' concurrent petition for writ of mandamus does not prohibit this Court's jurisdiction over Does' *direct* appeal. TEI argues Does' "right to appeal" is preserved with the Mandamus Petition, yet TEI filed an answer asserting mandamus relief is unavailable, and it continues to weaponize the Order against Does and the named defendants in its lawsuits, as explained in the Vulić Decl. ¶¶21-23 & Ex. 26. Appellate relief is both available and necessary.

1

stake in the matter and therefore no incentive to refuse the production, and risk contempt, solely to create a final appealable order. Under *Perlman*, the privilege holder in such situations is entitled to an immediate appeal because review after final judgment would be futile; the irreparable harm of disclosure in violation of the privilege holders' rights is irrevocable.

**Third**, the Order is appealable under the collateral order doctrine; all three conditions required by *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949), are met. The Order conclusively determined the disputed question, which TEI does not contest. The Order addresses Does' rights to remain anonymous, which is a critical First Amendment issue completely separate from the merits of the underlying contributory copyright infringement question. And the Order is effectively unreviewable after a final judgment because once Does' identities are disclosed to TEI, they cannot be taken back.

The Order is squarely within the limited categories of interlocutory orders that the Legislature and the Supreme Court determined require immediate appellate jurisdiction. TEI fails to defeat their mandates, and the Motion must be denied.

## FACTUAL BACKGROUND AND PROCEDURAL POSTURE

### I.     TEI, the H3 Show, and the H3Snark Subreddit

TEI hosts a podcast on YouTube titled the "H3 Show" in which TEI's principals, Ethan and Hila Klein, frequently discuss politics and happenings within

2

the online content community. (RBN Decl. Ex. 6, p. 3.) When some followers became critical of their content, TEI banned or effectively silenced dissenters from commenting on their show. (RBN Decl. Ex. 6, p. 4.) As a result, a subreddit called "H3Snark" (the "H3Snark Subreddit") emerged on the Reddit platform. (RBN Decl. Ex. 6, pp. 3-4; Vulić Decl. ¶2.) The H3Snark Subreddit became a safe space for anonymous criticism of TEI, the H3 Show, and its principals, as well as political topics. (RBN Decl. Ex. 6, pp. 3-4.) Ethan, especially, and Hila Klein often express disdain and even hatred for their critics. (RBN Decl. Ex. 6, p. 11.) The Kleins have voiced their intent to "annihilate" Does, "destroy [Does'] lives," and make them "lose everything that they care about"; and have stated "[w]e're going to get your IP address and find your information." (RBN Decl. Ex. 6, p. 11.)

## II.     TEI's Three Lawsuits and the Subpoenas

On June 19, 2025, TEI filed three nearly identical lawsuits, alleging direct copyright infringement against certain named defendants, and contributory copyright infringement against Does 1-10, described in the complaints as moderators of the H3Snark Subreddit.[2] (Mot. at 3; Vulić Decl. ¶2) TEI's lawsuits allege that the named defendants (all fellow content creators like Ethan and Hila

---

[2] (1) *Ted Entertainment, Inc. v. Saber et al.* (C.D. Cal. Case No. 2:25-cv-05564-WLH-PD) (the "Denims Action"); Motion at p. 3.

Klein) committed direct copyright infringement via their "reaction videos" to a video published by TEI on YouTube, titled *Content Nuke: Hasan Piker* ("*Nuke*").[3]

In the Denims Action, the named defendant, Denims, stipulated with TEI to the service of subpoenas on Reddit, Inc. ("Reddit") and Discord, Inc. ("Discord")[4] ("Subpoenas") for Does' identifying information ("Stipulation"). (RBN Decl. Ex. 4.) The Stipulation was entered by the CDCA court with no apparent review or consideration of the requisite legal standards to disclose identifying information for anonymous speakers.[5] (RBN Decl. Ex. 5.)

## III.    Does' Motion to Quash through the Miscellaneous Civil Action (NDCA)

To prevent disclosure of their identifying information from being revealed to TEI, Does filed a motion to quash TEI's Subpoenas ("MTQ") in a miscellaneous civil action they opened in the NDCA ("Miscellaneous Action").[6] (Mot. at 4; RBN

---

[3] In the Denims Action, TEI also alleged the defendants infringed one of their regular podcast episodes leading up to the release of *Nuke*, "The H3 Show #105: Countdown to Doomsday" ("*Countdown*"). (RBN Decl. Ex. 1.)

