No. 26-3553

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

---

TED ENTERTAINMENT, INC.,
Plaintiff and Appellee,

vs.

DOE DEFENDANTS

Defendants and Appellants.

---

Appeal From Order Denying Motion to Quash Or, In The Alternative, Protective Order
Issued April 29, 2026

Hon. Sallie Kim
Northern District of California Case No. 3:25-mc-80296-SK

---

# REPLY BRIEF IN SUPPORT OF APPELLEE'S MOTION TO DISMISS FOR LACK OF JURISDICTION

---

ROM BAR-NISSIM (SBN 293356)
ROM@HEAHBARNISSIM.COM
Heah Bar-Nissim LLP
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310.432.2836

**Attorneys for Plaintiff and Appellee**
**Ted Entertainment, Inc.**

# TABLE OF CONTENTS

**I. DOES FAIL TO DEMONSTRATE JURISDICTION UNDER 28 U.S.C. § 1291**......................................................................2

**II. DOES FAIL TO DEMONSTRATE JURISDICTION UNDER THE *PERLMAN* EXCEPTION** ......................................................5

**III. DOES FAIL TO DEMONSTRATE JURISDICTION UNDER THE COLLATERAL ORDER DOCTRINE** .................................9

**IV. CONCLUSION**..................................................................10

# TABLE OF AUTHORITIES

Page(s)

