**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

IN RE DOE DEFENDANTS,

*Petitioners and Defendants-Movants,*

v.

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

*Respondent,*

TED ENTERTAINMENT, INC.,

*Real Party in Interest and Plaintiff-Respondent.*

**No. 26-3513**

On Petition for Writ of Mandamus to the United States District Court for the Northern District of California

Case No. 3:25-mc-80296-SK
Hon. Sallie Kim

TED ENTERTAINMENT, INC.,

*Plaintiff and Appellee,*

v.

DOE DEFENDANTS,

*Defendants and Appellants.*

**No. 26-3553**

Appeal From Order Denying Motion to Quash Or, in the Alternative, Protective Order Issued April 29, 2026

Northern District of California
Case No. 3:25-mc-80296-SK
Hon. Sallie Kim

**DECLARATION OF LEAH ROSA VULIĆ IN SUPPORT OF DOE DEFENDANTS' OPPOSITION TO TED ENTERTAINMENT, INC.'S MOTION TO DISMISS FOR MOOTNESS OR, IN THE ALTERNATIVE, A STAY OF PROCEEDINGS**

Karl S. Kronenberger
Jeffrey M. Rosenfeld
Leah Rosa Vulić
KRONENBERGER ROSENFELD, LLP
548 Market St. #85399
San Francisco, CA 94104
(415) 955-1155
karl@kr.law
jeff@kr.law
leah@kr.law

*Attorneys for Defendants-Appellants and Petitioners Doe Defendants*

I, Leah Rosa Vulić, do hereby state and declare as follows:

1. I am an attorney at law, duly licensed to practice in the State of California and the United States Court of Appeals for the Ninth Circuit. I am an associate at the law firm of Kronenberger Rosenfeld, LLP, and counsel of record for Petitioners and Defendants-Appellants Doe Defendants ("Does") in Case Nos. 26-3513 and 26-3553, currently pending before this Court. I have personal knowledge of the facts contained in this declaration and, if called and sworn as a witness, I could and would competently testify thereto. I make this declaration in support of Does' opposition to Real Party in Interest and Plaintiff-Appellee Ted Entertainment, Inc. ("TEI")'s motion to dismiss for mootness or, in the alternative, a stay of proceedings ("Motion").

2. Unless otherwise noted, docket citations are to No. 26-3553. On August 3, 2026, I submitted a declaration in support of Does' response to TEI's

first motion to dismiss (the "August Declaration"), which attached Exhibits 8 through 26. [D.E. 14.2.] To avoid duplication, I do not reattach those exhibits here, and the exhibits to this declaration are numbered consecutively beginning with Exhibit 27. As in the August Declaration, "Miscellaneous Action" refers to *In re Subpoenas to Reddit, Inc. and Discord, Inc.*, N.D. Cal. Case No. 3:25-mc-80296-SK; "Quash Order" refers to the April 29, 2026 order denying Does' motion to quash ("MTQ") in the Miscellaneous Action; and "Subpoenas" refers to TEI's subpoenas to Reddit, Inc. and Discord, Inc. seeking Does' identifying information. On June 19, 2025, TEI filed three copyright actions, each naming Does as defendants and alleging a claim of contributory copyright infringement against them: *Ted Entertainment, Inc. v. Saber, et al.*, C.D. Cal. Case No. 2:25-cv-05564-WLH-PD (the "Denims Action"); *Ted Entertainment, Inc. v. Majed, et al.*, C.D. Cal. Case No. 2:25-cv-05565-JFW-MAA (the "Majed Action"); and *Ted Entertainment, Inc. v. Caviness, et al.*, W.D. Mo. Case No. 4:25-cv-00459-BCW (the "Caviness Action"). [D.E. 11.1, Bar-Nissim Decl. ¶2 & Exs. 1-3.]

3. TEI's claim against Does in the Denims Action is the claim for which the Subpoenas were issued. On January 22, 2026, TEI and defendant Alexandra Marwa Saber p/k/a Denims ("Denims") filed a joint stipulation to stay the Denims Action pending resolution of Does' MTQ. On March 2, 2026, the court granted the stipulation and stayed the Denims Action "pending final resolution" of the MTQ,

and ordered TEI and Denims to file a joint status report after specified events in the Miscellaneous Action, including the filing and disposition of any appeal. On March 20, 2026, TEI and Denims filed a joint stipulation to lift the stay for the limited purpose of Denims' motion for partial judgment on the pleadings ("MPJOP"). On March 30, 2026, the court granted that stipulation and lifted the stay for that limited purpose. Attached hereto as **Exhibit 27** are true and correct copies of Docket Entries 28, 29, 30, and 32 in the Denims Action, reflecting the foregoing.

4. On May 1, 2026, TEI filed its opposition to Denims' MPJOP in the Denims Action. TEI's opposition cites and quotes the Quash Order, including at ECF-stamped pages 7, 9-10, 19, 26, and 29. Attached hereto as **Exhibit 28** are true and correct copies of excerpts of TEI's opposition, which was filed in the Denims Action at Docket Entry 36, consisting of ECF-stamped pages 1, 6-7, 9-10, 19, 26, and 29-30.

5. Also on May 1, 2026, TEI filed a request for judicial notice in support of its opposition, which asked the court to take judicial notice of the Quash Order and attached the Quash Order as Exhibit 9. Attached hereto as **Exhibit 29** are true and correct copies of TEI's request for judicial notice and its Exhibit 9, which were filed in the Denims Action at Docket Entries 37 and 37-9. In its June 29, 2026 order granting Denims' MPJOP, the court granted TEI's request for judicial notice

as to the Quash Order. [D.E. 14.2, Ex. 17 at 6.]

6. Attached hereto as **Exhibit 30** is a true and correct copy of the docket in the Denims Action, which my office obtained on October 9, 2026.

7. On June 30, 2026, in support of its Application for Default Judgment in the Majed Action, TEI filed the Declaration of Rom Bar-Nissim. In that declaration, TEI's counsel states that he "subpoenaed Reddit, Inc. and Discord, Inc. for the personal identifying information [of] the Doe defendants" in connection with the Denims Action, and describes the Quash Order and its discussion of "hatewatching." (Ex. 31 ¶3.) He further states that TEI was not seeking recovery of the time he billed "working on a potential ex parte application to subpoena Reddit and Discord" in the Majed Action because "[n]ot only did this work become moot (as they were authorized in the Saber Action), it did not directly relate to Frogan." (*Id.* ¶12.) Attached hereto as **Exhibit 31** is a true and correct copy of that declaration, which was filed in the Majed Action at Docket Entry 19-2. TEI's memorandum of points and authorities in support of the application, filed in the Majed Action at Docket Entry 19-1, also quotes the Quash Order's discussion of "hatewatching" at ECF-stamped page 8. [D.E. 14.2, Ex. 26.]

8. On August 31, 2026, the court in the Majed Action ordered TEI to show cause why it should not be sanctioned $1,500, or the action dismissed, for failing to note on the civil cover sheet that it had filed a related case, the Denims

Action, and failing to file a Notice of Related Case under Local Rule 83-1.3.1. On September 3, 2026, TEI filed its response. On September 4, 2026, the court declined to discharge the order to show cause, and TEI filed a supplemental response. On September 8, 2026, TEI filed a notice voluntarily dismissing the entire Majed Action, including its claim against Does, without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i). Attached hereto as **Exhibit 32** are true and correct copies of Docket Entries 38, 39, 41, and 42 in the Majed Action, and a printout of Docket Entry 40, a text-only order, reflecting the foregoing.

9. Attached hereto as **Exhibit 33** is a true and correct copy of the docket in the Majed Action, which my office obtained on October 9, 2026.

10. As stated in the August Declaration, on December 2, 2025, TEI and defendant Kacey Caviness p/k/a "Kaceytron" filed a stipulation dismissing the Caviness Action without prejudice as to Caviness only, and asking the court to retain jurisdiction to enforce their settlement. [D.E. 14.2 ¶21.] On December 8, 2025, the court dismissed the Caviness Action without prejudice as to Caviness only and retained jurisdiction over enforcement of the settlement. Attached hereto as **Exhibit 34** and **Exhibit 35** are true and correct copies of the stipulation and the order, which were filed in the Caviness Action at Docket Entries 26 and 27.

11. On September 30, 2026, fifteen days after it filed the instant motion to dismiss Does' appeal and petition for writ of mandamus for mootness, TEI filed a

notice voluntarily dismissing its claim against Does in the Caviness Action without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i). The same day, the court entered an order acknowledging the notice and dismissing the case without prejudice. Attached hereto as **Exhibit 36** are true and correct copies of Docket Entry 28 in the Caviness Action and a printout of Docket Entry 29, a text-only order, reflecting the foregoing.

12. Attached hereto as **Exhibit 37** is a true and correct copy of the docket in the Caviness Action, which my office obtained on October 9, 2026. The docket reflects no entries between the court's December 8, 2025 order and TEI's September 30, 2026 notice.

I declare under penalty of perjury that the contents of this declaration are true and correct.

Executed this 12th day of October, 2026. s/ Leah Rosa Vulić
Leah Rosa Vulić

## INDEX OF EXHIBITS TO DECLARATION OF LEAH ROSA VULIĆ

**Case abbreviations used in this index:**

"Denims Action": *Ted Entertainment, Inc. v. Saber, et al.*, C.D. Cal. Case No. 2:25-cv-05564-WLH-PD

"Majed Action": *Ted Entertainment, Inc. v. Majed, et al.*, C.D. Cal. Case No. 2:25-cv-05565-JFW-MAA

"Caviness Action": *Ted Entertainment, Inc. v. Caviness, et al.*, W.D. Mo. Case No. 4:25-cv-00459-BCW

"Miscellaneous Action": *In re Subpoenas to Reddit, Inc. and Discord, Inc.*, N.D. Cal. Case No. 3:25-mc-80296-SK

| Ex. | Description | Date | Case and D.E. No. |
|---|---|---|---|
| 27 | Joint Stipulation to Stay Case; Order Granting Joint Stipulation to Stay; Joint Stipulation to Lift Stay for Limited Purpose; Order Granting Joint Stipulation to Lift Stay for Limited Purpose | 01/22/2026; 03/02/2026; 03/20/2026; 03/30/2026 | Denims Action, D.E. 28, 29, 30, 32 |
| 28 | Plaintiff's Opposition to Defendant's Motion for Partial Judgment on the Pleadings (excerpts: ECF pp. 1, 6-7, 9-10, 19, 26, 29-30) | 05/01/2026 | Denims Action, D.E. 36 |
| 29 | Plaintiff's Request for Judicial Notice in Support of Opposition to Motion for Partial Judgment on the Pleadings, and Exhibit 9 | 05/01/2026 | Denims Action, D.E. 37, 37-9 |
| 30 | Civil Docket | 10/9/2026 | Denims Action |
| 31 | Declaration of Rom Bar-Nissim in Support of Application for Default Judgment | 06/30/2026 | Majed Action, D.E. 19-2 |

| Ex. | Description | Date | Case and D.E. No. |
|---|---|---|---|
| 32 | Order to Show Cause re Dismissal; Plaintiff's Response; Text Entry Order Declining to Discharge Order to Show Cause Re: Dismissal; Plaintiff's Supplemental Response to Order to Show Cause re: Dismissal; Notice of Voluntary Dismissal | 08/31/2026; 09/03/2026; 09/04/2026; 09/04/2026; 09/08/2026 | Majed Action, D.E. 38, 39, 40 [text-only entry], 41, 42 |
| 33 | Civil Docket | 10/9/2026 | Majed Action |
| 34 | Stipulation for Dismissal Without Prejudice as to Defendant Kacey Caviness Only | 12/02/2025 | Caviness Action, D.E. 26 |
| 35 | Order of Dismissal as to Defendant Kacey Caviness Only | 12/08/2025 | Caviness Action, D.E. 27 |
| 36 | Notice of Voluntary Dismissal; Text-Only Entry by Court Acknowledging Receipt of Doc. No. 28 and Dismissing Without Prejudice | 09/30/2026; 09/30/2026 | Caviness Action, D.E. 28, 29 |
| 37 | Civil Docket | 10/9/2026 | Caviness Action |

**District-court filings cited in the Opposition that are already before the Court in No. 26-3553**

| Description | Date | Case and D.E. No. | Where Filed in No. 26-3553 |
|---|---|---|---|
| Complaint | 06/19/2025 | Denims Action, D.E. 1 | D.E. 11.1, Bar-Nissim Decl. Ex. 1 |
| Stipulation Between Plaintiff and Defendant Saber re Subpoenas to Reddit, Inc. and Discord, Inc. | 07/16/2025 | Denims Action, D.E. 17 | D.E. 11.1, Bar-Nissim Decl. Ex. 4 |
| Order Granting Stipulation re Subpoenas to Reddit, Inc. and Discord, Inc. | 07/31/2025 | Denims Action, D.E. 18 | D.E. 11.1, Bar-Nissim Decl. Ex. 5 |

| Description | Date | Case and D.E. No. | Where Filed in No. 26-3553 |
|---|---|---|---|
| Doe Defendants' Motion to Quash Subpoenas | 09/22/2025 | Miscellaneous Action, D.E. 1 | D.E. 11.1, Bar-Nissim Decl. Ex. 6 |
| Order Denying Motion to Quash ("Quash Order") | 04/29/2026 | Miscellaneous Action, D.E. 45 | D.E. 11.1, Bar-Nissim Decl. Ex. 7 |
| Order Granting Defendant Saber's Motion for Partial Judgment on the Pleadings ("Denims Order") | 06/29/2026 | Denims Action, D.E. 45 | D.E. 14.2, Ex. 17 |
| Stipulation to Dismiss Plaintiff's Remaining Claim Against Defendant Saber Without Prejudice; Order on Stipulation | 07/06/2026; 07/13/2026 | Denims Action, D.E. 46, 48 | D.E. 14.2, Ex. 20 |
| Judgment | 07/13/2026 | Denims Action, D.E. 49 | D.E. 14.2, Ex. 21 |
| Civil Docket | 09/15/2026 | Denims Action | D.E. 19.1, Bar-Nissim Decl. Ex. 3 |
| Complaint | 06/19/2025 | Majed Action, D.E. 1 | D.E. 11.1, Bar-Nissim Decl. Ex. 2 |
| Complaint | 06/19/2025 | Caviness Action, D.E. 1 | D.E. 11.1, Bar-Nissim Decl. Ex. 3 |
| Memorandum of Points and Authorities in Support of Plaintiff's Application for Default Judgment (excerpt) | 06/30/2026 | Majed Action, D.E. 19-1 | D.E. 14.2, Ex. 26 |

# Exhibit 27

ROM BAR-NISSIM (SBN: 293356)
Rom@HeahBarNissim.com
**HEAH BAR-NISSIM LLP**
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310.432.2836

Attorneys for Plaintiff
TED ENTERTAINMENT, INC.

BENJAMIN KASSIS (SBN 298844)
ben@frostllp.com
BENJAMIN GRUSH (SBN 335550)
bgrush@frostllp.com
**FROST LLP**
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504

Attorneys for Defendant
ALEXANDRA MARWA SABER p/k/a DENIMS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TED ENTERTAINMENT, INC., a California Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ALEXANDRA MARWA SABER f/k/a MARWA TALATT ABDELMONEM p/k/a DENIMS, an individual, and DOES 1-10<br><br>Defendants. | Case No.: 2:25-cv-05564-WLH-PD<br><br>Assigned to: Hon. Wesley L. Hsu<br><br>**JOINT STIPULATION TO STAY PROCEEDINGS PENDING RESOLUTION OF THE DOE DEFENDANTS' MOTION TO QUASH** |

**WHEREAS,** plaintiff Ted Entertainment, Inc. ("TEI") commenced this action by filing its complaint ("Complaint") on June 19, 2025 alleging: (1) direct copyright infringement against defendant Alexandra Marwa Saber p/k/a Denims ("Denims"); and (2) contributory copyright infringement against Does 1-10 (the "H3Snark Mods") (Dkt. No. 1);

**WHEREAS,** on July 17, 2025, TEI and Denims (collectively, the "Parties") filed a Joint Stipulation Re: Granting Plaintiff Leave to Serve Third-Party Subpoenas Prior to the Rule 26(f) Conference (the "Expedited Discovery Stipulation") (Dkt. No. 17);

**WHEREAS,** on August 1, 2025, this Court granted the Expedited Discovery Stipulation (Dkt. No. 18);

**WHEREAS**, on August 4, 2025, TEI served subpoenas on Discord, Inc. and Reddit, Inc. seeking personal identifying information on the H3Snark Mods (i.e., the Doe defendants) and set the date for compliance for September 5, 2025 (the "Subpoenas");

**WHEREAS,** on August 4, 2025 (*i.e.*, the same day TEI served the Subpoenas), counsel for the H3Snark Mods contacted counsel for TEI and informed TEI that the H3Snark Mods would file a motion to quash the Subpoenas (the "Quash Motion").

**WHEREAS,** on August 22, 2025, the Parties conducted their Rule 26(f) conference (the "Rule 26(f) Conference") – which included discussing the dates to propose for this Court's Schedule of Pretrial and Trial Dates Worksheet (the "Schedule Worksheet");

**WHEREAS,** the H3Snark Mods did not participate in the Parties' Rule 26(f) Conference and, therefore, had no input in the Parties Joint Rule 26(f) Report or selecting dates for the Schedule Worksheet;

**WHEREAS,** on September 12, 2025, the Parties submitted their Joint Rule 26(f) Report – which included dates for the Schedule Worksheet (Dkt. No. 21);

**WHEREAS,** in the Rule 26(f) Report, the Parties proposed that the deadline to hear a motion to amend pleadings or add parties be January 30, 2026 (the "Deadline to Add Parties");

**WHEREAS,** in the Parties' Rule 26(f) Report, TEI flagged the following issues: (1) that the H3Snark Mods intended to file their Quash Motion on or before September 22, 2025; (2) if the Quash Motion would be denied, TEI would promptly move to amend the Complaint to name the H3Snark Mods; and (3) since the H3Snark Mods did not participate in the Rule 26(f) Conference, a new Rule 26(f) Report may be necessary if the Quash Motion would be denied (*see* Dkt. No. 21, pp. 3:17-25, 4:14-18, 6:12-16. 8:17-19);

**WHEREAS,** the Parties selected January 30, 2026 as the Deadline to Add Parties because they believed the Quash Motion would be decided by that date;

**WHEREAS,** on September 17, 2025, this Court issued its Civil Pretrial Schedule and Trial Order (the "Scheduling Order") – which set the Deadline to Add Parties for January 30, 2026 (Dkt. No. 23);

**WHEREAS,** on September 22, 2025, the H3Snark Mods filed their Quash Motion in the Northern District of California in an action entitled *In re Subpoenas to Reddit, Inc. and Discord, Inc.* (N.D. Cal. Case No. 3:25-mc-80296-SK) (the "Quash Motion Action");

**WHEREAS,** on October 20, 2025, TEI filed its opposition to the Quash Motion in the Quash Motion Action;

**WHEREAS,** on November 3, 2025, the H3Snark Mods filed their reply brief in support of the Quash Motion along with additional evidence in the Quash Motion Action;

**WHEREAS,** on November 10, 2025, TEI filed its objections to the H3Snark Mods' reply brief and additional evidence;

**WHEREAS,** on December 9, 2025, the H3Snark Mods filed an administrative motion requesting to introduce new evidence and argument in

support of the Quash Motion in the Quash Motion Action (the "Admin Motion");

**WHEREAS,** on December 15, 2025, TEI filed its opposition to the Admin Motion;

**WHEREAS,** on December 18, 2025, the H3Snark Mods filed a reply brief in support of their Admin Motion;

**WHEREAS,** on January 6, 2026, the Court in the Quash Motion Action issued Notice re: Consent or Declination to proceed before a magistrate judge and set the deadline provide or decline consent for January 20, 2026;

**WHEREAS,** on January 20, 2026, TEI and the H3Snark Mods consented to proceed before the magistrate judge in the Quash Motion Action;

**WHEREAS,** no hearing has been set in the Quash Motion Action to hear the Quash Motion;

**WHEREAS,** TEI has not received any information regarding when the Quash Motion will be decided, and it is unknown whether a hearing on the Quash Motion will be scheduled or when the Quash Motion will otherwise be decided;

**WHEREAS,** the Parties have met and conferred and agree that, if the Quash Motion is denied, the claims for direct copyright infringement against Denims and contributory copyright infringement against the H3Snark Mods should proceed together in the present action, for purposes of judicial economy and to avoid potentially significant duplicative expense in the event this action proceeds and the H3Snark Mods are added to this action at a later date;

**WHEREAS,** the Parties therefore agree that, if the Quash Motion is denied, it would promote judicial efficiency and conserve the Court's and Parties' resources for the claims against Denims and the H3Snark Mods to proceed together in the present action;

**WHEREAS,** the Parties agree that, if the Quash Motion is denied, it would require a new Rule 26(f) conference and a new Rule 26(f) report, including rescheduling all dates in the Schedule Worksheet;

**WHEREAS,** the Parties agree that a stay of the present action until the final resolution of Quash Motion Action will promote efficiency and conserve the Court and the Parties' resources;

**WHEREAS,** good cause exists for a stay of the present action because: (1) it will allow sufficient time for the Quash Motion Action to be resolved; (2) in the event the Quash Motion is denied, it will promote judicial efficiency to have the claim of direct copyright infringement against Denims and contributory copyright infringement against the H3Snark Mods proceed together; (3) in the event the Quash Motion is denied, all current dates in the Scheduling Order will have to be rescheduled to accommodate the H3Snark Mods being joined as parties to the present action; and (4) it will conserve the resources of this Court and the Parties until final resolution of the Quash Motion Action.