[4] TEI did not explain how information about accounts on Discord, an entirely separate online communications platform, would identify Doe defendants who were *Reddit* moderators. (*See* RBN Decl. Ex. 4, Ex. 6 at p. 9.)

[5] In addition to identifying information, the subpoenas sought Does' private communications and asked for information about people who were not H3Snark Subreddit moderators. (RBN Decl. Ex. 4, Ex. 6 at p. 9; Vulić Decl. ¶7 & fn. 1.)

[6] Pursuant to Fed. R. Civ. P. 45(d)(3)(A), Does filed the MTQ in the district where compliance was required, *i.e.*, where Reddit and Discord reside, Fed. R. Civ. P. 45(c)(2)(A). Consistent with that rule, NDCA requires "Motion[s] Related to Subpoena from Other District (i.e., to quash, modify, enforce, compel, obtain

4

Decl. Ex. 6.) Per the NDCA's General Order 44, the Miscellaneous Action was initially assigned to a magistrate judge for all purposes. (Mot. at 4; Vulić Decl. Ex. 9.) Thereafter, Does and TEI filed consents to the magistrate judge's jurisdiction for all purposes, including final judgment. (Vulić Decl. Exs. 11-12.)

In their MTQ, Does argued that TEI had not and could not state a viable contributory copyright infringement claim, including because both Does' and Denims' use was fair, and that the balance of harms and public interest required preserving Does' anonymity; in the alternative, they requested a narrowly tailored protective order limiting any disclosure of identifying information to the court only. (RBN Decl. Ex. 6.) TEI opposed the motion, arguing it had made a prima facie showing of its claim, it needed Does' identities to pursue the claim, and no protective order was warranted. (Vulić Decl. Ex. 13.) After a hearing, the NDCA magistrate judge issued the Order that is the subject of this Appeal. (Vulić Decl. ¶10; RBN Decl. Ex. 7.)

## IV. The Order

The Order denied Does' MTQ. (RBN Decl. Ex. 7.) It also denied Does'

---

protective order, etc.)" to be filed as civil miscellaneous case-initiating documents. See N.D. Cal., "Attorneys Required to File New Civil Miscellaneous Cases Electronically," https://cand.uscourts.gov/attorneys/e-filing/.

request for a protective order (and for attorney's fees), stating Does "should seek relief from the [CDCA]." (*Id.* at p. 11.)

## V.      Does' Appeal and Petition for Writ of Mandamus

On May 29, 2026, Does filed both the instant Appeal and a protective Petition for Writ of Mandamus, Ninth Cir. Case No. 26-3513 ("Mandamus Petition"). (Vulić Decl. ¶11 & Exs. 14, 15.) On July 3, 2026, TEI filed this Motion to dismiss the Appeal for lack of jurisdiction. D.E. 11.1.

On July 8, 2026, this Court directed TEI to answer the Mandamus Petition, and invited the NDCA to respond, if it chose. (Vulić Decl. Ex. 24.) TEI filed its Answer on July 22, arguing denial of mandamus relief. (Vulić Decl. Ex. 25.) On July 29, 2026, Does filed a Reply in support of the petition. (Vulić Decl. ¶20.)

## VI.     The Dismissal and Judgment in the Denims Action

Meanwhile, the Denims Action continued in the CDCA. On April 17, 2026, Denims filed a motion for partial judgment on the pleadings ("MPJOP"), defending her reaction video to *Nuke* as fair use. (Vulić Decl. ¶12.) On July 1, 2026, before TEI filed its Motion, the CDCA granted Denims' MPJOP, holding that Denims' reaction stream was fair use of the *Nuke* video ("Denims Order").[7]

---

[7] Does filed a Fed. R. App. P. 28(j) letter in both the instant appeal and the Mandamus Petition the same day, notifying this Court of the Denims Order. (Vulić Decl. ¶14 & Exs. 18, 19.)

6

(Vulić Decl. Ex. 17.)

On July 6, 2026, TEI and Denims filed a stipulation to dismiss TEI's other claim as to *Countdown* without prejudice, specifically stating the dismissal was so TEI could appeal the Denims Order. (Vulić Decl. Ex. 20.) The CDCA entered the stipulation on July 13, 2026, and entered a judgment in favor of Denims and against TEI the same day ("Denims Judgment"). (Vulić Decl. Ex. 21.) That case is now **closed**. (Vulić Decl. Exs. 21, 23.)