Cases

*Arista Records, LLC v. Doe 3*,

604 F.3d 110 (2d Cir. 2010) .......................................................... 7

*Art of Living Foundation v. Does*,

2011 WL 5444622 (N.D. Cal. Nov. 9, 2011) ................................. 10

*Ashker v. Newsom*,

968 F.3d 975 (9th Cir. 2020) .......................................................... 3

*Barnes v. YouTube, Inc.*,

2026 WL 412470 (N.D. Cal. Feb 13, 2026)................................... 10

*Baugher v. GoDaddy.com LLC*,

2021 WL 4942658 (D. Ariz. Oct. 22, 2021)............................... 7, 10

*Cognosphere Pte. Ltd. v. X Corp.*,

2024 WL 4227594 (N.D. Cal. Sept. 18, 2024)............................... 10

*Gopher Media LLC v. Melone*,

154 F.4th (9th Cir. 2025) ............................................................. 10

*Harper & Row Publishers, Inc. v. Nation Enterprises*,

471 U.S. 539 (1985)......................................................................... 7

*In re Anonymous Online Speakers*,

661 F.3d 1168 (9th Cir. 2011) .................................................... 6, 8

*In re DMCA Subpoena to Reddit, Inc.*,

441 F.Supp.3d 875 (N.D. Cal. 2020) ............................................. 10

*In re DMCA Subpoena to Reddit, Inc.*,

2026 WL 1847873 (N.D. Cal. June 26, 2026) ................................ 10

*In re DMCA § 512(h) Subpoena to Twitter, Inc.*,

608 F.Supp.3d 868 (N.D. Cal. 2022) ............................................. 10

*In re Grand Jury Investigation*,

966 F.3d 991 (9th Cir. 2020) ........................................................ 5, 9

*In re Grand Jury Subpoena, No. 16-03-217*,

875 F.3d 1179 (9th Cir. 2017) ...................................................... 7, 8

*KL Group v. Case, Kay & Lynch*,

829 F.2d 909 fn.5 (9th Cir. 1987) ..................................................... 3

*Matter of Establishment Inspection of Skil Corp.*,

846 F.2d 1127 (7th Cir. 1988) ........................................................... 5

*Perry v. Schwarzenegger*,

591 F.3d 1147 (9th Cir. 2010) ................................................... 4, 6, 7

*Premium Service Corp. v. Sperry & Hutchinson Co.*,

511 F.2d 225 (9th Cir. 1975) ............................................................. 4

*Quad International, Inc. v. Doe*,

2013 WL 178141 (E.D. Cal. Jan. 16, 2013) .................................... 10

*Signature Management Team, LLC v. Automattic, Inc.*,

941 F.Supp.2d 1145 (N.D. Cal. 2013) ............................................ 10

*Snodgrass v. Provident Live and Accident Insurance Co.*,

147 F.3d 1163 (9th Cir. 1998) ......................................................... 4

*Strike 3 Holdings, LLC v. Doe*,

2026 WL 772600 (C.D. Cal. Feb. 2, 2026) .................................... 10

*Strike 3 Holdings, LLC v. Doe*,

2026 WL 2138165 (C.D. Cal. June 8, 2026) .................................. 10

**Statutes**

28 U.S.C. § 636(c)(1) ..................................................................... 1, 3

28 U.S.C. § 1291 ....................................................................... 1, 2, 3, 5

**Rules**

Federal Rule of Criminal Procedure 6(e) ............................................ 6

Two fundamental errors permeate Appellants' (hereinafter "Does") opposition to the motion to dismiss. **First**, they treat the miscellaneous action in the Northern District of California as an independent action that is capable of producing a final, appealable judgment. It is not. The matter below is an auxiliary action limited to determining the enforceability of a discovery order issued by the Central District of California in *Ted Entertainment, Inc. v. Saber et al.* (Case No. 2:25-cv-5564). The Northern District could not adjudicate any substantive rights or countermand the Central District's decision to issue the subpoenas. As such, the Northern District had no authority to issue anything that resembles a final, appealable judgment for purposes of 28 U.S.C. § 1291.

The rare cases where review was allowed involved situations where the auxiliary proceeding was the only matter pending in federal court. Consequently, the denial of an appeal would have left the affected party without any opportunity to challenge the district court's order. This case, by contrast, involves the far more common case where an action was already pending in another federal court—*i.e.*, the Central District that issued the subpoenas—of which Does were fully aware. If they believed that Central District erred in issuing the subpoenas in the first instance, they could and should have challenged that decision there.

Does' reliance on 28 U.S.C. § 636(c)(1) is misplaced. That section states that (where the parties consent) a magistrate judge's order shall be treated as if it

was issued by a district judge. It does not make an otherwise non-appealable order appealable. Any other construction would lead to the absurd result that magistrate judges can issue appealable orders when district judges may not.

**Second**, Does assume that they have a First Amendment privilege to speak anonymously. But that is only true if their speech is, indeed, protected by the First Amendment, and Appellee (hereinafter "TEI") claims that it is not. Specifically, TEI claims that Does engaged in copyright infringement, which is among the categories of speech not protected by the First Amendment—like child pornography, extortion, blackmail, fraud and defamation. The man who says "Your money or your life" has *no* right under the First Amendment to keep his identity secret; neither do those who facilitate massive infringement of material protected by copyright, as TEI credibly claims Does did here.

As explained below, Does commit many other errors in their brief, but these two errors alone merit dismissal of the appeal.

## I. DOES FAIL TO DEMONSTRATE JURISDICTION UNDER 28 U.S.C. § 1291

Does' argument that the Order is a "final decision" under 28 U.S.C. § 1291 misinterprets when a magistrate judge's decision is considered final. Does claim a magistrate judge's decision is final when: "(1) the parties consented to the magistrate judge's authority; and (2) the district court specially designated the

magistrate to exercise jurisdiction." Opp., p. 9 (cleaned up; quoting *Ashker v. Newsom*, 968 F.3d 975, 981-982 (9th Cir. 2020)).

This is incorrect: the test is to determine if a "magistrate judge ***may*** enter a final order" (*i.e.* whether the magistrate judge has "jurisdiction") – ***not*** whether an order is final. *Id.* at 981 (emphasis added).

Without any legal authority, Does argue that a "judgment" under 28 U.S.C. § 636(c)(1) is more expansive for magistrate judges than district judges by making decisions by the former immediately appealable but not the latter. Not only does this lead to an absurd result, it also directly contradicts the rule that "discovery orders are interlocutory and nonappealable under 28 U.S.C. § 1291." *KL Group v. Case, Kay & Lynch*, 829 F.2d 909, 918 fn.5 (9th Cir. 1987).

Does also ask this Court to create an unprecedented "irreparable harm" exception to the rule that discovery orders are nonappealable. Not only is this exception devoid of legal support, it is devoid of factual support.[1] The Order eliminates any potential harm by providing that "no party may disclose the identities of the Doe Defendants or any other identifying information about the Doe Defendants to any individual or entity not a party to this matter." Dkt. No.