**THEREFORE, IT IS HEREBY STIPULATED**, by and between the Parties through their respective attorneys of record respectfully request that: (1) this Court grant this stipulation; (2) the present action be stayed until final resolution of the Quash Motion Action; (3) that all deadlines and dates set forth in the Scheduling Order be vacated; and (4) the Court enter the Order lodged concurrently herewith.

Dated: January 22, 2026

**HEAH BAR-NISSIM LLP**

By /s/ Rom Bar-Nissim
ROM BAR-NISSIM
Attorneys for Plaintiff Ted Entertainment, Inc.

Dated: January 22, 2026

**FROST LLP**

By /s/ Benjamin Kassis
BENJAMIN KASSIS
BENJAMIN GRUSH
Attorneys for Defendant Alexandra Marwa Saber p/k/a Denims

**L.R. 5-4.3.4 Attestation**

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

TED ENTERTAINMENT, INC., a California Corporation,

Plaintiffs,

v.

ALEXANDRA MARWA SABER f/k/a MARWA TALATT ABDELMONEM p/k/a DENIMS, an individual, and DOES 1-10

Defendants.

Case No.: 2:25-cv-05564-WLH-PD

**ORDER GRANTING JOINT STIPULATION TO STAY PROCEEDINGS PENDING RESOLUTION OF THE DOE DEFENDANTS' MOTION TO QUASH [28]**

**ORDER**

Upon consideration of the Joint Stipulation to Stay Proceedings Pending Resolution of the Doe Defendants' Motion to Quash ("Stipulation") of Plaintiff Ted Entertainment, Inc. ("TEI") and Defendant Alexandra Marwa Saber p/k/a Denims ("Denims") (collectively the "Parties"), and for good cause shown, the Court hereby rules as follows:

1. The Stipulation is **GRANTED**;
2. The present action is **STAYED** pending final resolution of the motion to quash ("Quash Motion") filed by the Doe defendants (collectively, the "H3Snark Mods") in the action pending in the United States District Court for the Northern District of California entitled *In re Subpoenas to Reddit, Inc. and Discord, Inc.* (N.D. Cal. Case No.: 3:25-mc-80296-SK) (the "Quash Motion Action");
3. That all deadlines and dates set forth in this Court's Civil Pretrial Schedule and Trial Order (Dkt. No. 23) are hereby **VACATED**; and
4. The Parties shall submit a joint status report within fourteen (14) days of the following any of the below events in the Quash Motion Action (if applicable):
    a. When the Court in the Quash Motion Action issues its Report and Recommendation on the Quash Motion (the "Magistrate Report");
    b. If and when the District Court grants or denies any objections to the Magistrate Report;
    c. If the District Court grants the objections to the Magistrate Report, when the District Court issues its opinion on the Quash Motion;
    d. If a notice of appeal or petition for interlocutory appeal is filed in the Quash Motion Action (collectively, "Appeal Petition");
    e. If the Appeal Petition is granted or denied;
    f. If the Appeal Petition is granted, when the Ninth Circuit issues its

opinion on the Quash Motion Action (the "Potential Ninth Circuit Decision");

g. If a petition for certiorari is filed with respect to the Potential Ninth Circuit Decision ("Potential Cert Petition");

h. If the Potential Cert Petition is granted or denied; and

i. If the Potential Cert Petition is granted, when the Supreme Court issues its opinion in the Quash Motion Action.

**IT IS SO ORDERED.**

DATED: March 2, 2026

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE

BENJAMIN KASSIS (SBN 298844)
ben@frostllp.com
BENJAMIN GRUSH (SBN 335550)
bgrush@frostllp.com
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504

Attorneys for Defendant
ALEXANDRA MARWA SABER p/k/a DENIMS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

TED ENTERTAINMENT, INC., a California Corporation,

Plaintiff,

vs.

ALEXANDRA MARWA SABER f/k/a MARWA TALATT ABDELMONEM p/k/a DENIMS, an individual, and DOES 1-10,

Defendants.

Case No. 2:25-cv-05564-WLH-PD

*Hon. Wesley L. Hsu*

**JOINT STIPULATION TO LIFT STAY FOR LIMITED PURPOSE OF FILING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND [PROPOSED] ORDER THEREON**

Action filed: June 19, 2025

**WHEREAS**, plaintiff Ted Entertainment, Inc. ("TEI") commenced this action by filing its complaint ("Complaint") on June 19, 2025 alleging: (1) direct copyright infringement against defendant Alexandra Marwa Saber p/k/a Denims ("Denims"); and (2) contributory copyright infringement against Does 1-10 (the "H3Snark Mods") (Dkt. No. 1);

**WHEREAS**, on March 3, 2026, the Court stayed this action pursuant to stipulation of TEI and Denims (collectively, the "Parties") pending the outcome of the miscellaneous action pending in the Northern District of California entitled *In re Subpoenas to Reddit, Inc. and Discord, Inc.* (N.D. Cal. Case No. 3:25-mc-80296-SK) (the "Quash Motion Action"), in which the H3Snark Mods seek to quash TEI's subpoena on Discord, Inc. and Reddit, Inc. seeking personal identifying information on the H3Snark Mods to name and serve them in the present action (ECF No. 29);

**WHEREAS**, the Parties have further met and conferred and have agreed that Denims, upon approval of the Court, may file a Motion for Partial Judgment on the Pleadings as to TEI's claim of copyright infringement as to one of the two works at issue ("MPJOP") despite the stay, as the Parties believe allowing an MPJOP to proceed while the Quash Motion Action lingers will promote judicial economy and potentially resolve or facilitate the resolution of the primary claim of infringement and possibly this entire action irrespective of its outcome.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties, that: (1) the stay is lifted for the limited purpose of the MPJOP proceeding; (2) the Parties will meet and confer regarding a briefing schedule for the MPJOP and will submit a proposed briefing schedule to the Court within five (5) days of the entry of the Order on this Stipulation; and (3) the Court enter the Order lodged concurrently herewith.

**SO STIPULATED AND AGREED.**

Dated: March 20, 2026

**HEAH BAR-NISSIM LLP**

By /s/ Rom Bar-Nissim
ROM BAR-NISSIM
Attorneys for Plaintiff Ted Entertainment, Inc.

Dated: March 20 2026

**FROST LLP**

By /s/ Benjamin Grush
BENJAMIN KASSIS
BENJAMIN GRUSH
Attorneys for Defendant Alexandra Marwa Saber p/k/a Denims

**<u>L.R. 5-4.3.4 Attestation</u>**

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TED ENTERTAINMENT, INC.,<br>Plaintiff,<br>vs.<br>ALEXANDRA MARWA SABER et al.,<br>Defendants. | Case No. 2:25-cv-05564-WLH-PD<br><br>**ORDER GRANTING JOINT STIPULATION TO LIFT STAY FOR LIMITED PURPOSE OF FILING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS [30]** |

**ORDER**

Upon consideration of the Joint Stipulation to Lift Stay for Limited Purpose of Filing Motion for Partial Judgment on the Pleadings ("MPJOP"), by and between by Defendant Alexandra Marwa Saber p/k/a Denims ("Denims") and Plaintiff Ted Entertainment, Inc. ("TEI") (the "Stipulation"), and for good cause shown, the Court hereby rules as follows:

1. The Stipulation is **GRANTED**.
2. The stay is lifted for the limited purpose of the MJOP.
3. The Parties shall meet and confer regarding a briefing schedule for the MPJOP and shall submit a proposed briefing schedule to the Court within five days of the entry of this Order.



DATE: March 30, 2026

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE

# Exhibit 28

Rom Bar-Nissim (SBN: 293356)
Rom@HeahBarNissim.com
**HEAH BAR-NISSIM LLP**
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310.432.2836

Attorneys for Plaintiff
Ted Entertainment, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

TED ENTERTAINMENT, INC., a California Corporation,

Plaintiff,

v.

ALEXANDRA MARWA SABER f/k/a MARWA TALATT ABDELMONEM p/k/a DENIMS, an individual, and DOES 1-10

Defendants.

Case No.: 2:25-cv-05564-WLH-PD

*Hon. Wesley L. Hsu*

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Action Filed: June 19, 2025

Plaintiff Ted Entertainment, Inc. ("TEI") respectfully submits its Opposition to the Motion for Partial Judgment on the Pleadings ("Motion")[1] of Defendant Alexandra Marwa Saber p/k/a Denims ("Denims").

## I. INTRODUCTION

The Motion must be denied because Denims cannot show she made a fair use of *Content Nuke: Hasan Piker* ("*The Nuke*") at all – let alone as a matter of law. The Motion fails because it ignores material allegations, mischaracterizes others, glosses over the videos at issue and proceeds on a complete misunderstanding of the legal issues in this case.

The central question in this case is ***not if*** Denims commented on *The Nuke*. The question is ***whether its extent was sufficient to justify commercially exploiting The Nuke in its entirety immediately upon its release***.

Denims cannot dispute she commercially exploited *The Nuke* immediately upon its release. Such use presents the greatest threat to the core concern of fair use: substitution. Public interest in *The Nuke* was at its apex immediately before release. Consequently, any unauthorized exploitation at that time posed the greatest risk of siphoning demand away from the original to the secondary user.

The commercial exploitation of a work immediately upon release also undermines the assertion that the work is being used for a fundamentally different purpose. If Denims' primary purpose was to criticize *The Nuke*, there is no reason she had to do so immediately upon *The Nuke's* release before anyone could watch it. To the contrary, her criticism would have benefited from waiting.

Rather, the timing of Denims' exploitation of *The Nuke* reveals her primary purpose: to commercially capitalize on the public interest in *The Nuke*. She achieved this purpose by hosting a watch party of *The Nuke* to siphon views away from the original to herself. Denims even stated as much on multiple occasions and her exploitation of *The Nuke* was fully consistent with those statements. This is

[1] References are to the ECF page number for previous filings.

quintessential commercialism under the first factor and market substitution under the fourth factor.

Denims' failure to comment on significant and substantial portions of *The Nuke* further undermines her claim that her primary purpose was to criticize it. Transformativeness is ***not just a question of if it exists – but its extent***. When, as here, the use's transformativeness is inconsistent, the claim to fair use diminishes significantly. More specifically, it demonstrates that any critical purpose was ancillary to commercially exploiting the work under the first factor. Further, the failure to comment on significant and substantial portions of *The Nuke* shows Denims did not need to show all of it or most of it – let alone immediately upon release – which is manifestly unreasonable under the third factor.

It is also undisputed that the moderators of the H3Snark subreddit (the "H3Snark Mods") directed users of H3Snark ("H3Snarkers") to Denims' watch party and offered it as a substitute for the original. The H3Snark Mods have a history of providing H3Snarkers unauthorized substitutes for TEI's copyrighted works. They even stated that the purpose of doing so is to deprive TEI of views and advertising revenue. The H3Snark Mods also explicitly acknowledged that H3Snarkers wanted to watch *The Nuke* without contributing to TEI's views or ad revenue. This is why they made multiple posts directing H3Snarkers to Denims' watch party, which further establishes market substitution under the fourth factor.

The Honorable Sallie Kim agreed in her April 29, 2026 order denying the H3Snark Mods' motion to quash (the "4/29/26 Order"). It found that TEI alleged ***and*** proved that the H3Snark Mods directed potential viewers of *The Nuke* to view Denims' watch party as a substitute for the original.

Denims' audience even stated that they were viewing her watch party as a substitute for the original. Denims' chat is littered with people thanking her for hosting a watch party of *The Nuke* because, otherwise, they would have watched the official version. Equally telling, Denims' chat demonstrates that there was a massive

these watch parties. Cmpt., pp. 10:10-18; 11:1-12:17. During the debate, Denims made several damning admissions, including that: (1) her watch parties were "filler content" (*id.*, p. 11:6-13); (2) she felt entitled to the content (*id.*, p. 11:14-16); and (3) she "might not be saying anything" or "walk away from the screen" during her watch parties (*id.*, p. 11:21-26).

Most damning, Denims admitted that her watch parties serve as market substitutes for the original works, stating: (1) "***If someone watches content on someone else's stream, there is a very low likelihood that they're going to go watch it separately and give you the view or the like***"; and (2) "***There's no point of watching something a second time. You already watched it. … [o]nce you watch the video in one place, it's pretty unlikely that you're going to go back and watch it again***." Cmpt., p. 12:20-27.

### C. H3Snark and its Promotion of Infringement of TEI's Works

H3Snark is a subreddit – *i.e.*, a message board on Reddit – of "fallen fans" of the Kleins. Cmpt., ¶ 21. Despite being "fallen fans," H3Snarkers religiously consume TEI's content (known as "hate-watching"). *Id.*, ¶ 23; Request for Judicial Notice ("RJN"), ¶ 8, Ex. 9 (*i.e.*, the 4/29/26 Order), pp. 9:11-10:10. The H3Snark Mods were keenly aware of H3Snarkers' insatiable appetite for TEI content. *Id.*; Cmpt., ¶ 29. The H3Snark Mods were also aware that H3Snarkers did not want to watch TEI's content on its YouTube channels for the specific purpose of depriving TEI of views and advertising revenue. *Id*.; 4/29/26 Order, pp. 9:11-10:10.

The H3Snark Mods provided the H3Snarkers multiple methods to infringe TEI's content. They supplied H3Snarkers links to TEI content on "YewTube" – a website providing unauthorized access to YouTube videos that deprives the original of views and advertising revenue. Cmpt., pp. 17:19-21:9. The H3Snark Mods provided these links in posts they created on H3Snark and in the H3Snark live chat during the live broadcast of TEI content. *Id.* The H3Snark Mods also provided instructions on how to download TEI's paywalled content so that it could be

reposted on H3Snark – which H3Snarkers did. *Id.*, pp. 21:10-28, 22:12-17.

**D. <u>The H3Snark Mods Promote Denims' Infringing Watch Party</u>**

The H3Snark Mods engaged in similar conduct regarding *The Nuke*. On January 30, 2025 (*i.e.*, the day before *The Nuke* was publicly released), the H3Snark Mods made a pinned community post visible to all H3Snarkers regarding *The Nuke*. Cmpt., p. 40:15-27, Ex. G. They acknowledged that H3Snarkers wanted to see *The Nuke* – albeit a pirated version – by stating: "***Hey everyone, we've seen a lot of comments about wanting to watch the nuke without showing support for H3***." *Id.* (emphasis added). The H3Snark Mods provided a list of streamers, including Denims, with links to their pages as a substitute for watching the original. *Id.*; 4/29/26 Order, pp. 9:11-10:10.

On January 31, 2025, the H3Snark Mods made another pinned community post visible to all H3Snarkers entitled: "***DENIMS is LIVE reacting now to today's H3 podcast episode and the 'content nuke' video Ethan is publishing in an hour***." Cmpt., p. 41:9-16; Ex. I (original and added emphasis). The post contained a picture of Denims that linked directly to her page where she was streaming the *Countdown Episode* (and subsequently *The Nuke*). *Id.* Shortly thereafter, the H3Snark Mods made another pinned community post visible to all H3Snarkers regarding various watch parties for *The Nuke*. *Id.*, p. 40:28-41:8, Ex. H. The post featured Denims at the top of the list of places "to watch reactions to this video" (*i.e.*, *The Nuke*) with a link to her watch party on Twitch in bold. *Id.*

**E. <u>Denims' Infringing Watch Party</u>**

Denims' stream from January 31, 2025 is comprised almost entirely of third-party content (*see generally* Exs. J-K) – most of which is TEI's content used without permission. Ex. J beginning at 3:36:47; Ex. K. Prior to *The Nuke's* release, Denims promoted her watch party of *The Nuke* in various ways. Cmpt., pp. 49:1-3, 49:7-9, 51:23-27; Ex. J at 4:48:38-4:48:48; Ex. K at 0:00:34, 00:23:40-47. The details of Denims' watch party are discussed in greater detail in TEI's fair use analysis.

uninterrupted and provide only brief responses. In other words, the true ratio of commentary to the original was ***less*** than the duration of *The Nuke*. This further emphasizes that the ***extent*** of Denims' commentary was insufficient to justify showing *The Nuke* in its entirety immediately upon release.

Further distinguishing *Stebbins* and *Hosseinzadeh* from the present case is the timing of the secondary use. In *Stebbins*, the original work was posted on October 13, 2019 and the secondary work was posted ***nearly two years later*** on September 12 and 15, 2021. 2025 WL 2233208, *1. In *Hosseinzadeh*, the original work was posted on August 11, 2013 and the secondary use was posted ***two and a half years later*** on February 15, 2016. *Hosseinzadeh*, 276 F.Supp.3d at 40; RJN, ¶ 2, Ex. 3. Unlike those cases, Denims' secondary use occurred ***immediately after The Nuke's release*** when public interest and the risk of substitution was at its apex.

Moreover, Denims was keenly aware that her watch parties serve as substitutes for the original. She acknowledged that her watch parties involve "curating" content from YouTube for her audience on Twitch. Cmpt., pp. 11:17-12:16. More damning, Denims admitted that her watch parties serve as substitutes for the original. *Id.*, p. 12:17-27. Therefore, Denims knew and intended her watch party of *The Nuke* to serve as a substitute for the original.

The findings of the 4/29/26 Order reinforce that Denims' purpose was to deprive TEI of views. In determining that TEI made a *prima facie* showing that the H3Snark Mods were contributory liable for Denims' infringement,[14] the Court found that: (1) it "appears that the ***entire purpose*** of watching Denims' watch party was to ***watch TEI's programming in a manner that did not benefit TEI***;" and (2) "the ***entire purpose*** of Denims' watch party was to 'hatewatch' TEI's works ***without giving any benefit to TEI***."[15] 4/29/26 Order, pp. 9:11-10:10 (emphasis added).

[14] The 4/29/26 Order declined to analyze whether Denims' made a fair use of either work at issue in this case. 4/29/26 Order, p. 8:15-22. However, the 4/29/26 Order's findings are probative of the first and fourth fair use factors.

[15] "A hatewatched show is one the viewer genuinely despises but cannot stop watching." 4/29/26 Order, p. 10:2-3.

28:14.

Shortly prior to the release of *The Nuke*, the H3Snark Mods publicly acknowledged that H3Snarkers wanted to watch pirated versions of *The Nuke*. Their highly visible pinned community post stated: "***We have seen a lot of comments about wanting to watch the nuke without showing support for H3***" and provided a list of substitutes, including Denims. Cmpt., p. 40:5-27; Ex. G (emphasis added). Therefore, the H3Snark Mods knew H3Snarkers wanted to watch pirated versions of *The Nuke* and identified Denims as providing a substitute.

On January 31, 2025 (*i.e.*, the day *The Nuke* was released), the H3Snark Mods made two more highly visible pinned community posts. One provided a picture of Denims with a link to her stream entitled: "***DENIMS is LIVE reacting now to today's H3 podcast episode and the 'content nuke' video Ethan is publishing in about an hour***." Cmpt., p. 41:9-16; Ex. I (original and added emphasis). The other linked various creators, including Denims, as a place to watch *The Nuke* instead of the original. Cmpt., pp. 40:28-41:8; Ex. H.

These posts by the H3Snark Mods show they offered Denims' watch party as a substitute for watching *The Nuke* itself. It drove an unprecedented number of viewers to her stream – along with the other individuals on the list who hosted similar watch parties. Cmpt. 50:17-51:12; RJN, ¶¶ 4-7, Exs. 5-8.