## ARGUMENT[8]

**I.     The Order is an appealable final order under Section 636(c)(3) and Section 1291.**

Despite Does outlining the 28 U.S.C. §636(c) ("Section 636(c)") basis for appellate jurisdiction in their Notice of Appeal (*see* Vulić Decl. Ex. 14.), TEI skirts

---

[8] An appellant may present alternative theories of appellate jurisdiction. *See, e.g., United States v. Austin*, 416 F.3d 1016, 1019 (9th Cir. 2005) (accepting and analyzing three alternative theories of appellate jurisdiction); *United States v. Krane*, 625 F.3d 568, 572 (9th Cir. 2010) (considering *Perlman* and *Cohen* as distinct doctrines). To the extent any of Does' bases for appellate jurisdiction require "no adequate alternative relief" as an element of the jurisdictional basis, it is acceptable that Does pursue every route possible, as alternative relief, in the event one of the courses of action for appellate review does not hold.

Further, Does' filing of a direct appeal with a concurrent protective mandamus petition is an appropriate practice, as recognized by *Perry v. Schwarzenegger*, 591 F.3d 1147, 1152, 1154 (9th Cir. 2010).

7

the point in its Motion. But a review of applicable authorities shows that the Order is final and appealable under 28 U.S.C. §636(c)(1), (3) just as under 28 U.S.C. §1291 ("Section 1291"): "§636(c) finality equals §1291 finality." *Prater v. Dep't of Corr.*, 76 F.4th 184, 197 (3d Cir. 2023).

**A.      The Order is a final order of a magistrate judge with consent and special designation.**

Under Section 1291, all "final decisions" of U.S. district courts are appealable to federal appellate courts. *See* 28 U.S.C. §1291 (inapplicable exceptions not mentioned). These include final decisions by magistrate judges pursuant to Sections 636(c)(1) and (3). Section 636(c)(1) provides that, upon consent of the parties, a full-time magistrate judge may conduct any or all proceedings in a civil matter and **order the entry of judgment** in the case, when specially designated to exercise such jurisdiction by the district court served. (Emphasis added.) Section 636(c)(3), in turn, provides that, "[u]pon entry of judgment in any case referred under [subd. (c)(1)], an aggrieved party may appeal **directly to the appropriate United States court of appeals** from the judgment of the magistrate judge in the same manner as an appeal from any other judgment of a district court." (Emphasis added.) Construing Section 636(c), the Supreme Court has declared: "[a] judgment entered by a magistrate judge designated to exercise civil jurisdiction under [§636(c)(1)] is to be treated as a final judgment of the district court, appealable in the same manner

8

as an appeal from any other judgment of a district court." *Roell v. Withrow*, 538 U.S. 580, 585 (2003) (quoting 28 U.S.C. §636(c)(3)). The Ninth Circuit has also held that Section 636 triggers its appellate jurisdiction when the magistrate judge had authority to enter final judgment under §636(c). *See Koby v. ARS Nat'l Servs., Inc.*, 846 F.3d 1071, 1075-76 (9th Cir. 2017).

Thus, a magistrate judge's order is **final** for purposes of appeal when: "(1) the parties consent[ed] to the magistrate judge's authority; and (2) the district court specially designate[d] the magistrate judge to exercise jurisdiction." *Ashker v. Newsom*, 968 F.3d 975, 981-82 (9th Cir. 2020) (emphasis added); *Parsons v. Ryan*, 912 F.3d 486, 495 (9th Cir. 2018).

As to the first requirement, "[w]hile § 636(c) does not specify the precise form or timing of the parties' consent, we require that the record reflect the parties' 'clear and unambiguous expression of consent' in order to protect the voluntariness of consent." *Kofoed v. Int'l Bhd. of Elec. Workers, Loc. 48*, 237 F.3d 1001, 1004 (9th Cir. 2001). Federal Rule of Civil Procedure 73(b) requires that the clerk give written notice of parties' opportunity to consent under 28 U.S.C. §636(c), and that the parties execute and file a written consent form for the same reason. *See Kofoed*, 237 F.3d at 1004. Here, both parties to the Miscellaneous Action (TEI and Does) received notice of assignment to the magistrate judge for all purposes. (Vulić Decl. Ex. 10.) And both consented by signing the district court's "Consent or Declination

9

to Magistrate Judge Jurisdiction Form," including: I understand that *appeal* from the judgment *shall be taken directly to the United States Court of Appeals for the Ninth Circuit*. (Vulić Decl. ¶6, Exs. 11, 12 (emphasis added).)