[1] Appellants grossly misrepresent the record to claim such harm. *See* Dkt. No. 16-2, ¶¶ 25 fn. 18, 35-94; Dkt. No. 16-1, ¶¶ 3-40, 56, 79-80; Dkt. No. 28-2, ¶¶ 4-10; Dkt. No. 28-1, ¶¶ 17-19.

11.1, pp. 311:27-313:1. A protective order limiting disclosure weighs against the existence of harm to First Amendment rights. *See Perry v. Schwarzenegger*, 591 F.3d 1147, 1160 fn. 6, 1164 (9th Cir. 2010).

Moreover, TEI's owners addressed potential concerns by offering to: (1) only use the information to pursue TEI's claims of contributory infringement against Does; (2) subject themselves and TEI to making a *prima facie* showing before proceeding with subsequently discovered claims; (3) not publicly address Does in their individual capacities; (4) instruct TEI's audience to not contact or harm Does, their families, employers and educational institutions; and (5) submit to contempt proceedings in the event of breach. Dkt. Nos. 16-2, ¶¶ 4-5; 28-2, ¶ 3.

TEI offers to go even further: If this Court deems it necessary and appropriate, TEI will limit disclosure of Does' personal identifying information to TEI's counsel for the sole purpose of pursuing TEI's contributory infringement claims—*i.e.*, Does' identities would not even be disclosed to TEI or its owners.

Finally, Does argue–without any legal support–that all decisions in miscellaneous actions are final, irrespective of the existence of an underlying action. The cases Does cite, Opp. 13, fn. 13, are inapposite. *Snodgrass v. Provident Live and Accident Insurance Co.*, 147 F.3d 1163, 1165 (9th Cir. 1998) involved an appeal from a remand order–*i.e.*, there was no miscellaneous action. In *Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 228 (9th Cir. 1975), the

underlying action was a state court action and there was no other federal forum where review could be obtained. Here, Does could have challenged the Northern District's ruling in the Central District action that issued the subpoenas. Similarly, *Matter of Establishment Inspection of Skil Corp*., 846 F.2d 1127, 1128-29 (7th Cir. 1988) involved the denial of a motion to quash a warrant when "no other proceeding [was] pending either in a court or before" a federal agency–*i.e.*, there was no underlying action whatsoever. Since miscellaneous actions frequently involve discovery motions, Does' proposed rule would cut a large hole in the rule that discovery orders are not immediately appealable.

Therefore, Does fail to show the Order is immediately appealable as a final decision under 28 U.S.C. § 1291.

## II. DOES FAIL TO DEMONSTRATE JURISDICTION UNDER THE *PERLMAN* EXCEPTION

Does' argument that the *Perlman* exception applies turns on their claim that their identities are privileged under the First Amendment. Does fail to cite a single case where the *Perlman* exception applied to a claim of "First Amendment privilege." Their citation to *In re Grand Jury Investigation*, 966 F.3d 991, 995-996 (9th Cir. 2020) emphasizes this point by noting that the cases collected in that decision involved "evidentiary privileges." *Id.* (recognizing *Perlman* exception applied to attorney-client privilege, joint defense privilege, marital

communications privilege, psychotherapist-patient privilege, Fifth Amendment privilege against self-incrimination, information protected under Federal Rule of Criminal Procedure 6(e) and protective orders).

The distinction is crucial. Evidentiary privileges are, by their nature, categorical; if the information is privileged, it must be excluded. By contrast, any First Amendment right to anonymity that Does might possess must be balanced against competing interests, such as TEI's right to pursue its copyright infringement claims. *See In re Anonymous Online Speakers*, 661 F.3d 1168, 1176-77 (9th Cir. 2011). District courts have wide discretion to protect such rights without precluding disclosure: "A protective order is just one of the tools available to the district court to oversee discovery of sensitive matters that implicate First Amendment rights." *Id.* at 1178; *accord*, *Perry*, 591 F.3d at 1164 (noting that a protective order can ameliorate the harms of disclosure).