The 4/29/26 Order emphasizes this point. If found that TEI did – "not merely allege these facts" but proffered "specific evidence that the [H3Snark Mods] specifically instructed other potential viewers to watch Denims' 'watch party'" to deprive TEI of views. 4/29/26 Order, pp. 9:11-10:10. Further, TEI proffered "credible evidence" the H3Snark Mods "understood" Denims' purpose was to deprive TEI of views and "facilitated this goal by encouraging other people to watch Denims' watch party." *Id.*

Denims' chat dispels any doubt that they viewed her watch party of *The Nuke* as a substitute for the original. Below are screenshots of a ***few*** examples with

Denims' remaining arguments are equally frivolous. The fact that her watch party was on an "interactive, chat-centric" platform does not create a fundamentally different viewing experience. Motion, p. 27:2-6. Nor did Denims provide sufficient commentary – like in *Stebbins* and *Hosseinzadeh* – to consistently create a fundamentally different viewing experience. *Compare Id.*, p. 20:13-23 *with* Section IV.B; RJN, ¶¶ 1-2, Exs. 2, 4. Nor is this case analogous to *Hughes v. Benjamin*, 437 F.Supp.3d 382 (S.D.N.Y. 2020). Motion, pp. 27:15-28:5. Unlike that case, it is plainly obvious Denims' viewers were keenly aware of *The Nuke* and wanted to see it – albeit a pirated version. Section IV.B; 4/29/26 Order, pp. 9:11-10:10.

Therefore, the fourth factor weighs against fair use.

## V. CONCLUSION

For the reasons set forth above, TEI respectfully requests this Court to deny the Motion.

Dated: May 1, 2026

**HEAH BAR-NISSIM LLP**

By /s/ Rom Bar-Nissim
ROM BAR-NISSIM
Attorneys for Plaintiff Ted Entertainment, Inc.

# CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for plaintiff Ted Entertainment, Inc. certifies that this brief contains 6,997 words, which complies with the word limit of L.R. 11-6.1, 11-6.2 and Section G.4 of the Court's Standing Order.

Dated: May 1, 2026

**HEAH BAR-NISSIM LLP**

By /s/ Rom Bar-Nissim
ROM BAR-NISSIM
Attorneys for Plaintiff Ted Entertainment, Inc.

# Exhibit 29

Rom Bar-Nissim (SBN: 293356)
Rom@HeahBarNissim.com
**HEAH BAR-NISSIM LLP**
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310.432.2836

Attorneys for Plaintiff
Ted Entertainment, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

TED ENTERTAINMENT, INC., a California Corporation,

Plaintiffs,

v.

ALEXANDRA MARWA SABER f/k/a MARWA TALATT ABDELMONEM p/k/a DENIMS, an individual, and DOES 1-10

Defendants.

Case No.: 2:25-cv-05564-WLH-PD

*Hon. Wesley L. Hsu*

**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Action Filed: June 19, 2025

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Rule 201 of the Federal Rules of Evidence ("FRE"), plaintiff Ted Entertainment, Inc. ("TEI") respectfully requests that this Court take notice of the following materials:

1. The video entitled *The Big, The BOLD, The Beautiful*, which made a fair use reaction video to the audiovisual work *Bold Guy vs Parkour Girl* in *Hosseinzadeh v. Klein*, 276 F.Supp.3d 34 (S.D.N.Y. 2017). *See* Declaration of Rom Bar-Nissim ("RBN Decl."), ¶ 2(a), Exs. 1-2.

2. The video entitled *Bold Guy vs Parkour Girl*, which was the plaintiff's work in *Hosseinzadeh*. RBN Decl., ¶ 2(b), Exs. 3-4.

3. That the date *Bold Guy vs Parkour Girl* was released to the public was August 11, 2013. RBN Decl., ¶ 2(b), Ex. 3.

4. The complaint filed in the action entitled *Ted Entertainment, Inc. v. Majed et al.* (C.D. Cal. Case No. 2:25-cv-05565-JFW-MAA) ("*Majed* Action") and the allegations contained therein. RBN Decl., ¶ 3; Ex. 5.

5. Exhibit H to the complaint in the *Majed* Action, which is a video file of the watch party at issue in that case (the "Majed Watch Party Video). RBN Decl., ¶ 3; Ex. 6.

6. The complaint filed in the action entitled *Ted Entertainment, Inc. v. Caviness et al.* (W.D. Mo. Case No. 4:25-cv-00459-BCW) ("*Caviness* Action") and the allegations contained therein. RBN Decl., ¶ 4, Ex. 7.

7. Exhibit H to the complaint in the *Caviness* Action, which is a video file of the watch party at issue in the case (the "Caviness Watch Party Video). RBN Decl., ¶ 4, Ex. 8.

8. The April 29, 2026 order (the "4/29/26 Order") by the Honorable Sallie Kim of the Northern District of California denying the motion to quash of the Doe defendants in the miscellaneous action entitled *In re Subpoenas to Reddit, Inc. and Discord, Inc.* (Case No. 3:25-mc-80296-SK) the (the "Motion to Quash

Action”). RBN Decl., ¶ 5, Ex. 9.

As set forth in more detail below, these materials are properly subject to judicial notice as they are “adjudicative facts” that are “not subject to reasonable dispute” in that they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* FRE Rule 201.

## I. DOCUMENTS SUBJECT TO JUDICIAL NOTICE AS PUBLIC RECORDS

It is axiomatic that courts “may take judicial notice of … matters of public record.” *Reyn’s Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 fn. 6 (9th Cir. 2006) (citing *Burbank-Glendale-Pasadena Airport Authority v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998)).

Courts may take judicial notice of “various pleadings filed” with the Court. *Silicon Valley Bank v. New Hampshire Insurance Co.*, 203 F.Supp.2d 1152, 1155 (C.D. Cal. 2002); *see also Endsley v. Luna*, 750 F.Supp.2d 1074, 1084 fn. 2 (C.D. Cal. 2010) (taking judicial notice of six documents filed in the instant action).

Here, Items 2 and 4-9 are all public records as described below.

*The Big, THE BOLD, The Beautiful*: The video file of *The Big, THE BOLD, The Beautiful* was filed with District Court for the Southern District of New York in an action entitled *Hosseinzadeh v. Klein et al.* (Case No. 1:16-cv-03081-KBF) (the “*Hosseinzadeh* Action”). RBN Decl., ¶ 2(a). It was filed as Docket Nos. 52, 55, 84-1 (as Exhibit 1), 87-1. *Id.* Therefore, it is a public record. The video is described in the Court’s decision granting summary judgment. *Hosseinzadeh*, 276 F.Supp.3d at 40, 45-46. It is also publicly available on YouTube. RBN Decl., ¶ 2(a). Consequently, the video is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

The video contains adjudicative facts because it was held to have been a fair use reaction video of *Bold Guy vs Parkour Girl*. *Hosseinzadeh*, 276 F.Supp.3d at 45-47. Given the parties’ reliance on *Hosseinzadeh*, having the actual video will help the

Court to contrast the alleged infringing reaction video at issue in this case from the one at issue in *Hosseinzadeh*.

<u>*Bold Guy vs Parkour Girl*:</u> The video file of *Bold Guy vs Parkour Girl* was filed in the *Hosseinzadeh* Action in Docket Nos. 52, 55, 84-1 (as Exhibit 2), 87-2. RBN Decl., ¶ 2(b). Therefore, it is a public record. The video is described in the Court's decision granting summary judgment. *Hosseinzadeh*, 276 F.Supp.3d at 40. It is also publicly available on YouTube. RBN Decl., ¶ 2(b). Further, excerpts of this video were used in *The Big, THE BOLD, The Beautiful*. *See* Ex. 2. Consequently, the video is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

The video contains adjudicative facts because its use in the video *The Big, THE BOLD, The Beautiful* was held to be a fair use. *Hosseinzadeh*, 276 F.Supp.3d at 45-47. Given the parties' reliance on this decision, having the actual video will help the Court to contrast the alleged infringing reaction video at issue in this case from the one at issue in *Hosseinzadeh*.

<u>The Complaint in the *Majed* Action:</u> The complaint was filed in the *Majed* Action as Docket No. 1 (the "*Majed* Complaint") and, therefore, is a public record. RBN Decl., ¶ 3. Consequently, the *Majed* Complaint is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

The *Majed* Complaint is an adjudicative fact because it goes to the fourth fair use factor involving market harm. In determining market harm under the fourth fair use factor, courts examine, *inter alia*, "whether unrestricted and widespread conduct of the sort engaged in by the defendant would result in a substantially adverse impact on the potential market for the original and the market for derivative works." *McGucken v. Ocean Pub. Ltd.*, 42 F.4th 1149, 1163 (9th Cir. 2022). The *Majed* Complaint alleges that the defendant hosted a watch party of TEI's copyrighted work *Content Nuke: Hasan Piker* ("*The Nuke*") immediately upon release. RBN Decl., ¶ 3. This shows that the conduct at issue in this case was duplicated by other individuals

and resulted in market harm to the original. *Id.*

The Watch Party in the *Majed* Action: The video of the watch party of *The Nuke* at issue in the *Majed* Action was filed as Exhibit H to the Complaint with the Docket No. 1-8 (the "Majed Watch Party Video") and, therefore, is a public record. RBN Decl., ¶ 3. Consequently, the video is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

The Majed Watch Party Video is an adjudicative fact for the same reason that the *Majed* Complaint is an adjudicative fact. RBN Decl., ¶ 3. Further, the Majed Watch Party Video contains the video file of the watch party at issue in the *Majed* Action. *Id.*

The Complaint in the *Caviness* Action: The complaint was filed in the *Caviness* Action as Docket No. 1 (the "*Caviness* Complaint") and, therefore, is a public record. RBN Decl., ¶ 4. Consequently, the document is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

The *Caviness* Complaint is an adjudicative fact for the same reasons as the *Majed* Complaint. RBN Decl., ¶ 4. The *Caviness* Complaint alleges that the defendant hosted a watch party of TEI's copyrighted work *The Nuke* thirteen minutes after its release. *Id.* This shows that the conduct at issue in this case was duplicated by other individuals and resulted in market harm to the original. *Id.*

The Watch Party in the *Caviness* Action: The video of the watch party of *The Nuke* at issue in the *Caviness* Action was filed as Docket No. 1-8 (the "Caviness Watch Party Video) and, therefore, is a public record. RBN Decl., ¶ 4. Consequently, the video is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

The Caviness Watch Party Video is an adjudicative fact for the same reason that the *Caviness* Complaint is an adjudicative fact. RBN Decl., ¶ 4. Further, the Caviness Watch Party Video contains the video file of the watch party at issue in the

*Caviness* Action. *Id.*

The 4/29/26 Order: The 4/29/26 Order was filed in the Motion to Quash Action as Docket No. 45 and, therefore, is a public record. RBN Decl., ¶ 5. Consequently, the 4/29/26 Order is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

The 4/29/26 Order is an adjudicative fact because its findings concern the first and fourth fair use factor. The first fair use factor examines the purpose and character of the use. 17 U.S.C. § 107(1). The fourth fair use factor "asks whether consumers treat a challenged use 'as a market replacement' for the copyrighted work[.]" *Nat. Fire Protection Assoc., Inc. v. UpCodes, Inc.*, 753 F.Supp.3d 933, 965 (C.D. Cal. 2024). The fourth fair use "factor points against fair use when a copyist makes copies available that displace demand for the copies the copyright owner already makes available or readily could." *Bartz v. Anthropic PBC* 787 F.Supp.3d 1007, 1031 (N.D. Cal. 2025). The 4/29/26 Order made several relevant findings that pertain to the first and fourth factor in this case. The relevant excerpt is reproduced below:

> TEI does not merely allege these facts but points to specific evidence that the Doe Defendants specifically instructed other potential viewers to watch Denims' "watch party" as an "ethical" way to watch TEI's programs. [Citation]. In this context, opponents of the Kleins wanted to watch their shows but did not want to give them 'views' on YouTube or other streaming platforms that reward content creators based on their number of viewers. It appears that the entire purpose of watching Denims' watch party was to watch TEI's programming in a manner that did not benefit TEI. [Citation]
>
> TEI's allegations, supported by evidence, create a prima facie claim for contributory copyright infringement against the Doe Defendants. Although it may seem counterintuitive that opponents of the Kleins would want to watch the Kleins' programs, they were engaging in a cultural phenomenon known as "hatewatching"
>
> The Urban Dictionary defines the term "hatewatch" as follows:
>
> A hatewatched show is one the viewer genuinely despises but cannot stop watching. This could be because it is so "important" they feel they have to, because it has enough promise that they hope it gets better, because it's so well-crafted in it's [sic] terribleness that the badness itself is noteworthy, or because they enjoy the adrenaline that

> pure revulsion can bring. Whatever the reason, the hatewatcher can't look away from the trainwreck.
>
> [Citation]. Here, the entire purpose of Denims' watch party was to "hatewatch" TEI's works without giving any benefit to TEI. There is credible evidence that the Doe Defendants understood this goal and facilitated this goal by encouraging other people to watch Denims' watch party.

Ex. 9, pp. 9:17-10:10 (original and added emphasis; footnote omitted).

## II. DOCUMENTS SUBJECT TO JUDICIAL NOTICE AS PUBLICLY ACCESIBLE WEBSITES

"As a general matter, websites and their contents may be proper subjects for judicial notice provided that the party submits a copy of the relevant webpage to the court." *Lakes v. Ubisoft, Inc.*, 777 F.Supp.3d 1047, 1053 (N.D. Cal. 2025) (internal brackets and quotation marks omitted). Here, Items 1-3 are subject to judicial notice as publicly available websites and their contents.

*The Big, the BOLD, The Beautiful*: A reupload of this video is publicly available on YouTube's website at: https://youtu.be/CXUs5FOo-JE?si=gLi8uq9iEbqLMuL_ RBN Decl., ¶ 2(a). A PDF printout of the webpage accompanies the video. *Id.*, Ex. 1. Consequently, the video is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. The video contains adjudicative facts for the same reasons explained in Section I discussing the same video.

*Bold Guy vs Parkour Girl*: This video is publicly available on YouTube's website at: https://youtu.be/Dj4XAYhF0ok?si=7TuEQEXveK7kATLc. RBN Decl., ¶ 2(b). A PDF printout of the webpage accompanies the video. *Id.*, Ex. 3. Consequently, the video is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. The video contains adjudicative facts for the same reasons explained in Section I discussing the same video.

The Date *Bold Guy vs Parkour Girl* was publicly released: On the same

webpage for *Bold Guy vs Parkour Girl*, the description box (when expanded) displays the August 11, 2013 as the date the video was made publicly available. RBN Decl., ¶ 2(b). Consequently, the video is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

The date is an adjudicative fact because it helps illustrate the nearly two and a half year gap between when *Bold Guy vs Parkour Girl* was first made publicly available and the public release of *The Big, the BOLD, The Beautiful* on February 15, 2026. *Hosseinzadeh*, 276 F.Supp.3d at 40; RBN Decl., ¶ 2(b). Given the parties' reliance on the *Hosseinzadeh* decision, the date helps the Court contrast the timing of the reaction video in this case with the use at issue in *Hosseinzadeh.*

## III. CONCLUSION

For the reasons set forth above, TEI respectfully requests this Court to grant its Request for Judicial Notice.

Dated: May 1, 2026

**HEAH BAR-NISSIM LLP**

By /s/ Rom Bar-Nissim
ROM BAR-NISSIM
Attorneys for Plaintiff Ted Entertainment, Inc.

Case: 26-3553, 10/12/2026, DktEntry: 22.2, (45 of 112)

# EXHIBIT 9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**IN RE SUBPOENAS TO REDDIT, INC. AND DISCORD, INC.**

Case No. 25-mc-80296-SK

**ORDER DENYING MOTION TO QUASH SUBPOENAS**

Regarding Docket No. 1

Before the Court is the motion filed by Movant Doe Defendants ("Doe Defendants") to quash subpoenas issued by Ted Entertainment, Inc. ("TEI") to non-parties Reddit, Inc. ("Reddit") and Discord, Inc. ("Discord"). (Dkt. No. 1.) The parties consented to the jurisdiction of the undersigned. (Dkt. Nos. 32–33.) Having carefully considered the parties' papers, relevant legal authority, case record, and oral argument, the Court DENIES Doe Defendants' motion for the reasons set forth below.

## BACKGROUND

On June 19, 2025, TEI filed a complaint for copyright infringement against Alexandra Marwa Saber f/k/a Marwa Talatt Abdelmonem p/k/a Denims (hereinafter "Denims") and contributory copyright infringement against the Doe Defendants in the Central District of California (the "underlying action"). (Dkt. No. 1-1, Declaration of Leah Rosa Vulić ("Vulić Decl."), Ex. 1 at pp. 78–79.) TEI is a production company that produces online content. (Dkt. No. 16 at p. 7.) TEI releases live broadcasts of "The H3 Show," on YouTube which provide "comedic commentary on current events and public figures." (Dkt. No. 16-2, Declaration of Ethan and Hila Klein at ¶¶ 8–9.) Ethan and Hila Klein (collectively the "Kleins"), the owners of TEI, co-host "The H3 Show." (*Id.* at ¶¶ 7, 9.)

/ / /

United States District Court
Northern District of California

Prior to October 2023, Ethan Klein hosted a political comedy podcast with Hasan Piker. (*Id.* at ¶ 22.) In October 2023, however, a public disagreement commenced between the Kleins and Hasan Piker due to their respective stances on the Israeli–Palestinian conflict. (*Id.*) TEI alleges that a subreddit—titled "r/H3Snark" was created to target the Kleins and TEI content. (*Id.* at ¶ 23.) The Kleins further allege the "r/H3Snark" user base, comprised of former TEI fans, significantly increased following their public disagreement with Hasan Piker. (*Id.* at ¶¶ 21, 23, 38–40.)

TEI alleges that it holds registered copyrights to the following videos: (1) The H3 Show #105: Countdown to Doomsday (the "Countdown Episode"); and (2) Content Nuke: Hasan Piker ("The Nuke"). (Dkt. No. 1-1, Vulić Decl., Ex. 1 at ¶ 2.) TEI alleges that Denims, a defendant in the underlying action, hosted an online "group viewing session" or "Watch Party" of the Countdown Episode and The Nuke to "siphon views and [take potential] revenue away from TEI's copyrighted works." (*Id.*)

TEI further alleges that the moderators of the "r/H3Snark" subreddit comprise Does 1-10 in the underlying action. (*Id.* at ¶ 11.) TEI states that it does not know the true names or exact locations of the Doe Defendants but provides alleged Reddit and Discord usernames of Does Nos. 1-6. (*Id.*) TEI alleges that the Doe Defendants promoted Denims' "watch parties" as an alternative to the TEI's works on the "r/H3Snark" subreddit. (*Id.* at ¶ 3.)

On July 16, 2025, TEI, in the underlying action, requested leave to issue subpoenas to Reddit and Discord to obtain personal identifying information of the Doe Defendants pursuant to Federal Rule of Civil Procedure 45. On July 31, 2025, the District Court in the underlying action granted TEI leave to serve the third-party subpoenas. On August 4, 2025, TEI served the subpoenas on non-parties Reddit and Discord. (Dkt. No. 1-1, Vulić Decl., Exs. 10–11.) The subpoenas, specifically, seek documents and communications containing the personally identifying information of specific Reddit and Discord users. (*Id.*)

/ / /

/ / /

/ / /



United States District Court
Northern District of California

The Doe Defendants move to quash TEI's subpoenas. (Dkt. No. 1.) TEI opposes and the Doe Defendants filed a reply in support of its motion to quash.[1] (Dkt. Nos. 16, 20.) The Court heard oral argument on April 20, 2026. (Dkt. No. 38.)

## ANALYSIS

### I. Legal Standard.

Federal Rule of Civil Procedure 45 governs discovery of non-parties. The scope of permitted discovery under Rule 45 is the same as the scope of discovery permitted under Rule 26(b). *Beaver Cty. Employers Ret. Fund v. Tile Shop Holdings, Inc.*, 2016 WL 3162218, at *2 (N.D. Cal. June 7, 2016) (citing Fed. R. Civ. P. 45 advisory comm's note (1970); Fed. R. Civ. P. 34(a)). Rule 26(b) permits a party to obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

A court must protect a nonparty subject to a subpoena if the subpoena "requires disclosure of privileged or other protected matter" or the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3). A court must also limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

---

[1] The Doe Defendants filed an administrative motion to submit additional evidence to support their motion to quash. (Dkt. No. 25.) TEI opposed and the Doe Defendants filed a reply. (Dkt. Nos. 28, 30.) The Court DENIES the Doe Defendants' administrative motion because the proffered evidence is not necessary for the Court to decide the Doe Defendants' motion to quash. *See Schumacher v. Airbnb, Inc.*, No. C 15-5734 CW, 2016 WL 7826667, at *7 (N.D. Cal. Nov. 9, 2016) (denying an administrative motion to submit additional evidence because the evidence was not necessary for the court's determination).



United States District Court
Northern District of California

As relevant here, Rule 45 provides that "the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). "On a motion to quash a subpoena, the moving party has the burden of persuasion under Rule 45(c)(3), but the party issuing the subpoena must demonstrate that the discovery sought is relevant." *Chevron Corp. v. Donziger*, 2013 WL 4536808, *4 (N.D. Cal. Aug. 22, 2013) (internal citation omitted).