Regarding the second requirement, the Ninth Circuit has held that General Orders of a district court satisfy the "special designation" criterion. *See Washington v. Kijakazi*, 72 F.4th 1029, 1040-41 (9th Cir. 2023) (holding a district court's General Orders of assignments of cases to magistrate judges constituted special designation). The magistrate judge in the Miscellaneous Action was specially designated pursuant to NDCA's General Order 44, entered January 1, 2018, in effect at the time the Miscellaneous Action was filed. (Vulić Decl. Ex. 9.)[9] The Order disposed of the sole issue presented in Does' Miscellaneous Action, *i.e.*, whether the Subpoenas should be quashed, and Does' request for a protective order. (RBN Decl. Ex. 7.) Indeed, the Order directed: "[t]o the extent that the parties have further concerns about disclosure of information about the Doe Defendants, the parties should seek relief from the Central District of California."

---

[9] General Order 44(E)(3) mandated that:
> Upon filing…all civil miscellaneous matters will be randomly assigned in first instance to a magistrate judge who will either **resolve the matter** or, if necessary, prepare a report and recommendation and request assignment of the matter to the district judge who was the general duty judge on the date the miscellaneous matter was filed.

(Vulić Decl. Ex. 9 (emphasis added).)

10

(RBN Decl. Ex. 7.) Having been entered under proper authority by the magistrate judge under Section 636(c)(3), the Order is a final order under Section 1291, and this Court has appellate jurisdiction.

### B. The authorities TEI cites do not compel a different result.

Instead of addressing Does' Section 636(c) arguments, TEI argues that the Order is not appealable because it addresses a discovery matter and it did not end the Denims Action. (Mot. at 6-10.) Neither supports a lack of appellate jurisdiction.

First, discovery orders are *generally* not appealable because they *generally* do not cause irreparable harm. Typically, discovery orders can be remedied on appeal *after* a final judgment with no consequential (irreparable) harm. *See* Orders Prior to Trial—Discovery Orders, 15B Fed. Prac. & Proc. Juris. §3914.23 (3d ed.); *Am. Exp. Warehousing, Ltd. v. Transamerica Ins. Co.*, 380 F.2d 277, 280 (2d Cir. 1967) (describing the rationale of unappealability of discovery orders, noting the "absence of irreparable harm from the vast majority of orders requiring production of documents"). Not so here. The Order's errors cannot be corrected on final merits appeals. The discovery of Does' identities that TEI seeks, if granted, cannot be remedied on a final appeal after judgment of liability; the loss of their First Amendment rights is irreversible, *see Perry v. Schwarzenegger*, 591 F.3d 1147, 1157 (9th Cir. 2010), and the threats and risk of harm to Does' physical, mental, and emotional well-being, as well as their livelihoods (specifically threatened by

11

TEI) would be irreparable (*see* RBN Decl. Ex. 6, p. 11). [10]

Second, discovery orders are *generally* not appealable because they are *generally* not final. *CPC Pat. Techs. Pty Ltd. v. Apple Inc.*, 119 F.4th 1126, 1131 (9th Cir. 2024) ("Usually, discovery orders are not appealable because they are interlocutory, merely one chapter in a broader litigation that culminates in an eventual final judgment."). Also not so here. "A 'final decision[n]' is typically one 'by which a district court disassociates itself from a case.'" *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (quoting *Swint v. Chambers County Comm'n*, 514 U.S. 35 (1995)). And the Supreme Court "'has long given' § 1291 a 'practical rather than a technical construction.'" *Mohawk Indus., Inc.*, 558 U.S. at 106 (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)). [11] Here, the Order terminated the stand-alone Miscellaneous Action. The Order left nothing for the magistrate judge to decide or to do. (RBN Decl. Ex. 7.) For purposes of finality of the Order in the Miscellaneous Action, whether the Denims Action was

---

[10] Does have not filed an emergency motion to stay enforcement of the Order/Subpoenas because TEI has agreed to voluntarily not seek enforcement of the Subpoenas at the current time. (Vulić Decl. ¶24.) However, should TEI change its position, Does remain poised to file such an emergency motion.