Finally, Does' reliance on *Perry* for the existence of a First Amendment privilege against unmasking is misplaced. To begin, *Perry* did not apply the *Perlman* exception to find jurisdiction. Rather, it examined whether the court had jurisdiction under the collateral rule doctrine or petition for writ of mandamus and found jurisdiction was proper only under the court's "supervisory mandamus authority[.]" *Perry*, 591 F.3d at 1154. If anything, *Perry* cuts against Does. The opinion would not have expostulated at length about these more circuitous bases

for jurisdiction if *Perlman* had provided a direct route.

Next, *Perry* did not involve a subpoena to a third-party seeking to unmask anonymous defendants. Rather, it involved a request for production of documents by the government to an advocacy organization that sought “internal campaign communications relating to campaign strategy and advertising.” *Perry*, 591 F.3d at 1152. Consequently, the First Amendment privilege recognized in *Perry* was the right of association and not anonymous speech. *Id.* at 1159-1163.

Does fail to cite any authority recognizing an absolute First Amendment privilege to speak anonymously. To the contrary, while the “decision to remain anonymous” is “an aspect of freedom of speech protected by the First Amendment,” the “right to speak anonymously is not unlimited.” *In re Grand Jury Subpoena, No. 16-03-217*, 875 F.3d 1179, 1185 (9th Cir. 2017). To “the extent that anonymity is used to mask copyright infringement or to facilitate such infringement by other persons, it is unprotected by the First Amendment.” *Baugher v. GoDaddy.com LLC*, 2021 WL 4942658, *2 (D. Ariz. Oct. 22, 2021) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010); citing *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 568 (1985)).

Further emphasizing that *Perry* does not recognize an absolute First Amendment privilege to speak anonymously is this Court’s holding in *In re Grand Jury Subpoena, No. 16-03-217*. That case involved “the denial of a motion to

quash a grand jury subpoena *duces tecum* that would require" a website "to disclose the identifying information of eight users who posted anonymous reviews about another company" on its website. 875 F.3d at 1181. Despite recognizing that "enforcing the subpoena implicates [the speakers'] First Amendment rights, because they have a limited right to speak anonymously" (*id.*, at 1185), this Court nevertheless affirmed the district court's decision to unmask the speakers.[2]

What *Perry* does hold is that there is a limited right to anonymous speech under the First Amendment, which is inapplicable here because the speech in question is copyright infringement. To the extent Does are entitled to anonymity, that right is not absolute and may be protected (in the district court's discretion) by entry of appropriate protective orders. As discussed in Section I, *supra*, (1) the district court's order here eliminates any potential harm by preventing disclosure of Does' personal identifying information, as this Court upheld in *Perry* and *Anonymous Online Speakers*; (2) TEI's owners' representations on steps they are willing to take to further ameliorate any potential harm to Does; and (3) TEI's offer to further limit disclosure only to counsel (and not to TEI or its owners) if this Court believes it necessary and prudent. *See Anonymous Online Speakers*, 661 F.3d at 1177 (referring to "disclosure for 'Attorneys' Eyes Only'" limitation).

---

[2] Also, in *Anonymous Online Speakers*, this Court found no clear error in a court's order unmasking three anonymous speakers in a civil case. 661 F.3d at 1176-78.

In sum, Does fail to show "a claim of evidentiary privilege or some other legal claim specifically protecting against disclosure" under the *Perlman* exception. *In re Grand Jury Investigation*, 966 F.3d at 998.

## III. DOES FAIL TO DEMONSTRATE JURISDICTION UNDER THE COLLATERAL ORDER DOCTRINE

Does argue that the collateral order doctrine applies because the issues of the present appeal are "significantly different" and "conceptually distinct" from the merits of the underlying case–specifically whether the Order applied the correct legal standard and properly balanced the equities. Opp., p. 17.