**II. Doe Defendants' Motion to Quash.**

The Doe Defendants move to quash TEI's subpoenas on the grounds that (1) they acted in furtherance of their First Amendment right to speak anonymously, and (2) TEI cannot substantiate its claim for contributory copyright infringement against them. (Dkt. No. 1 at pp. 23–33.) The Court addresses the Doe Defendants' arguments in turn.

**A. Digital Millenium Copyright Act § 512(h) Subpoena Legal Standard.**

As a threshold matter, the Court must determine the applicable legal standard. The Doe Defendants argue that the *Highfields* test applies because their right to anonymous speech is protected by the First Amendment where, as here, the nature of their speech is political. (*Id.* at 22–24) (citing *Highfields Cap. Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969 (N.D. Cal. 2005)). At the motion hearing, TEI explained that it did not issue the subpoenas in question under the Digital Millenium Copyright Act ("DMCA"), 17 U.S.C. § 512(h). Nonetheless, in its opposition, TEI invoked the test outlined in an action involving a subpoena issued under the DMCA—*In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868 (N.D. Cal. 2022). (Dkt. No. 16 at p. 13.)

While the DMCA does not apply here, the Court looks to cases applying the DMCA legal standard because the *Highfields* test is not applicable to a copyright action. *Highfields* involved claims for trademark infringement and unfair competition, not copyright law. *See Highfields*, 385 F. Supp. 2d at 972; *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875, 882 (N.D. Cal. 2020) (noting that the *Highfields* test "is not well suited for a copyright dispute … because the First Amendment does not protect anonymous speech that infringes copyright."); *Arista Recs.,*

United States District Court
Northern District of California

*LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010) ("[T]o the extent that anonymity is used to mask copyright infringement or to facilitate such infringement by other persons, it is unprotected by the First Amendment.").

In circumstances involving alleged copyright infringement and the First Amendment right to remain anonymous, "the Ninth Circuit requires a court to consider and weigh both the anonymous speaker's First Amendment interest and the subpoenaing party's need for identifying information." *Barnes v. YouTube, Inc.*, No. 25-CV-05901-VKD, 2026 WL 412470, at *3 (N.D. Cal. Feb. 13, 2026). Specifically, "when adjudicating a subpoena or other request for compelled disclosure that would reveal the identity of an anonymous speaker, a court should (1) notify the speaker and provide them with an opportunity to (anonymously) defend their anonymity; (2) require the party seeking disclosure to make a prima facie showing on the merits of their claim; and (3) balance the equities, weighing the potential harm to the party seeking disclosure against the speaker's interest in anonymity, in light of the strength of the underlying claim." *In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d at 876.

### B. The Application of the DMCA Legal Standard.

#### 1. Opportunity of the Anonymous Speakers to Defend Anonymity.

The parties do not discuss this element in their papers. Because the Court has permitted the Doe Defendants to proceed anonymously, the Court finds that the Doe Defendants' present motion to quash (1) indicates that they received notice of TEI's subpoenas to Reddit and Discord, and (2) serves as a method for the Doe Defendants' to defend their anonymity. *See Barnes*, 2026 WL 412470, at *3 (finding the first DMCA element satisfied because the doe defendant received notice of the subpoena, filed a motion to quash the subpoena, and the court permitted the doe defendant to proceed anonymously).

#### 2. Prima Facie Case of Denims Copyright Infringement and the Doe Defendants' Contributory Copyright Infringement.

TEI alleges direct copyright infringement against Denims and contributory copyright infringement against the Doe Defendants. (Dkt. No. 1-1, Vulić Decl., Ex. 1 at ¶¶ 74–87.) The Court addresses each argument in turn.

United States District Court
Northern District of California

**a. Denims' Alleged Copyright Infringement.**

To establish a prima facie case of Denims' copyright infringement, TEI must demonstrate: (1) ownership of the copyrighted material, and (2) violation by the accused infringer of at least one exclusive right granted to copyright holders under 17 U.S.C. § 106. *A&M Recs., Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001), *as amended* (Apr. 3, 2001), *aff'd sub nom. A&M Recs., Inc. v. Napster, Inc.*, 284 F.3d 1091 (9th Cir. 2002); *see* 17 U.S.C. § 501(a) (infringement occurs when alleged infringer engages in activity listed in § 106). "Among the exclusive rights enjoyed by copyright holders are the rights to reproduce the copyrighted work and to prepare derivative works based on the copyrighted work." *Barnes*, 2026 WL 412470, at *4 (citing 17 U.S.C. § 106(1), (2)).

TEI alleges direct copyright infringement against Denims. (Dkt. No. 1-1, Vulić Decl., Ex. 1 at ¶¶ 74–81.) The Doe Defendants, in response, argue that Denims did not directly infringe TEI's copyrighted works because Denims' use of the Countdown Episode and The Nuke constituted fair use. (Dkt. No. 1 at p. 28.) The Doe Defendants, specifically, argue that Denims' use was transformative, Denims did not supersede the original use, TEI's works are highly factual, Denims' use did not negatively impact the market, and that TEI's "thin" copyrights deserve little protection. (*Id.* at pp. 28–32.)

In response to the Doe Defendants' fair use argument, TEI argues that neither Denims nor the Doe Defendants' use of TEI's works constitute fair use. (Dkt. No. 16 at pp. 14–15.) Regarding Denims' use, TEI asserts that (1) the primary purpose of Denims' Watch Party was to provide a substitute for TEI's works and exploit them for commercial gain; (2) TEI's works contained numerous creative elements; (3) Denims streamed The Nuke in its entirety and the Countdown Episode nearly in its entirety; and (4) Denims' Watch Party served as a market substitute for TEI's works because thousands of individuals watched her Watch Party before they had the opportunity to watch TEI's works. (*Id.* at pp. 15–24.) TEI further argues that the Doe Defendants' use of TEI's works did not constitute fair use because Denims did not provide sufficient commentary on TEI's works in their alleged "inducement posts" on Reddit and Discord. (*Id.* at p. 15.)

/ / /



United States District Court
Northern District of California

United States District Court
Northern District of California

Here, the Court finds that TEI's allegations satisfy the prima facie standard to show copyright infringement by Denims. TEI alleges direct copyright infringement against Denims on the grounds that: (1) TEI owned and registered the copyrights in the Countdown Episode and The Nuke with the United States Copyright Office; (2) Denims accessed the Countdown Episode and The Nuke from TEI's YouTube channels without any license, authorization, or consent from TEI; and (3) Denims' "group viewing session" of the Countdown Episode and The Nuke constituted an unauthorized reproduction, public performance, and derivative work of the Countdown Episode and The Nuke in violation of TEI's rights as set forth in 17 U.S.C. § 106. (Dkt. No. 1-1, Vulić Decl., Ex. 1 at ¶¶ 75–78.) TEI further alleges that the registration numbers for the Countdown Episode and The Nuke, respectively, are PAu 4-257-253 and PAu 4-256-429. (*Id.* at ¶ 38; Dkt. No. 16 at p. 14.)

The Doe Defendants argue that this Court should decide the issue of fair use in the present motion to quash, but this Court must only determine whether TEI has made a prima facie allegation of copyright infringement. To argue that TEI did not make a showing of fair use, the Doe Defendants cite the decision by another District Judge. (Dkt. No. 1 at p. 29) (*citing In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d at 879 ("[t]o make a prima facie case of copyright infringement for the purposes of obtaining a subpoena, then, a party must make a prima facie case that the infringing use did not constitute fair use")). The Doe Defendants apply this law to discuss the merits of fair use. (*Id.* at pp. 29–32)

Normally, fair use is an affirmative defense. *See Tresóna Multimedia, LLC v. Burbank High Sch. Music Ass'n*, 953 F.3d 638, 647–52 (9th Cir. 2020). In the context of a DMCA subpoena, however, a court must consider fair use in analyzing a motion to quash. *See Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1153 (9th Cir. 2016) (holding that "for the purposes of the DMCA—fair use is uniquely situated in copyright law so as to be treated differently than traditional affirmative defenses.") Under the DMCA, a copyright owner must first issue a "take-down" notice to a service provider, which notifies the service provider of the claimed infringement. 17 U.S.C. § 512(c)(3). The notice, in part, must include "[a] statement that the complaining party has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law." 17 U.S.C. § 512(c)(3)(v).

United States District Court
Northern District of California

Therefore, in the DMCA context, a copyright holder, before sending a take-down notification, must evaluate whether that the allegedly infringing use constitutes fair use. *See* 17 U.S.C. § 512(c)(v); *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d at 886 (noting that a party who served a subpoena under the DMCA "was required to evaluate fair use before sending its take-down [n]otice") (citing *Lenz*, 815 F.3d at 1153)).

In addition, "the [DMCA] subpoena is its own civil case, and the motion to quash is dispositive of the sole issue presented in the case—whether the subpoena should be enforced or not." *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d at 880. In the district court decision cited by the Doe Defendants, the court discussed fair use in the context of a DMCA subpoena. *See In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d at 879–81 (analyzing the fair use factors to find that a copyright owner did not establish a prima facie case of copyright infringement); *see also In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d at 883–87 (addressing fair use to determine whether a DMCA subpoena should be quashed). The structure of the DMCA thus makes it necessary for a court to consider fair use in determining whether to quash a subpoena issued under the DMCA.

In contrast, the Court need not consider fair use in deciding the instant motion to quash a *Rule 45* subpoena. Given the differences between a DMCA and Rule 45 subpoena, the Court declines to analyze the defense of fair use in determining whether TEI has made a prima facie case of contributory copyright infringement. The District Court in the underlying action will determine the issue of fair use. Indeed, a motion for partial judgment on the pleadings regarding whether Denims' use of The Nuke constituted fair use is pending before the District Court in the underlying action. (Dkt. No. 44 at p. 2.) Thus, because that issue will be litigated fully in another forum, there is no need for the Court to address the defense of fair use.

**b. The Doe Defendants' Alleged Contributory Copyright Infringement.**

To establish a prima facie case of the Doe Defendants' contributory copyright infringement, TEI must show that the Doe Defendants: "(1) ha[d] knowledge of [Denims'] infringement and (2) either (a) materially contribute[d] to or (b) induce[d] that infringement." *See Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 795 (9th Cir. 2007); *see also MG Premium*

*Ltd v. Does, No. CV 21-8533-MCS (KKX)*, 2022 WL 3013128 (C.D. Cal. Jan. 18, 2022) (finding that the plaintiff alleged a prima facie case of contributory copyright infringement because the plaintiff alleged the following in its complaint: (1) ownership and registration of the copyrighted work at issue in the case; (2) the defendants knew of the infringing activity; and (3) the defendants actively participated in this infringement by inducing, causing, and contributing to the infringement of the plaintiff's copyright work).

The Doe Defendants contend that (1) TEI cannot show that the "Doe [Defendants] watched Denims' [group viewing session] such that they could know whether [Denims'] use was infringing and not fair use;" and (2) TEI cannot establish that the Doe Defendants induced, caused, or materially contributed to any infringement by "creating a discussion thread, which includes a link to a streamer's channel." (Dkt. No. 1 at pp. 24–28.)

The Court concludes that TEI meets its burden to show a prima facie case of contributory copyright infringement. First, TEI alleges ownership and registration of the copyrighted work at issue in the case. (Dkt. No. 1-1, Vulić Decl., Ex. 1 at ¶¶ 75–76.) Second, TEI alleges that the Doe Defendants knew Denims' "group viewing session" infringed or intended to infringe TEI's copyrighted works and induced, caused, and/or materially contributed to Denims' infringement. (*Id.* at ¶¶ 83–85; Dkt. No. 16 at pp. 24–28.)

TEI does not merely allege these facts but points to specific evidence that the Doe Defendants specifically instructed other potential viewers to watch Denims' "watch party" as an "ethical" way to watch TEI's programs. (Dkt. No. 7, Vulić Decl., Exs. F–G.) In this context, opponents of the Kleins wanted to watch their shows but did not want to give them "views" on YouTube or other streaming platforms that reward content creators based on their number of viewers. It appears that the entire purpose of watching Denims' watch party was to watch TEI's programming in a manner that did not benefit TEI. (*See id.* providing a list of content creators for people to watch The Nuke "without showing support for H3").

TEI's allegations, supported by evidence, create a prima facie claim for contributory copyright infringement against the Doe Defendants. Although it may seem counterintuitive that opponents of the Kleins would want to watch the Kleins' programs, they were engaging in a cultural phenomenon known as "hatewatching."

United States District Court
Northern District of California

The Urban Dictionary defines the term "hatewatch" as follows:

> A hatewatched show is one the viewer genuinely despises but cannot stop watching. This could be because it is so "important" they feel they have to, because it has enough promise that they hope it gets better, because it's so well-crafted in it's [sic] terribleness that the badness itself is noteworthy, or because they enjoy the adrenaline that pure revulsion can bring. Whatever the reason, the hatewatcher can't look away from the trainwreck.

*Hatewatch*, Urban Dictionary, https://www.urbandictionary.com/define.php?term=hatewatch (last visited April 27, 2026) (emphasis in original).[2] Here, the entire purpose of Denims' watch party was to "hatewatch" TEI's works without giving any benefit to TEI. There is credible evidence that the Doe Defendants understood this goal and facilitated this goal by encouraging other people to watch Denims' watch party.

**3. Balance of the Equities.**

If the Court finds that the Doe Defendants' interest in their anonymity extends beyond their alleged contributory copyright infringement, the Court must "balance the equities, weighing the potential harm to the party seeking disclosure against the speaker's interest in anonymity, in light of the strength of the underlying claim." *In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d at 876.

The Doe Defendants argue that balance of equities weighs in their favor because, if "unmasked," the Doe Defendants would face "public exposure, real risks of retaliation[,] actual harm, and the financial and other burdens of defending the Action." (Dkt. No. 1 at pp. 32–33.) The Doe Defendants further contend that TEI fans "have a proven track record of harassing and even doxing people who are critical of [TEI] and Ethan [Klein]" and that "[t]here is also great risk to Does from the myriad of content creators covering these lawsuits and this Motion." (Dkt. No. 20 at p. 17.)

TEI, in response, asserts that the balance of equities weighs in its favor because the Doe Defendants are parties to the underlying action, and, without information about the Doe

[2] The Ninth Circuit periodically uses the website "Urban Dictionary" to provide context for slang terms. *See, e.g., Bikram's Yoga Coll. of India, L.P. v. Evolation Yoga, LLC*, 803 F.3d 1032, 1044 n.13 (9th Cir. 2015).



United States District Court
Northern District of California

Defendants' identities, TEI cannot proceed with the underlying action. (Dkt. No. 16 at p. 29.) TEI further argues that it issued the subpoenas in good faith and "no alternative means exist to identify" the Doe Defendants. (*Id.* at pp. 28–29.)

Here, the Court concludes that TEI's need for identifying information outweighs the Doe Defendants' interest in anonymity. TEI seeks information identifying the Doe Defendants so that it can proceed with its claims for contributory copyright infringement against the Doe Defendants. (Dkt. No. 16 at p. 29.) The Doe Defendants are defendants in the underlying action, and without information regarding their identities, TEI cannot identify the Doe Defendants as defendants, properly serve them with process, and ultimately, proceed in the underlying action. *See Barnes*, 2026 WL 412470, at *4 (concluding that the plaintiff's need for disclosure of identifying information of a defendant in the action outweighed the Doe defendant's interest in anonymity); *Cognosphere Pte. Ltd. v. X Corp.*, No. 23-mc-80294-PHK, 2024 WL 4227594, at *8 (N.D. Cal. Sept. 18, 2024) (noting that the identity of an anonymous infringer "is materially relevant, if not critical to the claim, because without the information, [the plaintiff] has no starting point for whom to name as a defendant"). The balance of equities thus weighs in favor of TEI.

**III. Doe Defendants' Request for a Protective Order.**

The Doe Defendants request a protective order allowing disclosure of their identities only to the Court if the Court denies their motion to quash. (Dkt. No. 1 at p. 33.) TEI, in response, argues that a protective order is not warranted in part because solely disclosing the Doe Defendants' identities to the Court "severely hampers TEI's ability to conduct discovery and proceed with the case." (Dkt. No. 16 at p. 30.) The Court DENIES the motion for protective order because TEI must determine the identities of the Doe Defendants in the underlying action against them.

To the extent that the parties have further concerns about disclosure of information about the Doe Defendants, the parties should seek relief from the Central District of California. Until the Doe Defendants appear in the Central District of California, the Court ORDERS the following: Reddit and Discord may respond to the subpoena to TEI only. Additionally, no party may disclose the identities of the Doe Defendants or any other identifying information about the Doe

United States District Court
Northern District of California

Defendants to any individual or entity not a party to this matter. Of course, the District Court in the underlying action may override these protections, once the Doe Defendants make their appearance in that action.

**VI. Doe Defendants' Request for Attorneys' Fees.**

In their motion to quash, the Doe Defendants noted that they "reserve their right to seek their attorney's fees and costs." (Dkt. No. 1 at p. 33.) They argue that TEI brought its suit against the Doe Defendants for an improper purpose and that TEI's claims are legally "insufficient." (*Id.*) Because the Court denies the Doe Defendants' motion to quash, they are not entitled to attorneys' fees.

**CONCLUSION**

For the foregoing reasons, the Court DENIES the Doe Defendants' motion to quash the subpoenas issued by TEI to Reddit and Discord.

**IT IS SO ORDERED**.

Dated: April 29, 2026

SALLIE KIM
United States Magistrate Judge

United States District Court
Northern District of California

# Exhibit 30

Query Reports Utilities Help Log Out

ACCO,(PDx),APPEAL,CLOSED,DISCOVERY,MANADR,PROTORD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
# CIVIL DOCKET FOR CASE #: 2:25-cv-05564-WLH-PD

Ted Entertainment, Inc. v. Alexandra Marwa Saber et al
Assigned to: Judge Wesley L. Hsu
Referred to: Magistrate Judge Patricia Donahue
Case in other court: 9th CCA, 26-05059
Cause: 17:501 Copyright Infringement

Date Filed: 06/19/2025
Date Terminated: 07/13/2026
Jury Demand: Both
Nature of Suit: 820 Copyright
Jurisdiction: Federal Question

**Plaintiff**

**Ted Entertainment, Inc.**
*a California corporation*

represented by **Rom Bar-Nissim**
Heah Bar-Nissim LLP
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
310-432-2836
Email: rom@heahbarnissim.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Alexandra Marwa Saber**
*an individual*
*formerly known as*
Marwa Talatt Abdelmonem
*other*
Denims

represented by **Benjamin Gregory Kassis**
Frost, LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, CA 90024
424-254-0441
Fax: 424-600-8504
Email: ben@frostllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin Grush**
Frost LLP
10960 Wilshire Blvd, Suite 2100
Los Angeles, CA 90024
424-254-0441
Fax: 424-600-8504
Email: bgrush@frostllp.com
*ATTORNEY TO BE NOTICED*