[11] *Cohen* further holds that the effect of §1291 is to disallow appeal from any decision which is tentative, informal, or incomplete. 337 U.S. at 546. The Order here is none of these.

concluded or not is irrelevant.[12] The Miscellaneous Action was over and NDCA explicitly disassociated itself from the action. (*See* RBN Decl. Ex. 7.).[13]

Thus, the Order is immediately appealable to the Ninth Circuit as a final decision under Sections 636(c)(1), (3) and 1291.

## II.     The *Perlman* exception supplies jurisdiction.

Under the Supreme Court's decision in *Perlman*, a privilege holder can immediately appeal an order that requires a disinterested third party to produce the holder's privileged material when the third party will likely comply rather than risk contempt. *Perlman*, 247 U.S. at 7; *see United States v. Griffin*, 440 F.3d 1138, 1143 (9th Cir. 2006) (same). A claim of privilege is essential to a *Perlman* appeal. *In re Grand Jury Investigation*, 966 F.3d 991, 998 (9th Cir. 2020).

The rationale is structural: the normal mechanism for obtaining appellate review of a discovery order is to defy it, be held in contempt, and then appeal the contempt citation. *See United States v. Ryan*, 402 U.S. 530, 533 (1971). But where

---

[12] Moreover, the Denims Action is now concluded. (Vulić Decl. ¶17 & Exs. 22, 23.)

[13] Indeed, multiple authorities support the conclusion that an order terminating a stand-alone miscellaneous proceeding where the court "retain[s] nothing of the matter on the federal court's docket" is appealable. *See Snodgrass v. Provident Life & Acc. Ins. Co.*, 147 F.3d 1163, 1166 (9th Cir. 1998); *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 228-29 (9th Cir. 1975); *Matter of Establishment Inspection of Skil Corp.*, 846 F.2d 1127, 1129 (7th Cir. 1988) ("The last order in a proceeding is a final decision appealable under 28 U.S.C. § 1291… even if it is ancillary to a proceeding in another forum.").

the order is directed not at the privilege holder but at a third-party custodian, the privilege holder cannot defy the order because it is not directed at them, and the third party cannot be expected to risk contempt on the privilege holder's behalf. *See In re Optical Disk Drive Antitrust Litig.*, 801 F.3d 1072, 1076 (9th Cir. 2015). The privilege holder is thus "powerless to avert the mischief of the order." *Perlman*, 247 U.S. at 13. This exception has been applied in the limited class of cases where denial of immediate review would render impossible any review whatsoever of an individual's claims. *See United States v. Ryan*, 402 U.S. 530, 532-33 (1971). As such, under *Perlman*, a privilege holder who is not the custodian from whom information is sought may immediately appeal a decision requiring the disclosure of the privileged information.

The exception applies here. Does hold a First Amendment privilege in their anonymous speech, *i.e.*, creating and operating the contested Subreddit and discussion threads, *see Perry*, 591 F.3d at 1160, and the Subpoenas seek their identities, causing irreversible destruction of their right to anonymous speech. Indeed, Does' and other Reddit users' speech has already been silenced. In response to the TEI lawsuits, Does immediately shut down the H3Snark Subreddits disliked by the Kleins. (Vulic Decl. Ex. 15, p. 12.) Does cannot defy the Order themselves, because the Subpoenas are directed to disinterested third parties, Reddit and Discord; Reddit and Discord have no stake in Does' interest and cannot be

14

expected to risk contempt on Does' behalf. Thus, Does are powerless to avert the mischief of the Order. Delaying review would foreclose it entirely: once the Does are unmasked, anonymity cannot be restored, and no post-judgment appeal can undo that harm. *See Perry*, 591 F.3d at 1158.

TEI offers two arguments against the *Perlman* exception. Both fail.

First, TEI argues that the exception does not apply because there is no federal evidentiary privilege attached to Does' identities under Fed. R. Evid. 501. (Mot. at 16.) However, a "privilege" under the *Perlman* exception is not confined to a federal evidentiary privilege; a constitutional privilege, as in *Perlman* itself, suffices. *See In re Grand Jury Investigation*, 966 F.3d 991, 996 (9th Cir. 2020) (assembling types of privileges which have qualified). Further, the Ninth Circuit has held that: "A party who objects to a discovery request as an infringement of the party's First Amendment rights is in essence asserting a First Amendment *privilege*." 591 F.3d at 1160 (emphasis in original). Thus, there is a claim of privilege.