Does are simply wrong; their claim of privilege is inextricably intertwined with the merits. As discussed in Section II, *supra*, Does have *no* First Amendment privilege to engage in copyright infringement. Thus, their claim of privilege hinges on whether: (1) TEI holds a valid copyright; (2) the underlying broadcasts in question infringed TEI's copyright; (3) Does contributed to that infringement; (4) whether the underlying broadcasts constituted fair use; and (5) whether Does' conduct constituted fair use. All of these issues go directly to the merits and will, out of necessity, be decided in the Central District action. The court below found that TEI made its *prima face* showing[3] and, properly, left resolution of the merits to

[3] Cases involving motions to quash subpoenas seeking to unmask anonymous copyright defendants have universally adopted a *prima facie* requirement to decide

the Central District—*i.e.*, the court that issued the subpoenas. Dkt. No. 45, p. 8. Since Does seek to vacate the Order (and not just remand for further proceedings),[4] the central issues of this appeal are "inextricably intertwined with the merits of the litigation." *Gopher Media LLC v. Melone*, 154 F.4th 969, 702 (9th Cir. 2025).

In sum, Does fail to show jurisdiction under the collateral order doctrine.

## IV. CONCLUSION

TEI respectfully requests that this Court dismiss the present appeal. To hold otherwise would open Pandora's box and flood this Court with appeals from discovery orders involving First Amendment challenges based on anonymous speech – a particularly acute threat in torrent piracy litigation.[5]

---

First Amendment objections. *See Cognosphere Pte. Ltd. v. X Corp.*, 2024 WL 4227594, *3 (N.D. Cal. Sept. 18, 2024); *In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F.Supp.3d 868, 876 (N.D. Cal. 2022); *Signature Management Team, LLC v. Automattic, Inc.*, 941 F.Supp.2d 1145, 1157 (N.D. Cal. 2013); *In re DMCA Subpoena to Reddit, Inc.*, 2026 WL 1847873, *4 (N.D. Cal. June 26, 2026); *Baugher v. GoDaddy.com LLC*, 2021 WL 4942658, *3 (D. Ariz. Oct. 22, 2021); *In re DMCA Subpoena to Reddit, Inc.*, 441 F.Supp.3d 875, 882 (N.D. Cal. 2020); *Art of Living Foundation v. Does*, 2011 WL 5444622, *7 (N.D. Cal. Nov. 9, 2011); *Barnes v. YouTube, Inc.*, 2026 WL 412470 (N.D. Cal. Feb 13, 2026).

[4] This is evidenced by Appellants' related petition for writ of mandamus, *In re Doe Defendants* (Case No. 26-3513), Dkt. No. 1.1, p. 4 (the "Petition"). The Petition also shows that the issues of this case are intertwined with the merits of the underlying case because the Petition devotes several pages to addressing TEI's *prima facie* showing of contributory infringement. *Id.*, pp. 24-28.

[5] *See e.g.*, *Strike 3 Holdings, LLC v. Doe*, 2026 WL 772600 (C.D. Cal. Feb. 2, 2026); *Strike 3 Holdings, LLC v. Doe*, 2026 WL 2138165 (C.D. Cal. June 8, 2026); *Quad International, Inc. v. Doe*, 2013 WL 178141 (E.D. Cal. Jan. 16, 2013).

DATED: August 17, 2026

**Heah Bar-Nissim LLP**

By: *<u>/s/ Rom Bar-Nissim</u>*
Rom Bar-Nissim
Attorneys for Plaintiff and Appellee Ted Entertainment, Inc.

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rules of Appellate Procedure ("FRAP") 27(d) and Ninth Circuit Rule ("9th Cir. Rule") 27-1(1)(d), counsel certifies that this Reply Brief in Support of Appellee's Motion to Dismiss for Lack of Jurisdiction contains 2,446 words and is less than 10 pages, excluding the items exempted by FRAP Rule 27(a)(2)(B) and 9th Cir. Rule 27-1(1)(d).

This Motion complies with the formatting, typeface and type styles requirements of FRAP Rules 27(d)(1)(D-E) and 32(a)(5-6) because it has been prepared in a proportionally spaced typeface using Microsoft Word Times New Roman 14-point font that is double-spaced.

DATED: August 17, 2026 By: /s/ Rom Bar-Nissim

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing Reply Brief in Support of Appellee's Motion to Dismiss for Lack of Jurisdiction with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system.

DATED: August 17, 2026 By: /s/ Rom Bar-Nissim