**David Tiraturyan**
Frost LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, CA 90024
424-254-0441

Fax: 424-600-8504
Email: david1@frostllp.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Does**
*1-10*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/19/2025 | 1 | COMPLAINT Receipt No: ACACDC-39935780 - Fee: $405, filed by Plaintiff Ted Entertainment, Inc.. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G, # 8 Exhibit Exhibit H, # 9 Exhibit Exhibit I, # 10 Exhibit Exhibit J, # 11 Exhibit Exhibit K, # 12 Exhibit Exhibit L) (Attorney Rom Bar-Nissim added to party Ted Entertainment, Inc.(pty:pla))(Bar-Nissim, Rom) (Entered: 06/19/2025) |
| 06/19/2025 | 2 | CIVIL COVER SHEET filed by Plaintiff Ted Entertainment, Inc.. (Bar-Nissim, Rom) (Entered: 06/19/2025) |
| 06/19/2025 | 3 | Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening),, 1 filed by Plaintiff Ted Entertainment, Inc.. (Bar-Nissim, Rom) (Entered: 06/19/2025) |
| 06/19/2025 | 4 | CERTIFICATE of Interested Parties filed by Plaintiff Ted Entertainment, Inc., (Bar-Nissim, Rom) (Entered: 06/19/2025) |
| 06/19/2025 | 5 | REPORT ON THE FILING OF AN ACTION regarding a copyright (Initial Notification) filed by Ted Entertainment, Inc.. (Bar-Nissim, Rom) (Entered: 06/19/2025) |
| 06/19/2025 | 6 | NOTICE OF LODGING filed *by Plaintiff Ted Entertainment, Inc.* re Complaint (Attorney Civil Case Opening),, 1 (Bar-Nissim, Rom) (Entered: 06/19/2025) |
| 06/20/2025 | 7 | NOTICE OF ASSIGNMENT to District Judge Wesley L. Hsu and Magistrate Judge Patricia Donahue. (ghap) (Entered: 06/20/2025) |
| 06/20/2025 | 8 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (ghap) (Entered: 06/20/2025) |
| 06/20/2025 | 9 | Notice to Counsel Re Consent to Proceed Before a United States Magistrate Judge. (ghap) (Entered: 06/20/2025) |
| 06/20/2025 | 10 | 21 DAY Summons Issued re Complaint (Attorney Civil Case Opening),, 1 as to Defendant Alexandra Marwa Saber. (ghap) (Entered: 06/20/2025) |
| 06/26/2025 | 11 | STANDING ORDER FOR CASES ASSIGNED TO Judge Wesley L. Hsu. (hc) (Entered: 06/26/2025) |
| 07/01/2025 | 12 | PROOF OF SERVICE Executed by Plaintiff Ted Entertainment, Inc., upon Defendant Alexandra Marwa Saber served on 6/24/2025, answer due 7/15/2025. Service of the Summons and Complaint were executed upon Defendant Alexandra Marwa Saber in compliance with Federal Rules of Civil Procedure by personal service (Bar-Nissim, Rom) (Entered: 07/01/2025) |
| 07/14/2025 | 13 | Notice of Appearance or Withdrawal of Counsel: for attorney Benjamin Gregory Kassis counsel for Defendant Alexandra Marwa Saber. Adding Benjamin Gregory Kassis as counsel of record for Alexandra Marwa Saber for the reason indicated in the G-123 Notice. Filed by Defendant Alexandra Marwa Saber. (Attorney Benjamin Gregory Kassis added to party Alexandra Marwa Saber(pty:dft))(Kassis, Benjamin) (Entered: 07/14/2025) |

| | | |
|---|---|---|
| 07/14/2025 | 14 | NOTICE of Interested Parties filed by Defendant Alexandra Marwa Saber, (Kassis, Benjamin) (Entered: 07/14/2025) |
| 07/14/2025 | 15 | STIPULATION Extending Time to Answer the complaint as to Alexandra Marwa Saber answer now due 8/14/2025, re Complaint (Attorney Civil Case Opening),, 1 filed by Defendant Alexandra Marwa Saber.(Kassis, Benjamin) (Entered: 07/14/2025) |
| 07/16/2025 | 16 | STIPULATION to Expedite Discovery filed by Plaintiff Ted Entertainment, Inc.. (Attachments: # 1 Exhibit Exhibit A - Proposed Subpoena to Reddit, Inc., # 2 Exhibit Exhibit B - Proposed Subpoena to Discord, Inc., # 3 Proposed Order Proposed Order)(Bar-Nissim, Rom) (Entered: 07/16/2025) |
| 07/16/2025 | 17 | Corrected STIPULATION to Expedite Discovery filed by Plaintiff Ted Entertainment, Inc.. (Attachments: # 1 Exhibit Exhibit A - Proposed Subpoena to Reddit, Inc., # 2 Exhibit Exhibit B - Proposed Subpoena to Discord, Inc., # 3 Proposed Order Proposed Order)(Bar-Nissim, Rom) (Entered: 07/16/2025) |
| 07/31/2025 | 18 | ORDER GRANTING JOINT STIPULATION RE: GRANTING PLAINTIFF LEAVE TO SERVE THIRD-PARTY SUBPOENAS PRIOR TO THE RULE 26(f) CONFERENCE 17 by Judge Wesley L. Hsu. 1. The Stipulation is GRANTED; 2. TEI may immediately serve the subpoena attached as Exhibit A to the Stipulation on third-party Reddit, Inc. ("Reddit Subpoena"), accompanied by this Order and shall include the date the Reddit Subpoena was issued and the date of compliance; and 3. TEI may immediately serve the subpoena attached as Exhibit B to the Stipulation on third-party Discord, Inc. ("Discord Subpoena"), accompanied by this Order and shall include the date the Discord Subpoena was issued and the date of compliance. (lom) (Entered: 08/01/2025) |
| 08/14/2025 | 19 | ANSWER to Complaint (Attorney Civil Case Opening),, 1 with JURY DEMAND filed by Defendant Alexandra Marwa Saber.(Kassis, Benjamin) (Entered: 08/14/2025) |
| 09/02/2025 | 20 | ORDER SETTING RULE 26(f) SCHEDULING CONFERENCE by Judge Wesley L. Hsu. A Scheduling Conference is set for 9/26/2025 at 01:00 PM. See Attached Order for Details. If all parties agree to the dates in the 26(f)report, the matter will be taken off calendar and no appearance by counsel will be required. by Judge Wesley L. Hsu. (hc) (Entered: 09/02/2025) |
| 09/12/2025 | 21 | JOINT REPORT Rule 26(f) Discovery Plan ; estimated length of trial 5-7 days, filed by Plaintiff Ted Entertainment, Inc... (Bar-Nissim, Rom) (Entered: 09/12/2025) |
| 09/17/2025 | 22 | ORDER/REFERRAL to ADR Procedure No 1 by Judge Wesley L. Hsu. Case ordered to Magistrate Judge Patricia Donahue for Settlement Conference. ADR Proceeding to be held no later than 8/28/2026. (hc) (Entered: 09/17/2025) |
| 09/17/2025 | 23 | CIVIL PRETRIAL SCHEDULE AND TRIAL ORDER by Judge Wesley L. Hsu. The Scheduling Conference scheduled for 9/26/2025 is hereby VACATED. The pretrial schedule governing this case is set forth in the far right column labeled "Court Order" located on the parties' Schedule of Pretrial and Trial Dates Worksheet, which accompanies this Order. If the parties wish to set additional or alternative dates, they must file a stipulation and proposed order setting forth the dates requested and demonstrating good cause. Setting additional or alternative dates may be especially appropriate in class actions, patent cases, or cases for benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"). Please refer to the Court's Standing Order for Newly Assigned Civil Cases for requirements for specific motions, discovery, certain types of filings, courtesy copies, emailing signature items to chambers, settlement, and other matters pertaining to all civil cases. Schedule of Pretrial and Trial Dates Worksheet: Final Pretrial Conference set for 10/02/2026 03:00 PM; 08/17/2026 Jury Trial set for 10/26/2026 09:00 AM. See order for additional deadlines and information. (lom) (Entered: 09/17/2025) |

| | | |
|---|---|---|
| 09/17/2025 | 24 | STANDING ORDER FOR MOTIONS FOR SUMMARY JUDGMENT by Judge Wesley L. Hsu. READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES. (lom) (Entered: 09/17/2025) |
| 09/30/2025 | 25 | STIPULATION for Protective Order filed by Defendant Alexandra Marwa Saber.(Grush, Benjamin) (Entered: 09/30/2025) |
| 09/30/2025 | 26 | Amended STIPULATION for Protective Order filed by Defendant Alexandra Marwa Saber.(Kassis, Benjamin) (Entered: 09/30/2025) |
| 10/02/2025 | 27 | STIPULATED PROTECTIVE ORDER by Magistrate Judge Patricia Donahue. 25 , 26 [See document for details.] (san) (Entered: 10/02/2025) |
| 01/22/2026 | 28 | Joint STIPULATION to Stay Case filed by Plaintiff Ted Entertainment, Inc.. (Attachments: # 1 Proposed Order)(Bar-Nissim, Rom) (Entered: 01/22/2026) |
| 03/02/2026 | 29 | ORDER GRANTING JOINT STIPULATION TO STAY PROCEEDINGS PENDING RESOLUTION OF THE DOE DEFENDANTS' MOTION TO QUASH 28 by Judge Wesley L. Hsu. The present action is STAYED pending final resolution of the motion to quash ("Quash Motion") filed by the Doe defendants (collectively, the"H3Snark Mods") in the action pending in the United States District Court for the Northern District of California entitled In re Subpoenas to Reddit, Inc. and Discord, Inc. (N.D. Cal. Case No.: 3:25-mc-80296-SK) (the "Quash Motion Action"). [See order for details] (lom) (Entered: 03/03/2026) |
| 03/20/2026 | 30 | Joint STIPULATION to Lift Stay FOR LIMITED PURPOSE OF FILING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS filed by Defendant Alexandra Marwa Saber. (Attachments: # 1 Proposed Order)(Grush, Benjamin) (Entered: 03/20/2026) |
| 03/23/2026 | 31 | Notice of Appearance or Withdrawal of Counsel: for attorney David Tiraturyan counsel for Defendant Alexandra Marwa Saber. Adding David Tiraturyan as counsel of record for Alexandra Marwa Saber for the reason indicated in the G-123 Notice. Filed by Defendant Alexandra Marwa Saber. (Attorney David Tiraturyan added to party Alexandra Marwa Saber(pty:dft))(Tiraturyan, David) (Entered: 03/23/2026) |
| 03/30/2026 | 32 | ORDER GRANTING JOINT STIPULATION TO LIFT STAY FOR LIMITED PURPOSE OF FILING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS 30 by Judge Wesley L. Hsu. 1. The Stipulation is GRANTED. 2. The stay is lifted for the limited purpose of the MJOP. 3. The Parties shall meet and confer regarding a briefing schedule for the MPJOP and shall submit a proposed briefing schedule to the Court within five days of the entry of this Order. (lom) (Entered: 03/31/2026) |
| 04/02/2026 | 33 | Joint STIPULATION for Hearing re Stipulation and Order,, Set/Clear Flags, 32 , Joint STIPULATION to Correct Notice of Lodging 6 , Complaint (Attorney Civil Case Opening),, 1 filed by Plaintiff Ted Entertainment, Inc.. (Attachments: # 1 Proposed Order) (Bar-Nissim, Rom) (Entered: 04/02/2026) |
| 04/02/2026 | 34 | NOTICE OF LODGING filed re Stipulation for Hearing,, Stipulation to Amend/Correct, 33 (Bar-Nissim, Rom) (Entered: 04/02/2026) |
| 04/17/2026 | 35 | NOTICE OF MOTION AND MOTION for Judgment on the Pleadings as to Complaint filed by Defendant Alexandra Marwa Saber. Motion set for hearing on 6/5/2026 at 01:30 PM before Judge Wesley L. Hsu. (Attachments: # 1 Declaration of Benjamin Kassis, # 2 Proposed Order Proposed Order) (Kassis, Benjamin) (Entered: 04/17/2026) |
| 05/01/2026 | 36 | OPPOSITION to NOTICE OF MOTION AND MOTION for Judgment on the Pleadings as to Complaint 35 filed by Plaintiff Ted Entertainment, Inc.. (Bar-Nissim, Rom) (Entered: |

| | | |
|---|---|---|
| | | 05/01/2026) |
| 05/01/2026 | 37 | REQUEST FOR JUDICIAL NOTICE re NOTICE OF MOTION AND MOTION for Judgment on the Pleadings as to Complaint 35 filed by Plaintiff Ted Entertainment, Inc.. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Declaration)(Bar-Nissim, Rom) (Entered: 05/01/2026) |
| 05/01/2026 | 38 | NOTICE OF LODGING filed re Response in Opposition to Motion 36 , Request for Judicial Notice, 37 (Bar-Nissim, Rom) (Entered: 05/01/2026) |
| 05/08/2026 | 39 | REPLY Support NOTICE OF MOTION AND MOTION for Judgment on the Pleadings as to Complaint 35 filed by Defendant Alexandra Marwa Saber. (Kassis, Benjamin) (Entered: 05/08/2026) |
| 05/11/2026 | 40 | STATUS REPORT *PURSUANT TO THE COURT'S MARCH 2, 2026 ORDER [DKT. NO. 29]* filed by Plaintiff Ted Entertainment, Inc.. (Attachments: # 1 Exhibit)(Bar-Nissim, Rom) (Entered: 05/11/2026) |
| 06/03/2026 | 41 | SCHEDULING NOTICE AND (IN CHAMBERS) ORDER CHANGING THE TIME OF THE MOTION for Judgment on the Pleadings as to Complaint 35 scheduled for 6/05/2026 by Judge Wesley L. Hsu: The Court, on its own motion, changes the time to 2:15 PM. The hearing will proceed in-person at the First Street Courthouse, Courtroom 9B. IT IS SO ORDERED.THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (cgm) TEXT ONLY ENTRY (Entered: 06/03/2026) |
| 06/05/2026 | 42 | MINUTES OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COMPLAINT 35 Hearing held before Judge Wesley L. Hsu. The Court's Tentative Ruling was issued on June 4, 2026, and reviewed by counsel. The Court heard oral argument. The Court took the matter UNDER SUBMISSION and a ruling will be issued. Court Recorder: CourtSmart. (lom) (Entered: 06/05/2026) |
| 06/06/2026 | 43 | COMPACT DISC Order for date of proceedings 06/05/2026 to 06/05/2026 filed by Plaintiff Ted Entertainment, Inc.. Court will contact Rom Bar-Nissim at Rom@HeahBarNissim.com with any questions regarding this order. Transcript portion requested: Pre-Trial Proceeding: Hearing for Motion for Judgement on the Pleadings on June 5, 2026. FEE PAID. (Bar-Nissim, Rom) (Entered: 06/06/2026) |
| 06/10/2026 | 44 | STATUS REPORT *PURSUANT TO THE COURT'S MARCH 2, 2026 ORDER [DKT. NO. 29]* filed by Plaintiff Ted Entertainment, Inc.. (Bar-Nissim, Rom) (Entered: 06/10/2026) |
| 06/29/2026 | 45 | MINUTES (IN CHAMBERS) ORDER RE DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS 35 by Judge Wesley L. Hsu Granting 35 MOTION: For the foregoing reasons, the Court GRANTS Defendant's Motion for Judgment on the Pleadings. The Court ORDERS Defendant to prepare and submit a proposed Judgment in this matter within seven (7) days of this Order. (see document for further details) (bm) (Entered: 07/01/2026) |
| 07/06/2026 | 46 | STIPULATION for Extension of Time to File Motion for Attorneys' Fees and Costs filed by Plaintiff Ted Entertainment, Inc.. (Attachments: # 1 Proposed Order)(Bar-Nissim, Rom) (Entered: 07/06/2026) |
| 07/06/2026 | 47 | NOTICE OF LODGING filed *[Proposed Judgment]* re Order on Motion for Judgment on the Pleadings, 45 (Attachments: # 1 Proposed Judgment)(Kassis, Benjamin) (Entered: 07/06/2026) |
| 07/13/2026 | 48 | ORDER GRANTING JOINT STIPULATION REGARDING DISMISSAL OF THE "COUNTDOWN EPISODE" CLAIM AND DEFERRING DEADLINE FOR MOTION FOR ATTORNEYS' FEES 46 by Judge Wesley L. Hsu. The Court hereby rules as follows: |

| | | |
|---|---|---|
| | | 1. Plaintiff's claim of direct copyright infringement as to the Countdown Episode against Denims is hereby DISMISSED without prejudice, pursuant to FRCP 41(a)(1)(A)(ii); and 2. The deadline for Defendants to file the potential motion for attorneys' fees and costs shall be continued until 30 days after all appeals of this Court's June 29, 2026 order are exhausted. (lom) (Entered: 07/14/2026) |
| 07/13/2026 | 49 | JUDGMENT 45 by Judge Wesley L. Hsu. IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows: 1. Judgment is entered in favor of Defendant Alexandra Marwa Saber p/k/a Denims and against Plaintiff Ted Entertainment, Inc. on TEI's First Claim for Relief for Direct Copyright Infringement as to the "The Nuke." 2. Plaintiff TEI shall take nothing on its First Claim for Relief. 3. Denims, as the prevailing party, may recover costs and attorneys' fees incurred in this action by application and motion under 17 U.S.C. § 505, Federal Rule of Civil Procedure 54(d), and the Local Rules of this Court, subject to any forthcoming order of this Court with respect to the timing of the filing of such application and motion. (MD JS-6, Case Terminated). (lom) (Entered: 07/15/2026) |
| 07/13/2026 | 50 | REPORT ON THE DETERMINATION OF AN ACTION Regarding a Copyright. (Closing) (Attachments: # 1 Judgment) (lom) (Entered: 07/15/2026) |
| 08/04/2026 | 51 | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by Plaintiff Ted Entertainment, Inc.. Appeal of Judgment,,, 49 , Order on Motion for Judgment on the Pleadings, 45 . (Appeal Fee - $605 Fee Paid, Receipt No. ACACDC-42969680.) (Bar-Nissim, Rom) (Entered: 08/04/2026) |
| 08/06/2026 | 53 | NOTIFICATION from Ninth Circuit Court of Appeals of case number assigned and briefing schedule. Appeal Docket No. 26-5059 assigned to Notice of Appeal to 9th Circuit Court of Appeals, 51 as to Plaintiff Ted Entertainment, Inc. (iv) (Entered: 08/08/2026) |
| 08/07/2026 | 52 | TRANSCRIPT ORDER re: Court of Appeals case number 26-5059, as to Plaintiff Ted Entertainment, Inc. for Court Smart (CS). Court will contact Rom Bar-Nissim at Rom@HeahBarNissim.com with further instructions regarding this order. Transcript preparation will not begin until payment has been satisfied with the transcription company. (Bar-Nissim, Rom) (Entered: 08/07/2026) |
| 08/19/2026 | 54 | TRANSCRIPT for proceedings held on 6/5/2026 2:05 p.m. Court Reporter/Electronic Court Recorder: JAMS Certified Transcription, phone number (661) 609-4528. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 9/9/2026. Redacted Transcript Deadline set for 9/21/2026. Release of Transcript Restriction set for 11/17/2026. (ym) (Entered: 08/19/2026) |
| 08/19/2026 | 55 | NOTICE OF FILING TRANSCRIPT filed for proceedings 6/5/2026 2:05 p.m re Transcript 54 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (ym) TEXT ONLY ENTRY (Entered: 08/19/2026) |


## PACER Service Center

### Transaction Receipt

10/09/2026 10:31:19

| | | | |
|---|---|---|---|
| **PACER Login:** | kb2344kr | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:25-cv-05564-WLH-PD End date: 10/9/2026 |

| | | | |
|---|---|---|---|
| **Billable Pages:** | 7 | **Cost:** | 0.70 |

# Exhibit 31

Rom Bar-Nissim (SBN: 293356)
Rom@HeahBarNissim.com
**HEAH BAR-NISSIM LLP**
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310.432.2836

Attorneys for Plaintiff
Ted Entertainment, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

TED ENTERTAINMENT, INC., a California Corporation,

Plaintiff,

v.

MORGAN KAMAL MAJED p/k/a FROGAN, an individual, and DOES 1-10

Defendants.

Case No.: 2:25-cv-5565-JFW-MAA

[Assigned for all purposes to the Hon. John F. Walter]

**DECLARATION OF ROM BAR-NISSIM IN SUPPORT OF PLAINTIFF TED ENTERTAINMENT, INC.'S APPLICATION FOR DEFAULT JUDGMENT AGAINST DEFENDANT MORGAN KAMAL MAJED**

Action Filed: June 19, 2025

Date: August 10, 2026
Time: 1:30 p.m.
Courtroom: 7A

# DECLARATION OF ROM BAR-NISSIM

I, Rom Bar-Nissim, do hereby state and declare as follows:

1. I am an attorney at law, duly licensed to practice law in the State of California and the United States District Court for the Central District of California. I am a partner at the law firm of Heah Bar-Nissim LLP and attorney of record for plaintiff Ted Entertainment, Inc. ("TEI") in the above-referenced matter. I have personal knowledge of the facts contained in this declaration and, if called and sworn as a witness, I could and would competently testify thereto. I made this declaration in support of TEI's Application for Default Judgment (the "Application") against Defendant Morgan Kamal Majed p/k/a Frogan ("Frogan").

2. On January 27, 2025, I submitted the application to the United States Copyright Office (the "USCO") for TEI's audiovisual work entitled *Content Nuke: Hasan Piker* ("*The Nuke*"). On January 28, 2025 (the following day), I submitted the deposit copy of *The Nuke* to the USCO. The USCO gave *The Nuke* a registration date of January 28, 2025 and the registration number of PAu 4-256-429. A true and correct copy of the USCO registration certificate for *The Nuke* is attached hereto and incorporated herein as **Exhibit 1.**

3. I subpoenaed Reddit, Inc. and Discord, Inc. for the personal identifying information the Doe defendants (collectively, the "H3Snark Mods") in connection with the action *Ted Entertainment, Inc. v. Saber et al.* (C.D. Cal. Case No. 2:25-cv-05564-WLH-PD) (the "Saber Action"). The Saber Action involved a watch party similar to the one at issue in this case. Like this case, the H3Snark Mods promoted that watch party of *The Nuke* as well. The H3Snark Mods initiated an action in the United States District Court for the Northern District of California to quash the subpoenas entitled *In re Subpoenas to Reddit, Inc. and Discord, Inc.* (N.D. Cal. Case No. 3:25-mc-80296-SK) (the "Motion to Quash Action"). On April 29, 2026, the Honorable Sallie Kim issued an order denying the H3Snark Mods motion (the "4/29/26 Order"). In the order, Magistrate Kim discussed the cultural

phenomenon known as "hatewatching" – *i.e.*, individuals who desire to consume a copyrighted work because they enjoy the "terribleness" of the work or experiencing "revulsion." A true and correct copy of the 4/29/26 Order is attached hereto and incorporated herein as **Exhibit 2**.