Second, TEI argues that because Does voluntarily supplied their identifying information to Reddit and Discord, the information is not privileged. (Mot. at 16-17.)[14] This theory is contradicted by binding federal authority holding that

---

[14] TEI cites to an unpublished NDCA opinion that did ***not*** adopt this argument, but merely acknowledged that the plaintiff had asserted it ("there is an *argument* that this account holder information is not itself the subject of First Amendment

anonymous speech is protected by the First Amendment privilege, precisely

*because* it was made anonymously. *See In re Anonymous Online Speakers*, 661

F.3d 1168, 1172-73 (9th Cir. 2011); *McIntyre v. Ohio Elections Comm'n*, 514 U.S.

334, 341-42 (1995).

**III.    Alternatively, the Order is appealable as a collateral order.**

TEI does not dispute that the Order meets the first condition of the three-

prong collateral order doctrine for direct appeals established by the Supreme Court,

*i.e.*, [t]he Order "conclusively determine[d] the disputed question." *Cohen v.*

*Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). And despite TEI's protest

that anti-SLAPP principles should negate them, the Order plainly meets the

respective "completely separate" and "unreviewable" requirements of the second

and third conditions. *See id.* at 546-47.

Under the second *Cohen* condition, an issue is completely separate from the

merits when it is "significantly different" and "conceptually distinct" from the

"fact-related legal issues that likely underlie the plaintiff's claim on the merits"—

that is, when it presents a "neat abstract issue[] of law" rather than a fact-bound

---

protections"). *Cognosphere Pte. Ltd. v. X Corp.*, No. 23-MC-80294-PHK, 2024
WL 4227594, at *3 (N.D. Cal. Sept. 18, 2024) (emphasis added).

16

question that will recur.[15] *Johnson v. Jones*, 515 U.S. 304, 314, 317 (1995) (citations omitted).

The issues here are "significantly different" and "conceptually distinct." Does' appeal presents two questions: whether the NDCA applied the correct legal standard for unmasking an anonymous speaker, and whether it properly balanced Does' First Amendment interest against TEI's asserted need for the information. TEI's contributory infringement claim, by contrast, turns on facts: whether Does knew of and materially contributed to or induced Denims' direct infringement. An appellate court can decide whether the Order applied the right First Amendment standard and struck the right balance without deciding whether Does infringed at all.

TEI's reliance on *Gopher Media* is misplaced. There, the denial of an anti-SLAPP motion was inseparable from the merits because the statute's second step requires the court to decide "whether 'the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.'" *Gopher Media LLC v. Melone*, 154 F.4th 696, 702 (9th Cir. 2025) (en banc) (quoting Cal. Civ. Proc.

---

[15] "Complete separateness" here does not require that the collateral question bear no relationship whatever to the plaintiff's claim. The Supreme Court has held a legal issue "conceptually distinct" from the merits even where its resolution requires some acquaintance with the claim, because the reviewing court "need not consider the correctness of the plaintiff's version of the facts, nor even determine whether the plaintiff's allegations actually state a claim." *Mitchell v. Forsyth*, 472 U.S. 511, 527-28 (1985).

17

Code §425.16(b)(1) (emphasis added)). That inquiry is a direct assessment of likelihood of success. The anti-SLAPP questions were therefore not "neat abstract issues of law" but "intertwine[d] factual and legal questions" "likely to reemerge at later procedural stages," precisely the "piecemeal appellate review" the separateness requirement guards against. *Id*. at 702-03. The Order's prima facie finding is different in kind. It is a threshold showing required to obtain identifying discovery, not an adjudication of liability, and it carries no preclusive effect.

Because the Order resolves an important issue (the scope of anonymous First Amendment speech) that is conceptually distinct from, and will not reemerge with, the merits of TEI's infringement claim, the second condition is satisfied.

As to the third condition, an order is effectively unreviewable when the asserted right is (1) "essentially destroyed if its vindication must be postponed until trial is completed," and (2) "sufficiently important to overcome the policies militating against interlocutory appeals." *Garraway v. Ciufo*, 113 F.4th 1210, 1217 (9th Cir. 2024) (quoting *Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495, 499, 503 (1989)). Does' interest satisfies both requirements.

First, the touchstone of the inquiry is irreparability: an order is effectively unreviewable when, "unless it can be reviewed before [the proceedings terminate], it can never be reviewed at all." *Mitchell*, 472 U.S. at 525 (1985) (citations

18

Case: 26-3553, 08/03/2026, DktEntry: 14.1, (26 of 30)

omitted); *accord Garraway*, 113 F.4th at 1217-18.[16] Compelled disclosure of identity is *wholly irreparable*; once the Doe Defendants are unmasked, no appellate court can restore their anonymity.