4. On June 19, 2025, TEI filed its complaint in the present action, the Saber Action and another action for a similar watch party of *The Nuke* in the United States District Court for the Western District of Missouri entitled *Ted Entertainment, Inc. v. Caviness et al.* (W.D. Mo. Case No. 4:25-cv-00459-BCW) (the "Caviness Action"). Shortly thereafter, TEI released a video entitled *I'm Suing These Three Creators* were Ethan explained why the present action, Saber Action and Caviness Action were filed. In response, Frogan set up a GoFundMe for her legal defense.[1] A true and correct screenshot of Frogan's GoFundMe taken on June 29, 2026 is attached hereto and incorporated herein as **Exhibit 3.**

5. TEI retained a private investigator to run a background report to find Frogan's latest address. This was to ensure the present action was brought in the proper court and to serve Frogan with the Complaint. TEI made multiple attempts to serve Frogan at her apartment, but she refused to answer the door. TEI was forced to conduct surveillance of her apartment to serve her. Ultimately, a member of Frogan's household was served and a copy mailed to her address. Shortly thereafter, Frogan's counsel – Bahram Niknia – contacted me contesting substituted service. Mr. Niknia agreed to waive any objections to service if TEI granted Frogan an additional sixty days to respond to the complaint. The parties executed a stipulation to that effect (Dkt. No. 13), which the court entered that very day (Dkt. No. 14). Consequently, Frogan's deadline to respond to the Complaint was October 3, 2025. During the extended time to respond, I conducted settlement negotiations with Frogan's counsel. After the October 3, 2025 deadline to respond had passed, TEI refrained from seeking default to further facilitate settlement negotiations.

[1] As of this filing, Frogan's GoFundMe is still publicly available at: https://www.gofundme.com/f/frogans-lawsuit-defense-fund

6. By mid-April 2026, it was apparent that settlement discussions were at an impasse. On April 20, 2026, I informed Frogan's counsel that TEI wished to proceed with litigation and that it would seek default and default judgment if Frogan refused to respond in three weeks (*i.e.*, May 11, 2026). I granted Frogan an additional three weeks to respond to the Complaint because this would be the amount of time she would ordinarily have to respond under Federal Rule of Civil Procedure Rule 12 if the Complaint had been served that day. A true and correct redacted copy of my April 20, 2026 email to Frogan's counsel (with settlement communications and counsel's private email address redacted) is attached hereto and incorporated herein as **Exhibit 4.** On May 11, 2026, Frogan did not file a response. Despite knowing that she would default, Frogan's GoFundMe remains up and she has received numerous donations in the past thirty days.

7. Default was entered against Frogan on May 20, 2026 for her failure to respond to the Complaint. Frogan is not an infant or incompetent person. Frogan is not a service member and, therefore, the Servicemembers Civil Relief Act (50 U.S.C. § 521) does not apply. On May 19, 2026, my office served Frogan's counsel the request for default via regular mail and will serve Frogan's counsel this Application and its supporting papers by the same method.

8. Despite the entry of default (and knowing that default would be entered), Frogan's GoFundMe remains up as of this filing. She has received numerous donations – even after entry of default on May 20, 2026. After entry of default against Frogan became public, a major public controversy erupted. Frogan was confronted about not using her legal defense fund to mount a defense by her donators and others. Forgan's response was to mislead the public by claiming the action was not over, that she did not lose and continued to solicit donations. Below are some examples:

a. On or around May 21, 2025, when a chatter asked her about the present action, Frogan stated: "I didn't lose the lawsuit." *See*

https://x.com/thekinogrove/status/2057661612350206349?s=46

b. On or around May 21, 2026, a person stated in Frogan's chat: "I donated $200 to your gofundme, super disappointed as to the lack of clarity on where the money went. really let down." Frogan responded with, "I don't think you guys realize that the lawsuit is still going. … I don't think you guys realize that the lawsuit is not over. I've been fighting this lawsuit since … August." *See* https://x.com/DramaAlert/status/2057838791327392113?s=46

c. On or around May 26, 2026, in response to a chatter asking about the present action, Frogan stated, *inter alia*: "The lawsuit is still ongoing. Nobody won. Nobody lost. It is still ongoing." *See* https://x.com/Leigha_Sapienti/status/2059525351408029931

9. I am a highly experienced copyright litigator, particularly as to fair use, as set forth in detail below.

a. The copyright cases I have been involved in that resulted in a published or unpublished decisions on the merits are: (1) *Garcia v. Google, Inc.*, 786 F.3d 733 (9th Cir. 2015) (amicus); (2) *Nichols v. Club for Growth*, 235 F.Supp.3d 289 (D.D.C. 2017); (3) *Hosseinzadeh v. Klein*, 276 F.Supp.3d 30 (S.D.N.Y. 2017); (4) *DraftExpress, Inc. v. Whistle Sports, Inc.*, 2022 WL 16962285 (C.D. Cal. Aug. 2, 2022); (5) *Triller Fight Club II LLC v. H3 Podcast*, 2023 WL 11877604 (C.D. Cal. Sept. 15, 2023); (6) *Edelmania Productions, LLC v. Service*, 2023 WL 8114858 (C.D. Cal. Sept. 25, 2023); (7) *Vogts v. Penske Media Corp.*, 2023 WL 7107276 (C.D. Cal. Aug. 30, 2023); and (8) *Whyte Monkee Productions, LLC v. Netflix, Inc.*, 174 F.4th 761 (10th Cir. 2026) (amicus).

b. I have drafted numerous publications regarding copyright including, (1) from 2014 to the present, I authored the chapter on Copyright for *California Internet Law and Practice* (CEB/Lexis) and became the co-

executive editor of the publication; (2) *How the Internet Globalized United States Copyright Law* (California Lawyers Association Legal Perspectives); (3) *The Digital First Sale Doctrine* (California Business Practitioner); (4) *To Give Fees or Not to Give Fees, That is the Question (With A Different Answer in Every Circuit): The Circuit Split Over Attorneys' Fees Awards Under the Copyright Act* (Media Law Resource Center Bulletin); and (5) *Kirtsaeng Episode II: The Revenge of the Factors* (Media Law Resource Center Bulletin).

c. I have guest lectured on copyright law at the University of California, Irvine School of Law and the University of Southern California Annenberg School of Journalism. I have spoken at several panels about copyright law, including for: (1) the American Bar Association Forum on the Entertainment & Sports Industries; (2) the American Bar Association Committee for Copyright and Emerging Technology; (3) the American Bar Association Forum on Communications Law; (4) the Copyright Society; (5) the Public Relations Society of America.

d. I also served as co-chair of the Los Angeles chapter of the Copyright Society.

e. I graduated in the top 10% of my class at the University of Southern California Gould School of Law. I received the Norma Zarky Memorial Award for Excellence in the Field of Entertainment Law as well.

f. For this matter, I charged $375 to $400 an hour. This is less than my usual billable hourly rate of $500 an hour. I am deeply familiar with the rates for experienced copyright litigators in the Los Angeles market. I am personally aware of several copyright attorneys with less experience than me who charge around $800 an hour. As such, the billable hourly rate I charged in this matter is extremely reasonable in light of my knowledge and experience with copyright law.

10. I billed a total of $28,182.50 in fees to TEI for work in this matter for 73.4 of hours of work as detailed below.

a. I spent 16.1 hours at $375 an hour for a total of $6,037.50 reviewing and outlining Frogan's watch party of *The Nuke*. This process involved: (1) noting each timestamp where Frogan played *The Nuke*; (2) creating a written description the portion shown; (3) noting each timestamp where Frogan paused *The Nuke*; (4) creating a written description of what occurred, including transcribing Frogan's admissions; (5) reviewing the portion before Frogan's watch party; and (6) noting timestamps of key admissions and transcribing the same. These notes were critical to conducting my analysis that the fair use defense did not apply and for allegations I would include in the Complaint.

b. I spent 31 hours at $375 an hour and 5.2 hours at $400 an hour for a total of $13,705 on the Complaint. This process included: (1) researching the latest developments in fair use law; (2) conducting an investigation into Frogan's past; (3) conducting research into various assertions made by Frogan during her watch party; (4) drafting and revising the allegations of the complaint; (5) assembling and preparing the exhibits to the complaint; and (6) drafting and revising the civil case information sheet, the request for summons, the certificate of interested parties, AO121 and Notice of Lodging.

c. I spent 3.5 hours at $400 an hour for a total of $1,400 on: (1) communications with opposing counsel about service issues, extension of the time to respond to the complaint and settlement negotiations; and (2) drafting the joint stipulation extending Frogan's time to respond to the complaint.

d. I spent 17.60 hours at $400 an hour for $7,040 on the papers requesting default and default judgment. This included: (1) researching the law governing default and default judgment, particularly in the copyright

infringement context; (2) drafting and revising the request for default; and (3) drafting and revising the notice of application, its memorandum of points and authorities and this supporting declaration.

11. After conducting my review of Frogan's watch party, it became apparent to me that it would be more cost-effective to delegate certain tasks to a researcher. My firm retained Mica Goldstein of Nahara Strategic, Inc. Ms. Goldstein is a former online content creator with extensive experience in the online space. She is also a historian with a particular focus on Jewish history. The researcher charged $30 an hour for 64.9 hours for a total of $1,947 and $45 an hour for 6.1 hours for a total of $274.50 with a grant total of $2,221.50. Ms. Goldstein's work comprised of conducting historical research and drafting memos on the same (which were included in the complaint), conducting online investigations and drafting memos on the same (which were included in the complaint and in this application) and reviewing the complaint for typos and clarity. Hiring Ms. Goldstein helped ensure my time was well spent on legal matters instead of matters that did not require legal expertise.

12. TEI is not seeking recovery of certain items I billed, namely the 4.3 hours I billed at $400 an hour working on a potential ex parte application to subpoena Reddit and Discord. Not only did this work become moot (as they were authorized in the Saber Action), it did not directly relate to Frogan. Further, I exercised my discretion to not bill substantial amounts of work as a courtesy to the client.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

13. True and correct copies of the invoices I issued to TEI in connection with this matter are attached hereto and incorporated herein as **Exhibit 5.** I have retracted the description of the time entries on the grounds they are attorney client communications and confidential.

I declare under penalty of perjury that the contents of this declaration are true and correct. Executed this 29th of June 2026 in Los Angeles, California.

*/s/ Rom Bar-Nissim*

Rom Bar-Nissim

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, the undersigned, declare that I am, and was at the time of service of the papers herein referred to, over the age of eighteen years and not a party to the within action or proceeding. My business address is the law firm of Heah Bar-Nissim LLP, 1801 Century Park East, Suite 2400, Los Angeles, CA 90067.

On June 29, 2026, I served the following document(s) **DECLARATION OF ROM BAR-NISSIM IN SUPPORT OF PLAINTIFF TED ENTERTAINMENT, INC.'S APPLICATION FOR DEFAULT JUDGMENT AGAINST DEFENDANT MORGAN KAMAL MAJED**

| | |
|---|---|
| Bahram Niknia<br>NIKNIA LAW FIRM, INC.<br>1875 Century Park East<br>Suite 1240<br>Los Angeles, CA 90067 | Attorney for Defendant Morgan Kamal Majed p/k/a Frogan |

**[X]** **BY MAIL:** I enclosed the document(s) identified above in a sealed envelope or package addressed to the persons addressed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully paid. attached the document(s) to an email sent to the email addresses set forth above

I declare under penalty of perjury that the foregoing is true and correct and a member of the bar of this Court.

Executed this June 29, 2026, at Los Angeles, CA.

*/s/ Rom Bar-Nissim*

Rom Bar-Nissim

# Exhibit 32

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No. **CV 25-5565-JFW(MAAx)** Date: **August 31, 2026**

Title: Ted Entertainment, Inc. -*v*- Morgan Kamal Majed, et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Julieta Lozano** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS): ORDER TO SHOW CAUSE RE: DISMISSAL**

Plaintiff is ordered to show cause, in writing, on or before September 3, 2026, why Plaintiff should not be sanctioned in the amount of $1,500, or why the action should not be dismissed, for failure to note on the civil cover sheet that Plaintiff had filed a related case (Dkt. No. CV25-5564-WLH(PDx)) and for failure to file a Notice of Related Case as required by Local Rule 83-1.3.1.

No oral argument on this matter will be heard unless otherwise ordered by the Court. *See* Fed. R. Civ. P. 78; Local Rule 7-15. The Order will stand submitted upon the filing of the response to the Order to Show Cause. Failure to respond to the Order to Show Cause will result in the dismissal of this action.

IT IS SO ORDERED.

Initials of Deputy Clerk jloz

Rom Bar-Nissim (SBN: 293356)
Rom@HeahBarNissim.com
**HEAH BAR-NISSIM LLP**
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310.432.2836

Attorneys for Plaintiff
Ted Entertainment, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

TED ENTERTAINMENT, INC., a California Corporation,

Plaintiff,

v.

MORGAN KAMAL MAJED p/k/a FROGAN, an individual, and DOES 1-10

Defendants.

Case No.: 2:25-cv-5565-JFW-MAA

[Assigned for all purposes to the Hon. John F. Walter]

**PLAINTIFF'S RESPONSE TO THE AUGUST 31, 2026 ORDER TO SHOW CAUSE RE: DISMISSAL [ECF #38]**

Action Filed: June 19, 2025

Plaintiff Ted Entertainment, Inc. ("TEI") files the following response to the Court's August 31, 2026 Order to Show Cause re: Dismissal (ECF #38) (the "OSC"). TEI respectfully recognizes that this Court is of a different opinion regarding whether the present action is related to *Ted Entertainment, Inc. v. Saber et al.* (Case No. 2:25-cv-5564-WLH-PD) (the "*Saber* Action"). As set forth below and in the concurrently filed Declaration of Rom Bar-Nissim ("RBN Decl."), TEI has a good faith belief for its position that the cases are not related as set forth greater detail in its Objection to Defendant's Notice of Related Civil Cases (the "Objection"). ECF #37, pp. 3:19-7:11. TEI prays that this Court agrees and respectfully requests it discharge the OSC without issuing sanctions against TEI or dismissing the present action.

**Why TEI Believes the Cases Do Not Arise from the Same or Closely Related Transaction, Happening or Event**: TEI acknowledges that the present action and the *Saber* Action both involve claims of copyright infringement of TEI's copyrighted work *Content Nuke: Hasan Piker* ("*The Nuke*"). RBN Decl., ¶ 3(a). But this alone is insufficient for relatedness. C.D. Cal. R 83-1.3.1 (that "cases may involve the same … copyright does not, by itself, constitute a circumstance contemplated" for relatedness under the rule).

TEI considers the present action and the *Saber* Action not related because they involve separate and independent acts of alleged infringement, committed by separate individuals, involving separate uses of *The Nuke*, occurring at different locations and on separate internet channels. RBN Decl., ¶ 3(b); *see also* ECF #37, pp. 4:19-5:7. For these reasons, TEI does not believe that the claims of direct infringement in the present action and *Saber* Action arise from the same or closely related transaction, happening or event. RBN Decl., ¶ 3(b).

As to the claims of contributory infringement alleged against the Doe defendants in the present action and *Saber* Action, they are predicated on separate acts of alleged direct infringement as discussed above. RBN Decl., ¶ 3(c); *see also*

ECF #37, p. 4:7-18. Further, since TEI has not identified or served the Doe defendants, TEI does not know the Doe defendants' identities and the level of involvement of each in promoting the separate acts of alleged infringement. RBN Decl., ¶ 3(c); *see also* ECF #37, p. 4:7-18.

In sum, TEI has a good faith belief for its position that the present action and the *Saber* Action did not arise from the same or closely related transaction, happening or event. RBN Decl., ¶ 3; *see also* ECF #37, pp. 3:19-5:7.

**Why TEI Believes the Cases Do Not Call for the Determination of the Same or Substantially Related or Similar Questions of Law and Fact**: TEI recognizes that both cases would involve a similar question of law – *i.e.*, fair use. RBN Decl., ¶ 4(a); ECF #37, pp. 5:8-6:12. TEI's position is that both cases do not share similar questions of fact because both cases involve two separate and independent uses of *The Nuke*. RBN Decl., ¶ 4(a); ECF #37, pp. 5:8-6:12.

As explained in the Objection (ECF #37, pp. 5:14-6:6), when it comes to determining fair use, the Supreme Court is clear: "each case raising the question must be decided on its own facts." *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 560 (1985) (quoting H.R. Rep. No. 94-1476, p. 65 (1976)). "The fair use provision … requires an analysis of the specific 'use' of a copyrighted work that is alleged to be 'an infringement.'" *Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith*, 598 U.S. 508, 533 (2023). Fair use "is not to be simplified with bright-line rules" and requires a "case-by-case analysis." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577 (1994). Since "the Supreme Court has emphasized [that] the fair use inquiry is highly fact dependent," it means the doctrine is "not meant to be applied mechanically" but must be part of an overall "holistic inquiry." *Kadrey v. Meta Platforms, Inc.*, 788 F.Supp.3d 1026, 1035, 1037 (N.D. Cal. 2025).

The fact-sensitive nature of fair use is reflected in the case law applying the doctrine to reaction videos (like the ones alleged in both cases). As the court in

*Hosseinzadeh v. Klein* recognized:

> [R]eaction videos … vary widely in terms of purpose, structure, and the extent to which they rely on potentially copyrighted material. Some reaction videos … intersperse short segments of another's work with criticism and commentary, while others are more akin to a group viewing session without commentary. Accordingly, the Court is not ruling here that all 'reaction videos' constitute fair use.

*Hosseinzadeh v. Klein*, 276 F.Supp.3d 34, 40 fn. 1 (S.D.N.Y. 2017).

TEI's position that the both cases are not related is rooted in the fact that each case must separately examine: (1) how often did each defendant comment; (2) how extensive was their commentary; (3) did their commentary have a critical bearing on the original; (4) was the amount shown necessary for the commentary; (5) how much of the original was shown; (6) how long were the excerpts shown from the original; (7) was the amount shown necessary for the commentary; (8) were both even present; and (9) other facts as well. RBN Decl., ¶ 4(b) *see also* ECF #37, pp. 4:19-5:7. Given the fact sensitive nature of the fair use inquiry, TEI has a good faith basis for its belief that the present action and *Saber* Action do not involve the determination of the same, substantially related or similar questions of fact. RBN Decl., ¶ 4(c).

**Why TEI Believes the Cases Would and Do Not Entail Substantial Duplication of Labor if Heard by Different Judges**: TEI's belief that there would not be substantial duplication of labor if each action is heard by separate judges is rooted in the justifications provided above – *i.e.*, that each case requires an individualized fair use analysis. RBN Decl, ¶ 5 *see also* ECF #6, pp. 6:13-7:11.

TEI respectfully recognizes that this Court is of a different opinion on whether the present action and *Saber* Action are related. TEI prays that, in light of reasons set forth above and in the concurrently filed declaration of Rom Bar-Nissim, this Court recognizes that there is a good faith basis for TEI's position. Therefore, TEI respectfully requests that this Court discharge the Order to Show Cause without issuing sanctions against TEI or dismissing the present action.

Dated: September 3, 2026

**HEAH BAR-NISSIM LLP**

By /s/ Rom Bar-Nissim
ROM BAR-NISSIM
Attorneys for Plaintiff Ted Entertainment, Inc.

PACERPRO®

# Ted Entertainment Inc. v. Morgan Kamal Majed et al

**California Central District Court**

Case no. 2:25-cv-05565-JFW-MAA (C.D. Cal.)
Filed date: September 04, 2026
Docket entry no.: 40

Docket text:

TEXT ENTRY ORDER by Judge John F. Walter: The Court has reviewed Plaintiff's Response to the August 31, 2026 Order to Show Cause Re: Dismissal [ECF #38] filed September 3, 2026 (Docket No. 39 ), and declines to discharge the Order to Show Cause at this time. Counsel fails to understand or appreciate that it is for the Court, not counsel, to make a determination whether cases are related. By ignoring Local Rule 83-1.3.1 and not checking the appropriate box IX(b).Related Cases on the civil cover sheet, the Court is deprived of the opportunity of making such a determination. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (jloz) TEXT ONLY ENTRY (Entered: 09/04/2026)

This PDF was generated on September 09, 2026 by PacerPro for a text-only docket entry synced on September 08, 2026.

https://app.pacerpro.com/cases/1080908754

Rom Bar-Nissim (SBN: 293356)
Rom@HeahBarNissim.com
**HEAH BAR-NISSIM LLP**
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310.432.2836

Attorneys for Plaintiff
Ted Entertainment, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

TED ENTERTAINMENT, INC., a California Corporation,

Plaintiff,

v.