Second, the First Amendment right to speak anonymously is a value of the highest order. *See McIntyre*, 514 U.S. at 342 ("an author's decision to remain anonymous … is an aspect of the freedom of speech protected by the First Amendment"). Does' alleged speech, creating discussion threads critical of TEI's online videos on matters of public controversy, lies at the core of that protection.[17]

TEI argues that the Order's temporary non-disclosure clause means no substantial interest is imperiled because Does' information will not immediately be made public. (Mot. at 14-15.) That argument misapprehends the constitutional injury. The Order releases Does' identities to TEI, its owners (the Kleins), and

---

[16] That principle was a deciding factor in both of TEI's lead cases—against TEI's position here. In each, the Ninth Circuit held the third condition unmet for a single reason: the only asserted harm was the burden of having to litigate, and that burden is fully curable by reversal after final judgment. *See Gopher Media*, 154 F.4th at 703; *Garraway,* 113 F.4th at 1220. The distinction that *Gopher Media* and *Garraway* drew—between harms that a later appeal can cure and those it cannot—places this Order squarely within the small class that *Cohen* makes immediately appealable.

[17] TEI's contention that there is "no First Amendment right to commit copyright infringement," and that anonymity used to "mask" infringement is unprotected, Mot. at 14, is not a third-condition argument at all. Those points concern the *merits* of the claims in the Denims Action, not the adequacy of deferred review. TEI's premise is also circular and unproven: Does are not adjudged infringers.

their counsel. The First Amendment right to anonymous speech protects against compelled identification *to the party one has criticized*—not merely against mass dissemination. *See NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 462 (1958). The anonymity is destroyed at the instant TEI learns who the speakers are, no matter what restrictions might later be imposed on use of that information. And the record demonstrates that the threatened harm is *not* speculative; TEI's principal has publicly vowed vengeance against Does. (RBN Decl. Ex. 6 at p. 11; *see also* Vulić Decl. Ex. 15 at pp. 11-12.) The prospect of immediate, irreparable retaliation is precisely the harm the anonymous-speech guarantee exists to prevent.

**IV.    The Denims Action is now closed, so the Order is final.**

Finally, TEI argues the Order did not end the Denims Action. This does not matter; the Order ended the MTQ Miscellaneous Action. Regardless, the CDCA has now entered a Judgment in favor of Denims and against TEI as to *Nuke*, and TEI has dismissed its claim against Denims as to *Countdown* for the express purpose of appealing the Denims Order. (Vulić Decl. Ex. 20.) TEI cannot credibly claim that the quash Order is not final, while in the same breath claiming that the Denims Action is over, so it can appeal. Both the Miscellaneous Action and TEI itself has ended the Denims Action have ended, and the Order is ripe for appeal.

**CONCLUSION**

For the foregoing reasons, the Court should deny TEI's Motion.

20

Respectfully Submitted,

DATED: August 3, 2026       **KRONENBERGER ROSENFELD LLP**


s/ Leah Rosa Vulić
Karl S. Kronenberger
Jeffrey M. Rosenfeld
Leah Rosa Vulić

*Attorneys for Defendants-Appellants*
*Doe Defendants*

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Appellate Procedure ("FRAP") 27(d) and Ninth Circuit Rule ("9th Cir. R.") 27-1(1)(d), counsel certifies that this Opposition to Motion to Dismiss for Lack of Jurisdiction contains 4,910 words and is less than 20 pages, excluding the items exempted by FRAP 27(a)(2)(B) and 9th Cir. R. 27-1(1)(d).

This Opposition complies with the formatting, typeface, and typestyle requirements of FRAP Rules 27(d)(1)(D–E) and 32(a)(5)–(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

DATED: August 3, 2026                By:   s/ Leah Rosa Vulić
                                                    Leah  Rosa Vulić

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing Doe Defendants' Opposition to Motion to Dismiss for Lack of Jurisdiction and accompanying Declaration with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system.

I further certify that all participants in this case who are registered ACMS users will be served by the appellate electronic filing system.

DATED: August 3, 2026                    By:    <u>s/ Leah Rosa Vulić</u>
                                                        Leah  Rosa Vulić