MORGAN KAMAL MAJED p/k/a FROGAN, an individual, and DOES 1-10

Defendants.

Case No.: 2:25-cv-5565-JFW-MAA

[Assigned for all purposes to the Hon. John F. Walter]

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO THE AUGUST 31, 2026 ORDER TO SHOW CAUSE RE: DISMISSAL [ECF #38] AND RESPONSE TO SEPTEMBER 4, 2026 ORDER [ECF #40]**

Action Filed: June 19, 2025

Plaintiff Ted Entertainment, Inc. ("TEI") files this supplemental response to this Court's August 31, 2026 Order to Show Cause re: Dismissal (ECF #38) (the "OSC") and its response to this Court's September 4, 2026 Order (ECF #40).

TEI's counsel sincerely apologizes to this Court if anything in TEI's Response to the OSC (ECF #39) intimated that it was not for this Court to decide whether the present action is related to the action titled *Ted Entertainment, Inc. v. Saber et al.* (Case No. 2:25-cv-5564-WLH-PD) (the "*Saber* Action").

TEI's counsel's belief was that this Court would determine (and was empowered to determine) whether the present action and *Saber* Action were related based on the filing of the Notice of Related Cases (ECF #36) and the Objection (ECF #37). TEI's Response to the OSC was merely to explain its good faith belief why it did not file a notice of related cases when it filed the present action and the *Saber* Action or note potential relatedness in civil cover sheet for each case.

TEI is willing and able to do anything the Court requires to empower it to determine whether the present action is related to the *Saber* Action without waiving its objection to relatedness.

Dated: September 4, 2026

**HEAH BAR-NISSIM LLP**

By /s/ Rom Bar-Nissim
ROM BAR-NISSIM
Attorneys for Plaintiff Ted Entertainment, Inc.

Rom Bar-Nissim (SBN: 293356)
Rom@HeahBarNissim.com
**HEAH BAR-NISSIM LLP**
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310.432.2836

Attorneys for Plaintiff
Ted Entertainment, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

TED ENTERTAINMENT, INC., a California Corporation,

Plaintiff,

v.

MORGAN KAMAL MAJED p/k/a FROGAN, an individual, and DOES 1-10

Defendants.

Case No.: 2:25-cv-5565-JFW-MAA

[Assigned for all purposes to the Hon. John F. Walter]

**NOTICE OF DISMISSAL OF ENTIRE ACTION WITHOUT PREJUDICE PURSUANT TO FRCP RULE 41(a)(1)(A)(i)**

Action Filed: June 19, 2025

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Plaintiff Ted Entertainment, Inc. hereby gives notice that this action is voluntarily dismissed in its entirety without prejudice. Defendant Morgan Kamal Majed p/k/a Frogan and the Doe defendants have not served an answer or motion for summary judgment in this action. Accordingly, Plaintiff Ted Entertainment, Inc. notices voluntary dismissal of this action, without prejudice.

Dated: September 8, 2026

**HEAH BAR-NISSIM LLP**

By /s/ Rom Bar-Nissim
ROM BAR-NISSIM
Attorneys for Plaintiff Ted Entertainment, Inc.

# Exhibit 33

Query Reports Utilities Help Log Out

ACCO,(MAAx),CLOSED,DISCOVERY,MANADR

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)
# CIVIL DOCKET FOR CASE #: 2:25-cv-05565-JFW-MAA

Ted Entertainment Inc. v. Morgan Kamal Majed et al
Assigned to: Judge John F. Walter
Referred to: Magistrate Judge Maria A. Audero
Demand: $150,000
Cause: 17:501 Copyright Infringement

Date Filed: 06/19/2025
Date Terminated: 09/08/2026
Jury Demand: Plaintiff
Nature of Suit: 820 Copyright
Jurisdiction: Federal Question

**Plaintiff**

**Ted Entertainment Inc.**
*a California Corporation*

represented by **Rom Bar-Nissim**
Heah Bar-Nissim LLP
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
310-432-2836
Email: rom@heahbarnissim.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Morgan Kamal Majed**
*an Individual pka Frogan*
*other*

represented by **Benjamin Grush**
Frost LLP
10960 Wilshire Blvd, Suite 2100
Los Angeles, CA 90024
424-254-0441
Fax: 424-600-8509
Email: bgrush@frostllp.com
*ATTORNEY TO BE NOTICED*

**Benjamin Gregory Kassis**
Frost, LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, CA 90024
424-254-0441
Fax: 424-600-8504
Email: ben@frostllp.com
*ATTORNEY TO BE NOTICED*

**David Tiraturyan**
Frost LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, CA 90024
424-254-0441
Fax: 424-600-8504

Email: david1@frostllp.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Does**
*1-10*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/19/2025 | 1 | COMPLAINT Receipt No: ACACDC-39935871 - Fee: $405, filed by Plaintiff TED ENTERTAINMENT, INC.. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G, # 8 Exhibit Exhibit H, # 9 Exhibit Exhibit I) (Attorney Rom Bar-Nissim added to party TED ENTERTAINMENT, INC. (pty:pla))(Bar-Nissim, Rom) (Entered: 06/19/2025) |
| 06/19/2025 | 2 | CIVIL COVER SHEET filed by Plaintiff TED ENTERTAINMENT, INC.. (Bar-Nissim, Rom) (Entered: 06/19/2025) |
| 06/19/2025 | 3 | Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening), 1 filed by Plaintiff TED ENTERTAINMENT, INC.. (Bar-Nissim, Rom) (Entered: 06/19/2025) |
| 06/19/2025 | 4 | CERTIFICATE of Interested Parties filed by Plaintiff TED ENTERTAINMENT, INC., (Bar-Nissim, Rom) (Entered: 06/19/2025) |
| 06/19/2025 | 5 | REPORT ON THE FILING OF AN ACTION regarding a copyright (Initial Notification) filed by TED ENTERTAINMENT, INC.. (Bar-Nissim, Rom) (Entered: 06/19/2025) |
| 06/19/2025 | 6 | NOTICE OF LODGING filed *by Plaintiff Ted Entertainment, Inc.* re Complaint (Attorney Civil Case Opening), 1 (Bar-Nissim, Rom) (Entered: 06/19/2025) |
| 06/20/2025 | 7 | NOTICE OF ASSIGNMENT to District Judge John F. Walter and Magistrate Judge Maria A. Audero. (sh) (Entered: 06/20/2025) |
| 06/20/2025 | 8 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (sh) (Entered: 06/20/2025) |
| 06/20/2025 | 9 | Notice to Counsel Re Consent to Proceed Before a United States Magistrate Judge. (sh) (Entered: 06/20/2025) |
| 06/20/2025 | 10 | 21 DAY Summons Issued re Complaint (Attorney Civil Case Opening), 1 as to Defendant Morgan Kamal Majed. (sh) (Entered: 06/20/2025) |
| 06/20/2025 | 11 | STANDING ORDER by Judge John F. Walter. READ THIS ORDER CAREFULLY. IT CONTROLS THE CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES. This action has been assigned to the calendar of Judge John F. Walter. (iv) (Entered: 06/20/2025) |
| 07/18/2025 | 12 | PROOF OF SERVICE Executed by Plaintiff Ted Entertainment Inc., upon Defendant Morgan Kamal Majed served on 7/14/2025, answer due 8/4/2025. Service of the Summons and Complaint were executed upon Jane Doe - Member of Household in compliance with Federal Rules of Civil Procedure by substituted service at home address and by also mailing a copy (Bar-Nissim, Rom) (Entered: 07/18/2025) |
| 08/05/2025 | 13 | STIPULATION for Extension of Time to File Answer to October 3, 2025 re Complaint (Attorney Civil Case Opening), 1 filed by Plaintiff Ted Entertainment Inc.. (Attachments: # 1 Proposed Order)(Bar-Nissim, Rom) (Entered: 08/05/2025) |

| | | |
|---|---|---|
| 08/05/2025 | 14 | ORDER GRANTING JOINT STIPULATION RE: EXTEND ING THE DEADLINE FOR DEFENDANT TO RESPOND TO THE COMPLAINT 13 by Judge John F. Walter. Frogan's deadline to respond to TEI's complaint extended to October 3, 2025. (iv) (Entered: 08/06/2025) |
| 05/19/2026 | 15 | REQUEST for Clerk to Enter Default against defendant Morgan Kamal Majed filed by Plaintiff Ted Entertainment Inc.. (Attachments: # 1 Declaration, # 2 Exhibit) (Bar-Nissim, Rom) (Entered: 05/19/2026) |
| 05/20/2026 | 16 | **SET ASIDE** DEFAULT BY CLERK F.R.Civ.P.55(a) as to Morgan Kamal Majed p/k/a Frogan. (iv) Modified on 8/21/2026 (iv). (Entered: 05/20/2026) |
| 06/29/2026 | 17 | *STRICKEN* APPLICATION for Default Judgment against Defendant Morgan Kamal Majed p/k/a Frogan filed by Plaintiff Ted Entertainment Inc.. Application set for hearing on 8/10/2026 at 01:30 PM before Judge John F. Walter. (Attachments: # 1 Memorandum, # 2 Declaration, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Proposed Order) (Bar-Nissim, Rom) Modified on 6/30/2026 (sr). (Entered: 06/29/2026) |
| 06/30/2026 | 18 | Text Entry Order: Plaintiff Ted Entertainment, Inc.s Application for Default Judgment Against Defendant Morgan Kamal Majed filed on June 29, 2026, Docket No. 17 is STRICKEN for failure to comply with paragraph 3(b) of the Court's Standing Order. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (sr) TEXT ONLY ENTRY (Entered: 06/30/2026) |
| 06/30/2026 | 19 | *WITHDRAWN* APPLICATION for Default Judgment against Defendant Morgan Kamal Majed p/k/a Frogan filed by Plaintiff Ted Entertainment Inc.. Application set for hearing on 8/10/2026 at 01:30 PM before Judge John F. Walter. (Attachments: # 1 Memorandum Memorandum of Points and Authorities in Support of Plaintiff's Application for Default Judgment against Defendant Majed, # 2 Declaration Declaration of Rom Bar-Nissim in support of Plaintiff's Application for Default Judgment of Defendant Majed, # 3 Exhibit Exhibit 1 to Bar-Nissim Declaration: Copyright Office Registration Certificate for Content Nuke: Hasan Piker, # 4 Exhibit Exhibit 2 to Bar-Nisim Declaration: April 29, 2026 Order by the Honorable Sallie Kim Denying Doe Defendants' Motion to Quash, # 5 Exhibit Exhibit 3 to Bar-Nissim Declaration: June 29, 2026 Screenshot of Defendant Majed's GoFundMe for Legal Defense Fund, # 6 Exhibit Exhibit 4 to Bar-Nissim Declaration: April 20, 2026 Email to Majed's Counsel Providing Notice of Default, # 7 Exhibit Exhibit 5 to Bar-Nissim Declaration: Invoices Issued to Plaintiff for the Present Action, # 8 Proposed Order Proposed Order Granting Application for Default Judgment Against Defendant Majed) (Bar-Nissim, Rom) Modified on 8/6/2026 (jloz). (Entered: 06/30/2026) |
| 06/30/2026 | 20 | *WITHDRAWN* NOTICE OF ERRATA filed by Plaintiff Ted Entertainment Inc.. correcting APPLICATION for Default Judgment against Defendant Morgan Kamal Majed p/k/a Frogan 19 (Bar-Nissim, Rom) Modified on 8/6/2026 (jloz). (Entered: 06/30/2026) |
| 07/14/2026 | 21 | Notice of Appearance or Withdrawal of Counsel: for attorney Benjamin Grush counsel for Defendant Morgan Kamal Majed. Adding Benjamin Grush as counsel of record for Morgan Majed p/k/a Frogan for the reason indicated in the G-123 Notice. Filed by Defendant Morgan Majed p/k/a Frogan. (Attorney Benjamin Grush added to party Morgan Kamal Majed(pty:dft))(Grush, Benjamin) (Entered: 07/14/2026) |
| 07/14/2026 | 22 | Notice of Appearance or Withdrawal of Counsel: for attorney Benjamin Gregory Kassis counsel for Defendant Morgan Kamal Majed. Adding Benjamin G. Kassis as counsel of record for Morgan Majed p/k/a Frogan for the reason indicated in the G-123 Notice. Filed by Defendant Morgan Majed p/k/a Frogan. (Attorney Benjamin Gregory Kassis added to party Morgan Kamal Majed(pty:dft))(Kassis, Benjamin) (Entered: 07/14/2026) |

| | | |
|---|---|---|
| 07/14/2026 | 23 | Joint STIPULATION to Continue HEARING ON PLAINTIFFS APPLICATION FOR DEFAULT JUDGMENT AS THE PARTIES CONTINUE TO DISCUSS A POTENTIAL STIPULATION TO SET ASIDE DEFAULT from August 17, 2026 to September 28, 2026 Re: Errata 20 , APPLICATION for Default Judgment against Defendant Morgan Kamal Majed p/k/a Frogan 19 filed by Defendant Morgan Kamal Majed. (Attachments: # 1 Proposed Order [PROPOSED] ORDER GRANTING STIPULATION TO CONTINUE THE HEARING FOR PLAINTIFFS APPLICATION FOR DEFAULT JUDGMENT [ECF NOS. 19 & 20])(Kassis, Benjamin) (Entered: 07/14/2026) |
| 07/15/2026 | 24 | ORDER GRANTING STIPULATION TO CONTINUE THE HEARING FOR PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT 23 by Judge John F. Walter. The hearing on TEI's Application for Default Judgment is continued to September 28, 2026 at 1:30 p.m. (iv) (Entered: 07/16/2026) |
| 07/24/2026 | 25 | DECLARATION of Benjamin Kassis *Declaration of Lead Trial Counsel* filed by Defendant Morgan Kamal Majed. (Kassis, Benjamin) (Entered: 07/24/2026) |
| 07/24/2026 | 26 | Notice of Appearance or Withdrawal of Counsel: for attorney David Tiraturyan counsel for Defendant Morgan Kamal Majed. Adding David Tiraturyan as counsel of record for Morgan Kamal Majed p/k/a Frogan for the reason indicated in the G-123 Notice. Filed by Defendant Morgan Kamal Majed p/k/a Frogan. (Attorney David Tiraturyan added to party Morgan Kamal Majed(pty:dft))(Tiraturyan, David) (Entered: 07/24/2026) |
| 08/05/2026 | 27 | STATEMENT *JOINT STATEMENT REGARDING LOCAL RULE 7-3 CONFERENCE IN ADVANCE OF DEFENDANTS MOTION TO SET ASIDE DEFAULT* (Kassis, Benjamin) (Entered: 08/05/2026) |
| 08/05/2026 | 28 | Joint STIPULATION for Hearing re Order,, Set/Reset Deadlines/Hearings, 24 , Errata 20 , APPLICATION for Default Judgment against Defendant Morgan Kamal Majed p/k/a Frogan 19 , Joint STIPULATION to Withdraw Motion APPLICATION for Default Judgment against Defendant Morgan Kamal Majed p/k/a Frogan 19 filed by Defendant Morgan Kamal Majed. (Attachments: # 1 Proposed Order [PROPOSED] ORDER GRANTING STIPULATION REGARDING DEFENDANTS MOTION TO SET ASIDE DEFAULT AND PLAINTIFFS APPLICATION FOR DEFAULT JUDGMENT [ECF NOS. 19, 20, & 24])(Kassis, Benjamin) (Entered: 08/05/2026) |
| 08/06/2026 | 29 | ORDER GRANTING STIPULATION REGARDING DEFENDANT'S MOTION TO SET ASIDE DEFAULT AND PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT by Judge John F. Walter: TEI's Application for Default Judgment (ECF Nos. 19 & 20 ) is withdrawn without prejudice until the Court has made a determination on Frogan's anticipated Motion to Set Aside Default. Frogan will file her Motion to Set Aside Default on August 14, 2026. TEI will file its Opposition to Frogan's Motion to Set Aside Default by August 28, 2026. Frogan will file her Reply in Support of the Motion to Set Aside Default by September 4, 2026. The Court will hear the Motion to Set Aside Default on September 28, 2026 at 1:30 p.m. instead of the Application for Default Judgment (ECF No. 24).6. The Parties will not brief the prejudice factor under the good cause analysis because TEI is not aware of any cognizable prejudice under Rule 55(c) based on the representation that Frogan has preserved all relevant evidence in connection with this matter (jloz) Modified on 8/6/2026 (jloz). (Entered: 08/06/2026) |
| 08/14/2026 | 30 | NOTICE OF MOTION AND MOTION to Set Aside Default Re: Clerks Entry of Default (CV-37) - optional html form 16 . filed by Defendant Morgan Kamal Majed. Motion set for hearing on 9/28/2026 at 01:30 PM before Judge John F. Walter. (Attachments: # 1 Declaration DECLARATION OF DEFENDANT MORGAN KAMAL MAJED P/K/A FROGAN, # 2 Declaration DECLARATION OF BAHRAM NIKNIA, # 3 Declaration DECLARATION OF BENJAMIN GRUSH, # 4 Declaration DECLARATION OF |

| | | |
|---|---|---|
| | | BENJAMIN KASSIS IN SUPPORT OF DEFENDANT MORGAN KAMAL MAJED P/K/A FROGANS MOTION TO SET ASIDE ENTRY OF DEFAULT AND REQUEST FOR JUDICIAL NOTICE, # 5 Exhibit Exhibit A to Benjamin Kassis Declaration ISO Motion to Set Side Default - TEI v Saber Complaint filed 6.19.25, # 6 Proposed Order [PROPOSED] ORDER GRANTING DEFENDANT MORGAN KAMAL MAJED P/K/A FROGANS MOTION TO SET ASIDE ENTRY OF DEFAULT) (Kassis, Benjamin) (Entered: 08/14/2026) |
| 08/14/2026 | 31 | REQUEST FOR JUDICIAL NOTICE re NOTICE OF MOTION AND MOTION to Set Aside Default Re: Clerks Entry of Default (CV-37) - optional html form 16 . 30 filed by Defendant Morgan Kamal Majed. (Kassis, Benjamin) (Entered: 08/14/2026) |
| 08/14/2026 | 32 | NOTICE OF ERRATA filed by Defendant Morgan Kamal Majed. correcting NOTICE OF MOTION AND MOTION to Set Aside Default Re: Clerks Entry of Default (CV-37) - optional html form 16 . 30 (Attachments: # 1 Exhibit 1 - Corrected Motion to Set Aside Default)(Kassis, Benjamin) (Entered: 08/14/2026) |
| 08/20/2026 | 33 | STIPULATION to Set Aside Default as to Defendant Morgan Kamal Majed p/k/a Frogan filed by Plaintiff Ted Entertainment Inc.. (Attachments: # 1 Proposed Order Proposed Order Granting Joint Stipulation to Set Aside Default and Setting Deadline for Defendant to Respond to the Complaint)(Bar-Nissim, Rom) (Entered: 08/20/2026) |
| 08/20/2026 | 34 | ORDER GRANTING STIPULATION TO RELIEVE DEFENDANT FROM DEFAULT AND SET THE DEADLINE FOR DEFENDANT'S RESPONSE TO THE COMPLAINT 30 by Judge John F. Walter. The Court ORDERS Frogan be relieved from default; Frogan shall file her response to the complaint on or before 21 days following the entry of this Order. (iv) (Entered: 08/21/2026) |
| 08/20/2026 | 35 | MINUTE (IN CHAMBERS) COURT ORDER by Judge John F. Walter. Counsel are hereby notified that a Scheduling Conference has been set for October 19, 2026, at 1:15 p.m. before Judge John F. Walter in Courtroom 7A, 350 W. 1st St, Los Angeles, CA 90012. Lead Trial Counsel shall attend all proceedings before this Court, including the Scheduling Conference. Counsel are directed to comply with Rule 26 of the Federal Rules of Civil Procedure and Local Rule 26-1 in a timely fashion and to file a Joint Report, on or before October 2, 2026. (iv) (Entered: 08/21/2026) |
| 08/24/2026 | 36 | NOTICE of Related Case(s) filed by Defendant Morgan Kamal Majed. Related Case(s): 2:25-cv- 05564-WLH-PD (Attachments: # 1 Exhibit Exhibit A to Notice of Related Cases TEI v. Majed Complaint Filed on June 19, 2025, # 2 Exhibit Exhibit B to Notice of Related Cases TEI v. Saber Complaint Filed on June 19, 2025)(Kassis, Benjamin) (Entered: 08/24/2026) |
| 08/28/2026 | 37 | OBJECTIONS to Notice of Related Case(s), 36 filed by Plaintiff Ted Entertainment Inc.. (Bar-Nissim, Rom) (Entered: 08/28/2026) |
| 08/31/2026 | 38 | (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL by Judge John F. Walter. Plaintiff is ordered to show cause, in writing, on or before September 3, 2026, why Plaintiff should not be sanctioned in the amount of $1,500, or why the action should not be dismissed, for failure to note on the civil cover sheet that Plaintiff had filed a related case (Dkt. No. CV25-5564- WLH(PDx)) and for failure to file a Notice of Related Case as required by Local Rule 83-1.3.1.No oral argument on this matter will be heard unless otherwise ordered by the Court. See Fed. R. Civ. P. 78; Local Rule 7-15. The Order will stand submitted upon the filing of the response to the Order to Show Cause. Failure to respond to the Order to Show Cause will result in the dismissal of this action. (jloz) (Entered: 08/31/2026) |
| 09/03/2026 | 39 | RESPONSE filed by Plaintiff Ted Entertainment Inc.to Order to Show Cause,,, 38 (Attachments: # 1 Declaration of Rom Bar-Nissim In Support of Response to OSC RE |

| | | |
|---|---|---|
| | | Dismissal [ECF #38])(Bar-Nissim, Rom) (Entered: 09/03/2026) |
| 09/04/2026 | 40 | TEXT ENTRY ORDER by Judge John F. Walter: The Court has reviewed Plaintiff's Response to the August 31, 2026 Order to Show Cause Re: Dismissal [ECF #38] filed September 3, 2026 (Docket No. 39 ), and declines to discharge the Order to Show Cause at this time. Counsel fails to understand or appreciate that it is for the Court, not counsel, to make a determination whether cases are related. By ignoring Local Rule 83-1.3.1 and not checking the appropriate box IX(b).Related Cases on the civil cover sheet, the Court is deprived of the opportunity of making such a determination. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (jloz) TEXT ONLY ENTRY (Entered: 09/04/2026) |
| 09/04/2026 | 41 | RESPONSE filed by Plaintiff Ted Entertainment Inc.to Text Only Scheduling Notice,, 40 , Order to Show Cause,,, 38 (Bar-Nissim, Rom) (Entered: 09/04/2026) |
| 09/08/2026 | 42 | NOTICE of Voluntary Dismissal filed by Plaintiff Ted Entertainment Inc.. Dismissal is without prejudice. (Bar-Nissim, Rom) (Entered: 09/08/2026) |
| 09/08/2026 | 43 | REPORT ON THE DETERMINATION OF AN ACTION Regarding a Copyright. (Closing) (Attachments: # 1 Dismissal) (iv) (Entered: 09/08/2026) |

---

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/09/2026 11:08:00 | | | |
| **PACER Login:** | kb2344kr | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:25-cv-05565-JFW-MAA End date: 10/9/2026 |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |

# Exhibit 34

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TED ENTERTAINMENT, INC.,<br>a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>KACEY CAVINESS p/k/a KACEYTRON,<br>an individual,<br><br>and<br><br>DOES 1-10,<br><br>Defendants. | Case No. 4:25-cv-00459-BCW |

**STIPULATION FOR DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(ii)**

Plaintiff Ted Entertainment, Inc. ("TEI") and Defendant Kacey Caviness p/k/a Kaceytron ("Caviness"), through their undersigned counsel, hereby (1) stipulate that this action be dismissed as against Caviness without prejudice; and (2) request that the Court retain jurisdiction to enforce the settlement agreement between TEI and Caviness (the "Stipulation"). In further support of this Stipulation, the Parties state:

1. On June 19, 2025, TEI filed the complaint in the present action. Dkt. No. 1.

2. On August 15, 2025, Caviness filed her answer to the complaint in the present action. Dkt. No. 16.

3. On December 1, 2025, TEI and Caviness reached an agreement to settle the present action (the "Settlement Agreement").

4. The Settlement Agreement, although confidential by its terms, includes a

provision which remains to be performed.

5. Thus, as part of the Settlement Agreement, TEI and Caviness agreed to stipulate to dismissal as set forth herein but also to request that the Court retain jurisdiction to enforce the terms of the Settlement Agreement.

WHEREFORE, the Parties: (1) stipulate that this action as against Defendant Kacey Caviness p/k/a Kaceytron be dismissed without prejudice; and (2) request that the Court retain jurisdiction to enforce the terms of the Settlement Agreement.

///

Respectfully submitted,

DATED: December 2, 2025

By: /s/Rom Bar-Nissim
Rom Bar-Nissim (*admitted pro hac vice)*
HEAH BAR-NISSIM
1801 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: 310-432-2836
Email: rom@heahbarnissim.com

James J. Kernell, #48850
AVEK IP, LLC
7285 West 132nd Street, Suite 340
Overland Park, Kansas 66213
Telephone: 913-549-4700
Facsimile: 913-549-4646
Email: jkernell@avekip.com

*Attorneys for Plaintiff*
*Ted Entertainment, Inc.*

DATED: December 2, 2025

By: /s/Benjamin Kassis
Benjamin Kassis (Pro Hac Vice)
ben@frostllp.com
Benjamin Grush, (Pro Hac Vice)
bgrush@frostllp.com
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
(424) 254-0441

Stephen M. Hoeplinger, MO #62384
hoeplinger@capessokol.com
CAPES, SOKOL, GOODMAN & SARACHAN, P.C.
8182 Maryland Avenue, Suite 1500
St. Louis, Missouri 63105
(314) 754-4828

*Attorneys for Defendant KACEY CAVINESS p/k/a KACEYTRON.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed and served on all counsel of record via the Court's CM/ECF system on December 2, 2025.

/s/ Rom Bar-Nissim

# Exhibit 35

**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | | |
|---|---|---|
| TED ENTERTAINMENT, INC., Plaintiff, | ) | |
| v. | ) | Case No. 25-0459-CV-W-BCW |
| KACEY CAVINESS P/K/A KACEYTRON, et al., Defendants. | ) | |

**ORDER OF DISMISSAL**

Having been notified of the settlement in this case with Defendant Kacey Caviness p/k/a Kaceytron only, and it appearing that no issue remains for the Court's determination with respect to the claims with Defendant Kacey Caviness p/k/a Kaceytron, it is hereby

ORDERED that this case is DISMISSED without prejudice as to Defendant Kacey Caviness p/k/a Kaceytron only. In the event that the settlement is not perfected, any party may move to reopen the case, provided that such motion is filed within 45 days of the date of this Order. In addition, the Court retains jurisdiction over enforcement of the settlement agreed to by the parties.

IT IS SO ORDERED.

DATED: December 8, 2025

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT

# Exhibit 36

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TED ENTERTAINMENT, INC.,<br>a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>KACEY CAVINESS p/k/a KACEYTRON,<br>an individual,<br><br>and<br><br>DOES 1-10,<br><br>Defendants. | Case No. 4:25-cv-00459-BCW |

**NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(i)**

PLEASE TAKE NOTICE that Plaintiff Ted Entertainment, Inc. ("TEI") files this Notice of Voluntary Dismissal of its claims against the Doe defendants without prejudice pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. This Notice of Voluntary Dismissal is begin filed with the Court before service by the Doe defendants of either an answer or motion for summary judgment.

Respectfully submitted,

DATED: September 30, 2026

By: /s/Rom Bar-Nissim
Rom Bar-Nissim (*admitted pro hac vice)*
HEAH BAR-NISSIM
1801 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: 310-432-2836
Email: rom@heahbarnissim.com

James J. Kernell, #48850
AVEK IP, LLC
7285 West 132nd Street, Suite 340
Overland Park, Kansas 66213
Telephone: 913-549-4700
Facsimile: 913-549-4646
Email: jkernell@avekip.com

*Attorneys for Plaintiff*
*Ted Entertainment, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed and served on all counsel of record via the Court's CM/ECF system on September 30, 2026.

/s/ Rom Bar-Nissim

PACERPRO®

# *Ted Entertainment, Inc. v. Caviness et al*

**Missouri Western District Court**

Case no. 4:25-cv-00459-BCW (W.D. Mo.)
Filed date: September 30, 2026
Docket entry no.: 29

Docket text:

The Court hereby acknowledges receipt of Doc. No. 28 , NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE. Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) this case is hereby dismissed without prejudice. Signed on 9/30/26 by Chief District Judge Brian C Wimes. This is a TEXT ONLY ENTRY. No document is attached. (TLD) (Entered: 09/30/2026)

This PDF was generated on October 05, 2026 by PacerPro for a text-only docket entry synced on October 04, 2026.

https://app.pacerpro.com/cases/1080924300

# Exhibit 37

CLOSED,MAPN,PHV

# U.S. District Court
# Western District of Missouri (Kansas City)
# CIVIL DOCKET FOR CASE #: 4:25-cv-00459-BCW

Ted Entertainment, Inc. v. Caviness et al
Assigned to: Chief District Judge Brian C Wimes
Demand: $150,000
Cause: 17:101 Copyright Infringement

Date Filed: 06/19/2025
Date Terminated: 09/30/2026
Jury Demand: Both
Nature of Suit: 820 Copyright
Jurisdiction: Federal Question

**Plaintiff**

**Ted Entertainment, Inc.** represented by **Rom Aric Bar-Nissim**
Heah Bar-Nissim LLP
1801 Century Park East
Suite 2400
Los Angeles, CA 90067
310-432-2836
Email: rom@heahbarnissim.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**James J. Kernell**
Avek Ip, LLC
7285 West 132nd Street
Suite 340
Overland Park, KS 66213
913-549-4700
Fax: 913-549-4646
Email: jkernell@avekip.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Kacey Caviness**
*TERMINATED: 12/08/2025*
*formerly known as*
Kaceytron
*TERMINATED: 12/08/2025*

represented by **Benjamin Grush**
Frost LLP
10960 Wilshire Blvd.
Suite 2100
Los Angeles, CA 90024
424-254-0441
Email: bgrush@frostllp.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Benjamin Kassis**
Frost, LLP
10960 Wilshire Blvd.

Suite 2100
Beverly Hills, CA 90024
424-254-0441
Email: ben@frostllp.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen M. Hoeplinger**
Capes Sokol Goodman & Sarachan PC
8182 Maryland Ave
Suite 15th Floor
St. Louis, MO 63105
314-721-7701
Email: hoeplinger@capessokol.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Does 1-10**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/19/2025 | 1 | COMPLAINT *for Copyright Infringement* against Kacey Caviness, Does 1-10 filed by James J. Kernell on behalf of Ted Entertainment, Inc.. Filing fee $405, receipt number AMOWDC-9626389. Service due by 9/17/2025 unless otherwise directed by the court. (Attachments: # 1 Exhibit A: Ethan describs his issues with Hasan as "personal beef...", # 2 Exhibit B: Counter-notification received regarding takedown notice submitted to Reddit, # 3 Exhibit C: Second counter-notification received regarding takedown notice submitted to Reddit, # 4 Exhibit D: Placeholder for video file, # 5 Exhibit E: Placeholder for video file, # 6 Exhibit F: Megathread_Content Nuke - where to watch & discussion, # 7 Exhibit G: Ethan Klein's Content Nuke on Hasan Piker, # 8 Exhibit H: Placeholder for video file, # 9 Civil Cover Sheet)(Kernell, James) (Additional attachment(s) added on 6/20/2025: # 10 ao 121) (WAG). (Entered: 06/19/2025) |
| 06/19/2025 | 2 | DISCLOSURE OF CORPORATE INTERESTS *Certification and Notice of Interested Parties* filed by James J. Kernell on behalf of Plaintiff Ted Entertainment, Inc..(Kernell, James) (Entered: 06/19/2025) |
| 06/19/2025 | 3 | NOTICE of filing *Notice of Lodging of Flash Drive Containing Video Exhibits to Complaint* by Ted Entertainment, Inc. re 1 Complaint,,, (Kernell, James) (Additional attachment(s) added on 7/8/2025: # 1 Exhibit letter with flashdrive exhibit- chambers) (TRC). (Entered: 06/19/2025) |
| 06/19/2025 | 4 | Motion to allow Rom Bar-Nissim to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC-9626455) filed by James J. Kernell on behalf of Ted Entertainment, Inc.. (Kernell, James) (Entered: 06/19/2025) |
| 06/19/2025 | | **NOTICE OF MAGISTRATE JUDGE ASSIGNMENT as to plaintiff:** All parties must file the Notice Regarding Magistrate Judge Jurisdiction Form consenting to or opting out of the Magistrate Judge assignment. Click here for instructions. Form due by 7/10/2025 unless otherwise directed by the court. (SRC) (Entered: 06/20/2025) |
| 06/19/2025 | 6 | **NOTICE OF INCLUSION FOR MEDIATION AND ASSESSMENT PROGRAM (MAP). REVIEW NOTICE AND MAP GENERAL ORDER CAREFULLY FOR IMPORTANT CHANGES, DEADLINES AND REQUIREMENTS.** |

| | | |
|---|---|---|
| | | **Notice of MAP assignment to outside neutral category I.** (Attachments: # 1 MAP General Order)(SRC) (Entered: 06/20/2025) |
| 06/20/2025 | | SUMMONS ISSUED as to Kacey Caviness. (WAG) (Entered: 06/20/2025) |
| 06/20/2025 | 5 | ORDER granting 4 motion to appear pro hac vice entered by Clerk of Court. Attorney Rom Bar-Nissim for Ted Entertainment, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e-filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e-filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (MSW) (Entered: 06/20/2025) |
| 06/30/2025 | 7 | **document deleted and attached to doc. entry 3 as an exhibit. That exhibit will remain in chambers. The NEF will not be regenerated** Modified on 7/8/2025 (TRC). (Entered: 06/30/2025) |
| 07/07/2025 | 8 | RETURN OF SERVICE of complaint executed by Ted Entertainment, Inc.. Kacey Caviness served on 6/25/2025, answer due 7/16/2025. (Kernell, James) (Entered: 07/07/2025) |
| 07/10/2025 | 9 | NOTICE of appearance by Stephen M. Hoeplinger on behalf of Kacey Caviness (Attorney Stephen M. Hoeplinger added to party Kacey Caviness(pty:dft))(Hoeplinger, Stephen) (Entered: 07/10/2025) |
| 07/10/2025 | 10 | NOTICE OF REASSIGNMENT from Magistrate Judge Lajuana M. Counts to District Judge Brian C Wimes. Judge Counts no longer associated with this case. **The new case number is: 4:25-00459-CV-W-BCW.** (CRG) (Entered: 07/10/2025) |
| 07/14/2025 | 11 | Consent MOTION for extension of time to file answer filed by Stephen M. Hoeplinger on behalf of Kacey Caviness. Suggestions in opposition/response due by 7/28/2025 unless otherwise directed by the court. (Hoeplinger, Stephen) (Main Document 11 replaced at the request of counsel on 7/14/2025, NEF Regenerated) (GDW). (Entered: 07/14/2025) |
| 07/15/2025 | 12 | ORDERED Defendant's consent motion for extension of time to answer or otherwise respond to the complaint is GRANTED. (Doc. # 11 ).<br><br>It is further ORDERED Defendant shall answer or otherwise respond on or before August 15, 2025. Signed on 7/15/2025 by District Judge Brian C Wimes. (KAS) (Entered: 07/15/2025) |
| 07/21/2025 | 13 | Motion to allow Benjamin Kassis to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC-9669122) filed by Stephen M. Hoeplinger on behalf of Kacey Caviness. (Hoeplinger, Stephen) (Entered: 07/21/2025) |
| 07/21/2025 | 14 | Motion to allow Benjamin Grush to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC-9669129) filed by Stephen M. Hoeplinger on behalf of Kacey Caviness. (Hoeplinger, Stephen) (Entered: 07/21/2025) |
| 07/22/2025 | 15 | ORDER granting 13 and 14 motion to appear pro hac vice entered by Clerk of Court. Attorney Benjamin Kassis and Benjamin Grush for Kacey Caviness allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e-filing account for NextGen CM/ECF. This will enable counsel to |

| | | |
|---|---|---|
| | | electronically file documents and receive electronic notification of filings. Register for a WDMO e-filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (MSW) (Entered: 07/22/2025) |
| 08/15/2025 | 16 | ANSWER to 1 Complaint,,, with Jury Demand on behalf of Kacey Caviness.(Kassis, Benjamin) (Entered: 08/15/2025) |
| 08/18/2025 | 17 | RULE 16 NOTICE. Proposed scheduling order due by 9/23/2025.<br><br>Scheduling Conference set for 10/7/2025 02:00 PM by Telephone Conference before District Judge Brian C Wimes.<br><br>Signed on 8/18/25 by District Judge Brian C Wimes. (TLD) (Entered: 08/18/2025) |
| 08/22/2025 | | NOTICE of filing: Mediation and Assessment Program Reminder: Your Designation of Mediator is due soon (filed as an ADR event in CM/ECF). See Notice of Inclusion and MAP General Order for specifics. (ADI, MAP) (Entered: 08/22/2025) |
| 08/26/2025 | 18 | CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES *and Kacey Caviness First Request For Production of Documents to Plaintiff Ted Entertainment, Inc.;* filed by Benjamin Kassis on behalf of Defendant Kacey Caviness.(Kassis, Benjamin) (Entered: 08/26/2025) |
| 09/02/2025 | 19 | DISCLOSURE OF CORPORATE INTERESTS filed by James J. Kernell on behalf of Plaintiff Ted Entertainment, Inc..(Kernell, James) (Entered: 09/02/2025) |
| 09/22/2025 | 20 | CERTIFICATE OF SERVICE by Kacey Caviness *Re: Discovery Responses* filed by Benjamin Kassis on behalf of Defendant Kacey Caviness.(Kassis, Benjamin) (Entered: 09/22/2025) |
| 09/23/2025 | 21 | Joint PROPOSED SCHEDULING ORDER by Ted Entertainment, Inc.. (Bar-Nissim, Rom) (Entered: 09/23/2025) |
| 09/26/2025 | | NOTICE OF HEARING CANCELLATION - The Scheduling Conference scheduled for 10/7/2025 02:00 PM has been cancelled. A scheduling order will be entered. This is a TEXT ONLY ENTRY. No document is attached. (TLD) (Entered: 09/26/2025) |
| 09/26/2025 | 22 | SCHEDULING ORDER: Discovery due by 4/24/2026. Dispositive Motions due by 7/16/2026.<br><br>Pretrial Conference set for 11/17/2026 02:30 PM by Telephone Conference before District Judge Brian C Wimes.<br><br>Jury Trial set for 12/14/2026 08:30 AM in Courtroom 7D, Kansas City (BCW) before District Judge Brian C Wimes.<br><br>Signed on 9/26/25 by District Judge Brian C Wimes. (TLD) (Entered: 09/26/2025) |
| 10/02/2025 | 23 | Joint MOTION for protective order *for Approval of Proposed Protective Order* filed by Benjamin Kassis on behalf of Kacey Caviness. Suggestions in opposition/response due by 10/16/2025 unless otherwise directed by the court. (Kassis, Benjamin) (Entered: 10/02/2025) |
| 10/06/2025 | 24 | PROTECTIVE ORDER. Signed on 10/6/25 by District Judge Brian C Wimes. (TLD) (Entered: 10/06/2025) |
| 10/08/2025 | 25 | DESIGNATION *OF NEUTRAL* by Kacey Caviness, Does 1-10. (Kassis, Benjamin) (Entered: 10/08/2025) |

| | | |
|---|---|---|
| 12/02/2025 | 26 | STIPULATION of dismissal *without prejudice as to Defendant Kacey Caviness p/k/a Kaceytron* by Ted Entertainment, Inc.. (Bar-Nissim, Rom) (Entered: 12/02/2025) |
| 12/08/2025 | 27 | ORDERED that this case is DISMISSED without prejudice as to Defendant Kacey Caviness p/k/a Kaceytron only. In the event that the settlement is not perfected, any party may move to reopen the case, provided that such motion is filed within 45 days of the date of this Order. In addition, the Court retains jurisdiction over enforcement of the settlement agreed to by the parties. Signed on 12/8/25 by District Judge Brian C Wimes. (TLD) (Entered: 12/08/2025) |
| 09/30/2026 | 28 | NOTICE of voluntary dismissal by Ted Entertainment, Inc. (Bar-Nissim, Rom) (Entered: 09/30/2026) |
| 09/30/2026 | 29 | The Court hereby acknowledges receipt of Doc. No. 28 , NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE. Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) this case is hereby dismissed without prejudice.<br><br>Signed on 9/30/26 by Chief District Judge Brian C Wimes. This is a TEXT ONLY ENTRY. No document is attached. (TLD) (Entered: 09/30/2026) |

---

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/09/2026 13:02:34 | | | |
| **PACER Login:** | kb2344kr | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:25-cv-00459-BCW |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |